# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| M.D., by her next friend, Sarah R. Stukenberg, <br> D.I., by his next friend, Nancy G. Pofahl, <br> Z.H., by his next friend, Carla B. Morrison, <br> S.A., by her next friend, Javier E. Solis, <br> A.M., by her next friend, Jennifer Talley, <br> J.S., by his next friend, Anna J. Ricker, <br> K.E., by her next friend, John W. Cliff, Jr., <br> D.P., by her next friend, Karen J. Langsley, and <br> T.C., by his next friend, Paul Swacina, <br> individually and on behalf of all others similarly situated, <br><br> **Plaintiffs,** <br><br> v. <br><br> **RICK PERRY**, in his official capacity as Governor of the State of Texas, <br> **THOMAS SUEHS**, in his official capacity as Executive Commissioner of the Health and Human Services Commission of the State of Texas, and <br> **ANNE HEILIGENSTEIN**, in her official capacity as Commissioner of the Department of Family and Protective Services of the State of Texas, <br><br> **Defendants.** | **CASE NO. 2:11-cv-00084** |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

1. State when the conference of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

1

The Rule 26(f) meeting was held via telephonic conference on May 4, 2011, and the following attorneys attended:

*For Plaintiffs*

Barry McNeil
David Dodds
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219

R. Paul Yetter
Dori K. Goldman
Yetter Coleman LLP
909 Fannin, Suite 3600
Houston, Texas 77010

Patricia C. Bell
Canales & Simonson, P.C.
2601 Morgan Avenue
Corpus Christi, Texas 78467-5624

Marcia Robinson Lowry
Olivia Sohmer
Patrick Almonrode
Children's Rights
330 Seventh Avenue, Fourth Floor
New York, New York 10001

*For Defendants*

James "Beau" Eccles
Shelley Dahlberg
Mishell Kneeland
Darren Gibson
Office of the Attorney General
General Litigation Division – 019
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548

At the Rule 26(f) meeting held on May 4, counsel for Defendants requested additional time to respond to certain questions posed by Plaintiffs' counsel. A supplemental Rule 26(f) meeting was held via telephonic conference on May 16, 2011, to discuss Defendants' responses to these questions. The following attorneys attended:

    Barry McNeil
    David Dodds
    Haynes and Boone, LLP
    2323 Victory Avenue, Suite 700
    Dallas, Texas 75219

    Dori K. Goldman
    Yetter Coleman LLP
    909 Fannin, Suite 3600
    Houston, Texas 77010

    Marcia Robinson Lowry
    Olivia Sohmer
    Patrick Almonrode
    Children's Rights
    330 Seventh Avenue, Fourth Floor
    New York, New York 10001

    *For Defendants*

    Beau Eccles
    Shelley Dahlberg
    Mishell Kneeland
    Darren Gibson
    Office of the Attorney General
    General Litigation Division – 019
    P.O. Box 12548, Capital Station
    Austin, Texas 78711-2548

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

    None

3. <u>Briefly</u> describe what this case is about.

    Approximately 12,000 children are in the Permanent Managing Conservatorship ("PMC") of the State. Plaintiffs contend that the children in the putative Plaintiff Class, who have been in the State's custody for more than a year, are moved frequently from one placement to another, and often placed inappropriately and unnecessarily in congregate and institutional care. These children are abused and neglected while in the State's custody and are denied services necessary to their well-being. They are frequently unnecessarily separated from their siblings and denied visits with family members. As the State fails to plan and provide for these children to grow up in a permanent family

home, many of them leave care only when they age out, often ill-prepared for independent adult life.

Plaintiffs further contend that the harms suffered by these children are the direct result of Defendants' operation of a system of substitute care that is inadequately staffed, that fails to focus on making plans for the children in its custody to grow up in permanent family homes, and that fails to ensure proper oversight of direct care providers, either through active caseworker contact, effective contract management, or sound licensing oversight. Defendants' actions and inactions in the operation of DFPS constitute a policy, pattern, practice and custom that is inconsistent with the exercise of professional judgment and amounts to deliberate indifference to the constitutionally protected rights and liberty and privacy interests of all Named Plaintiffs and the children in the putative Plaintiff Class.

Defendants deny Plaintiffs contentions relating to the care of the children in the PMC. Defendants contend that Plaintiffs have selected an unrepresentative subset of children whose experiences are vastly different from the majority of the children the PMC. Each child in the PMC has an individualized set of circumstances that resulted in that child being in the PMC and which governs every placement decision and action relating to that child. For the vast majority of children in the PMC, the system succeeds. To the extent any child has been harmed while in foster care custody or is unprepared for independent adult life, it is not because Defendants have violated that child's constitutional rights. Furthermore, Defendants' actions in the operation of the PMC prioritize the care and well-being the children in the PMC.

4. Specify the allegation of federal jurisdiction.

    This action is brought pursuant to 42 U.S.C. § 1983 to redress violations of the United States Constitution. Federal jurisdiction is pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

5. Name the parties who disagree and the reasons.

    None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    Plaintiffs do not perceive any need to add any additional parties. Defendants have not yet determined whether additional parties should be added and would request that a deadline to add new parties be postponed until a decision on any initial dispositive motions and class certification.

7. List anticipated interventions.

    None.

8. Describe class-action issues.

    This case is brought as a civil rights class action on behalf of all children who are now and all those who will be in the Permanent Managing Conservatorship of the State of Texas. As alleged in Plaintiffs' Complaint [DE #1] and as set forth in Plaintiffs' Motion for Class Certification [DE #15], Plaintiffs believe that this case meets the certification requirements of Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs allege that: (i) the Class is so numerous that joinder is impractical; (ii) there are questions of law and fact common to the Class; (iii) the Named Plaintiffs' claims are typical of the Class's claims; (iv) the Named Plaintiffs and their counsel are adequate representatives; and (v) the Class satisfies the requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure. See Plaintiff's Motion for Class Certification and Appointment of Class Counsel [DE#15] for a detailed discussion of Plaintiffs' position

    Defendants do not agree that class certification is appropriate. See Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Counsel [DE#30] for a detailed discussion of Defendants' position.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    Plaintiffs made the initial disclosures required by Rule 26(a) on May 10, 2011. Additional documents promised by Plaintiffs on that date were provided on May 16, 2011.

    Defendants plan to serve their Rule 26(a) disclosures on Wednesday, May 18, 2011.

10. Describe the proposed agreed discovery plan, including:
    A. Responses to all the matters raised in Rule 26(f).

    **1.   26(f)(3)(A): what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

No changes should be made to the timing, form, or requirement of initial disclosures.

2. **26(f)(3)(B): the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiffs propose the schedule as set forth in the proposed order annexed hereto as Exhibit A.

Defendants propose the schedule as set forth in the proposed order annexed hereto as Exhibit B.

3. **26(f)(3)(C): any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties are continuing to negotiate issues relating to the format in which electronically stored information is to be produced, and expect to resolve these questions before the May 26, 2011 conference.

4. **26(f)(3)(D): any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order.**

The parties are negotiating a protective order that will address these issues.

5. **26(f)(3)(E): what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

Given the breadth of this litigation, including the size of the Texas foster care system, the numerous individuals responsible for the management and oversight of DFPS and its 11 regions, and the hundreds of private providers that are licensed by and in contract with the State to provide residential child care and services to children in substitute care, Plaintiffs request that they be permitted to take up to thirty fact depositions (not including depositions of experts).

The number of fact witnesses that Defendants will depose will depend on whether this action is certified as a class action. At a minimum, Defendants anticipate the possibility of taking the deposition of (1) each of the named Plaintiffs, (2) each Plaintiff's next friend; (3) each Plaintiff's guardian *ad litem*; and (4) each Plaintiff's attorney *ad litem*, which would equate to approximately 30 depositions

(accounting for some duplication of next friends and ad litems). In addition, Defendants may need to depose third-party providers and other non-parties involved in the provision of foster care services to the Named Plaintiffs. It is difficult to estimate the number of such depositions at this time, but Defendants preliminarily request that they be permitted to take up to three additional fact witnesses per Named Plaintiff. Thus, Defendants request that they be permitted to take a total of 60 fact depositions (not including depositions of experts). If a class is certified, Defendants may need to depose additional non-party fact witnesses involved in providing foster care services to children in the PMC. Defendants estimate the number of such class-wide depositions to be no more than 15.

6. **26(f)(3)(F): any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties are currently negotiating a proposed Protective Order pursuant to which individually-identifying information of any minor child who is or was in state custody shall be held confidential. Upon negotiation of a mutually-acceptable form of Protective Order, the parties anticipate jointly submitting a proposed form of Protective Order to the Court for signature.

The parties agree that some extension is required beyond the dates contained in the Court's original Scheduling Order [DE #2], including the discovery deadline, but do not agree on a trial or discovery schedule. As stated in response to No. 10.A.2 above, the parties have set forth their respective positions with respect to a proposed revised Scheduling Order, as reflected in the attached exhibits.

B. When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiffs anticipate that one or more of them may serve interrogatories on one or more of the Defendants by the Fall of 2011.

C. When and to whom the defendant anticipates it may send interrogatories.

Defendants anticipate that they may serve interrogatories on one or more of the Plaintiffs by the Fall of 2011.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

> By such date as is determined for the Close of Fact discovery (*see* Response to 10.A.2 above), Plaintiffs anticipate taking up to a total of thirty fact depositions, to be completed by. the following persons or categories of persons:
> 1. Persons designated by DFPS pursuant to Rule 30(b)(6) regarding such topics as:
>     a. DFPS's information systems;

        b. DFPS caseloads and staffing;
        c. Ensuring the safety of children in state custody;
        d. Permanency planning;
        e. Contracting with and monitoring of residential programs and child placing agencies;
        f. Standard-setting, licensing and oversight of residential programs and child placing agencies;
        g. Investigations of allegations of abuse and/or neglect of children in substitute care;
        h. Service delivery;
2. Persons designated by some or each of the 11 DFPS Regional offices;
3. Persons from HHSC regarding the management and oversight of DFPS;
4. Representatives of approximately 10 of the more than 400 private providers that are licensed by and in contract with the State to provide residential child care and services to children in substitute care; and
5. Commissioners Anne Heiligenstein and Thomas Suehs in their official capacities.

E. Of whom and by when the defendant anticipates taking oral depositions.

    The description of the persons that Defendants anticipate deposing is described above in response to 10.A.5. Defendants anticipate that these depositions could be completed by May 18, 2012.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    Plaintiffs anticipate designating as many as seven experts.

    Plaintiffs propose that all affirmative experts be designated and their reports provided by March 16, 2012.

    Plaintiffs propose that all responsive experts be designated and their reports provided by April 30, 2012.

    Defendants request 60 days after Plaintiffs' designation to designate responsive experts and provide their reports.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    Plaintiffs anticipate deposing all experts designated by Defendants, and would complete those depositions by June 7, 2012.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    Defendants anticipate taking the deposition of each expert designated by Plaintiffs. Defendants anticipate completing those depositions within six weeks after they are designated.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    Plaintiffs anticipate conducting a review of a sample of case records of children in the Permanent Managing Conservatorship of the State drawn according to generally accepted standards of social science research. This review will enable collection of information not generally available regarding actual patterns of events and practices in the cases of children in the Permanent Managing Conservatorship of the State. In order for the conclusions drawn from this case record review to be statistically significant, it is expected that the sample will include approximately 400-500 case records. This record review will be completed within six months from the date Defendants commence rolling production of sample case records.

    Defendants view any such production as premature prior to a ruling on class certification. Defendants should not be subject to the significant burden of such a production, if at all, prior to knowing whether this case will proceed as a class action. Moreover, even if a class is certified, Defendants reserve the right to question whether such burdensome discovery is appropriate and necessary in this case.

    The parties have engaged in extensive preliminary discussions regarding the scope and timing of documents to be produced by Defendants. The parties have been unable to reach agreement on either the number of sample records of members of the putative Plaintiff Class or the contents of such records.

    Subject to the objections described above, Defendants have proposed producing materials from the case files of the sample population that are relevant to this litigation, which would include the majority of each child's case file. However, certain portions of the case file, such as those relating to the pre-custody

9

investigation and services provided to other family members, would not be included.

In particular, it is Plaintiffs' position that the sample case records must contain complete information pertaining to the care, safety, health, treatment and well-being in DFPS custody of both the Named Plaintiffs and the children in the random sample. Because significant numbers of children in the putative Class have been placed by DFPS with private providers in contract with DFPS, complete records must necessarily include the records of such private providers. Plaintiffs' position is that Defendants should bear the cost and burden of producing documents from third-party providers with which they are in a contractual relationship. Defendants disagree. Given that DFPS has hundreds of third-party providers, combined with the fact that Plaintiffs will be able to identify the relevant third-party providers from reviewing the materials from the sampled case files, Defendants should not have to bear the burden of seeking documents from third-party providers. Defendants have also objected to the scope of electronic production Plaintiffs' request related to the sample population.

The Discovery and Trial Schedule proposed by Plaintiffs assumes that production of sample case records will commence in timely fashion in response to a request for production.

The Discovery and Trial Schedule proposed by Defendants assumes that production of sample case records will take approximately ten months based on a rolling production of approximately 10 case files per week, which assumes certain limitations described above (as well as limitations on the scope of electronic discovery relating to the sample population). Should the scope of materials related to the sample population not be confined by these limitations, discovery related to the sample population could take many months longer.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

   The parties have not yet conducted any formal discovery.

13. State the date the planned discovery can reasonably be completed.

   Plaintiffs' position is that, assuming timely production by Defendants, all discovery can be completed by June 7, 2012.

   Defendants' position is that, if this case is certified as a class and production of materials from the sample population, if any, is limited to select materials from the case files (as described above and in Defendants' communications with Plaintiffs), then all discovery can be completed by August 17, 2012.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) conference.

>   With a case of this magnitude and importance, and given the legal issues outstanding, discussion of settlement on the merits is premature at this phase of the case.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

>   At the time of filing the Complaint, Plaintiffs' counsel wrote to Defendant Commissioner Heiligenstein proposing to discuss resolution of the issues raised by the lawsuit.  Plaintiffs' counsel received a letter from the office of Governor Perry.  In response to that letter, Plaintiffs' counsel wrote to the office of the Governor offering to meet with appropriate representatives of the State to discuss whether the parties can find common ground on the issues raised in the lawsuit and on how to address the long-standing and well-recognized problems in the State's child welfare system.
>
>   Defendants have moved quickly to identify the relevant issues, preserve documents, and respond to Plaintiffs' allegations and motion for class certification.  Defendants continue to explore the factual and legal issues raised by Plaintiffs' complaint, but do not believe any settlement is appropriate at this time.

16. From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

>   The parties are willing to explore productive avenues for amicable resolution, including alternative dispute resolution vehicles.  However, identification of particular techniques is premature at this time.

17. Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

>   At this time, the parties do not consent to trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

>   No jury demand has been made in this complaint for equitable relief.

19. Specify the number of hours it will take to present the evidence in this case.

>Plaintiffs anticipate being able to present their case in chief in approximately 70 hours (10 trial days). Defendants request an amount of trial time equal to that granted to Plaintiffs.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

>Plaintiff's Motion for Class Certification [DE #15]

21. List other pending motions.

>None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

>Plaintiffs propose that the issues of liability and remedy in this case be bifurcated. The trial date proposed is for the liability phase. If liability is proven, Plaintiffs would request that the Court determine whether additional evidence is needed to address the scope of injunctive relief that is appropriate based on the liability findings, and set an additional schedule to determine the appropriate injunctive remedy.

>Defendants note that the Court has already identified the issue of Next Friends as deserving special attention at the upcoming conference. Defendants do not have a position with respect to bifurcation at this time, and are of the position that any discussion of bifurcation is premature.

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

>Defendants' Disclosure of Interested Parties was filed on April 7, 2011.
>Plaintiffs' Disclosure of Interested Parties was filed on April 11, 2011.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

J.A. "Tony" Canales
State Bar No. 03737000
S.D. Tex. Bar No. 1163
Hector Canales
State Bar No. 24005961
S.D. Tex. Bar 29396
Patricia C. Bell
State Bar No. 00793455

S.D. Tex. Bar No. 19506
CANALES & SIMONSON, P.C.
2601 Morgan Avenue
Corpus Christi, Texas 78467-5624
Phone: (361) 883-0601

Barry F. McNeil
State Bar No. 13829500
S.D. Tex. Bar No. 14914
R. Thaddeus Behrens
State Bar No. 24029440
S.D. Tex. Bar No. 916015
David Dodds
State Bar No. 00790595
S.D. Tex. Bar No. 35024
Amelia J. Cardenas (admitted *pro hac vice*)
State Bar No. 24056681
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Phone: (214) 651-5000

R. Paul Yetter
State Bar No. 22154200
S.D. Tex. Bar No. 3639
Dori K. Goldman
State Bar No. 24041274
S.D. Tex. Bar No. 591632
Christopher D. Porter
State Bar No. 24070437
S.D. Tex. Bar No. 1052367
April L. Farris
State Bar No. 24069702
S.D. Tex. Bar No. 1133331
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, Texas 77010
Phone: (713) 632-8000

Marcia Robinson Lowry (admitted *pro hac vice*)
NY State Bar No. 1187053
Stephen A. Dixon (admitted *pro hac vice*)
LA State Bar No. 18185
Olivia Sohmer (admitted *pro hac vice*)
NY State Bar No. 2131613

Jessica Polansky (admitted *pro hac vice*)
NY State Bar No. 4436713
Patrick Almonrode (admitted *pro hac vice*)
NY State Bar No. 4287942
CHILDREN'S RIGHTS
330 Seventh Avenue, Fourth Floor
New York, New York 10001
Phone: (212) 683-2210


JAMES "BEAU" ECCLES
Attorney-in-Charge
Texas Bar No. 00793668
Southern District ID: 310917

ANGELA V. COLMENERO
Texas Bar No. 24048399
Southern District ID 1002881

SHELLEY NIETO DAHLBERG
Texas Bar No. 24012491
Southern District ID 38127

DARREN G. GIBSON
Texas Bar No. 24068846
Southern District ID 1041236

DAVID G. HALPERN
Texas Bar No. 00790812
Southern District ID 18301

ERIKA M. KANE
Texas Bar No. 24050850
Southern District ID#963929

MISHELL B. KNEELAND
Texas Bar No. 24038256
Southern District ID: 313250

JAMES C. TODD
Texas Bar No. 20094700
Southern District ID # 8333

Assistant Attorneys General

Office of the Attorney General
General Litigation Division - 019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

Attorneys for Defendants