IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| M.D., by her next friend Sarah R. Stukenberg, *et al.*, individually and on behalf of all others similarly situated, | ) ) ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) CASE NO. 2:11-cv-00084 |
| v. | ) |
| | ) |
| RICK PERRY, in his official capacity as Governor of the State of Texas, *et al.*, | ) ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFFS' MEMORANDUM OF LAW AND SUPPORTING AFFIDAVITS
PURSUANT TO COURT ORDER DATED APRIL 6, 2011 IN RELATION TO
PLAINTIFFS' NEXT FRIENDS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

The Proposed Next Friends Are Appropriate ............................................................................... 3

    The Appointed Attorney ad Litem Next Friends ................................................................ 4

    The Other Adult Next Friends ............................................................................................ 6

CONCLUSION ............................................................................................................................. 9

**TABLE OF AUTHORITIES**

**Cases**

*Ad Hoc Commission of Concerned Teachers v. Greenburgh #11*,
  873 F.2d 25 (2d Cir. 1989) .................................................................................................. 3

*Adelman v. Graves*,
  747 F.2d 986 (5th Cir. 1984) ............................................................................................... 2

*Baby Neal v. Casey*,
  No. 90-2343, 1992 WL 58311 (E.D. Pa. Mar. 20, 1992),
  *rev'd in part on unrelated grounds*, 43 F.3d 48 (3d Cir. 1994).................................................. 6

*Child v. Beame*,
  412 F. Supp. 593 (S.D.N.Y. 1976) ...................................................................................... 8

*Chrissy F. v. Mississippi Department of Public Welfare*,
  883 F.2d 25 (5th Cir. 1989) ................................................................................................. 2

*Dwayne B. v. Granholm*,
  No. 06-13548, 2007 WL 1140920 (E.D. Mich. Apr. 17, 2007) ........................................ 5, 8

*Gaddis v. United States*,
  381 F.3d 444 (5th Cir. 2004) ............................................................................................... 9

*Hoffert v. General Motors Corp.*,
  656 F.2d 161 (5th Cir. 1981) ............................................................................................... 2

*Jeanine B. v. Thompson*,
  877 F. Supp. 1268 (E.D. Wis. 1995)................................................................................... 8

*Marisol A. v. Giuliani*,
  No. 95 Civ. 10533(RJW), 1998 WL 265123 (S.D.N.Y. May 22, 1998) ............................. 8

*Olivia Y. ex. rel. Johnson v. Barbour*,
  No. 3:04CV251LN (S.D. Miss. Mar. 11, 2005) .............................................................. 5, 7

*Sam & Tony M. v. Carcieri*,
  608 F.3d 77 (1st Cir. 2010)......................................................................................... 2, 3, 7, 8

*Susan R.M. v. Ne. Indep. Sch. Dist.*,
  818 F.2d 455 (5th Cir. 1987) ............................................................................................... 1

*Whitmore v. Arkansas*,
  495 U.S. 149 (1990).............................................................................................................. 3

**Rules**

Fed. R. Civ. P. 17(c) ................................................................................................................ 1, 2

Tex. R. Civ. P. 44...................................................................................................................... 2

## INTRODUCTION

Plaintiffs submit this memorandum of law, together with supporting affidavits, pursuant to the Court's order dated April 6, 2011, Docket No. 16. This putative class action is brought by nine foster children currently in the permanent managing conservatorship ("PMC") of the Texas Department of Family and Protective Services ("DFPS") who have been harmed and are at risk of future harm as a result of Defendants' actions and inactions in administering a dysfunctional child welfare system. This suit seeks to vindicate Plaintiff Children's well-established federal constitutional rights to adequate care and protection while in state custody. Because the Named Plaintiffs are minor children, they lack the legal capacity to commence suit on their own. Accordingly, Plaintiffs brought this action through nine Next Friends who meet the requirements of Federal Rule of Civil Procedure 17(c)(2). Seven of these Next Friends were previously appointed by Texas state courts to act as attorneys ad litem ("AAL") for seven of the Named Plaintiff children in abuse and neglect proceedings. The remaining two Next Friends are an experienced attorney ad litem and an experienced social worker, both of whom have worked for many years within the Texas foster care system and are well-suited to act in the best interests of minor plaintiffs here. In accordance with Rule 17(c), Plaintiffs request that the Court find them to be appropriate Next Friends.

## ARGUMENT

Rule 17(c) of the Federal Rules of Civil Procedure provides that children who have a duly appointed representative may bring a lawsuit through that representative. Fed. R. Civ. P. 17(c)(1). The Named Plaintiffs are all minors in the PMC of the state. As their conservator,

DFPS is the Named Plaintiffs' duly appointed representative under Rule 17(c)(1).[1] DFPS cannot represent the Named Plaintiffs in this action because of an obvious conflict – the Named Plaintiffs have brought suit challenging DFPS's actions, and its Commissioner is a Defendant in this suit. Where a minor has a general representative but "it appears that the minor's general representative has interests which may conflict with those of the person he is supposed to represent," Rule 17(c) permits the minor to sue by another adult representative. *Hoffert v. Gen. Motors Corp.*, 656 F.2d 161, 164 (5th Cir. 1981); *accord Chrissy F. v. Miss. Dep't of Pub. Welfare*, 883 F.2d 25, 27 (5th Cir. 1989).

Therefore, the Named Plaintiffs properly appear before this Court through their Next Friends, whose authority and legal capacity derive from Rule 17(c)(2). Rule 17(c)(2) provides that a minor who does not have a duly appointed general representative may sue by a next friend or guardian ad litem.[2] Courts have extended this rule to the situation in which a child's interests conflict with those of his duly appointed representative. *Chrissy F.*, 883 F.2d at 27. In such instances, "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2); *accord Adelman v. Graves*, 747 F.2d 986, 987 (5th Cir. 1984).[3] The Fifth Circuit has found that "the District Court's primary concern . . . must be to assure, under Rule 17(c), that

---

[1] *See Susan R.M. v. Ne. Indep. Sch. Dist.*, 818 F.2d 455, 457-58 (5th Cir. 1987) (finding managing conservator had authority to bring actions on minor's behalf pursuant to Rule 17(c)).

[2] Similar to Rule 17(c), Rule 44 of the Texas Rules of Civil Procedure provides that a minor who does not have a legal guardian may sue and be represented by a "next friend." Tex. R. Civ. P. 44. Thus, there is no potential conflict between federal and state law to be considered here.

[3] Technically, a minor sues by a "next friend" and is defended by a "guardian ad litem," but the duties and powers of both representatives have been construed to be identical. *Adelman*, 747 F.2d at 988 n.4.

2

[the minor's] interests in vindicating his statutory and constitutional rights are properly protected." *Adelman*, 747 F.2d at 989.

Rule 17(c) does not set forth any specific qualifications for next friends. *Sam & Tony M. v. Carcieri*, 608 F.3d 77, 90 (1st Cir. 2010). The First Circuit – the only circuit to have considered the adequacy of next friends for children in foster care – has articulated the following criteria: first, the real party in interest must be inaccessible or unable to prosecute the action on his own, and second, there must be "a showing that the Next Friend is 'truly dedicated to the best interests of the person the Next Friend seeks to represent.'" *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149 (1990)).[4] In assessing whether a next friend is "truly dedicated to the best interests" of the child, a court should consider: (a) the next friend's "familiarity with the litigation;" (b) "the reasons that move [the next friend] to pursue the litigation" and (c) the next friend's "ability to pursue the case on the child's behalf." *Id.* at 92. Evidence that the next friend has met the child "enhances the individual's suitability" as next friend, but there is no requirement that foster children have met their next friends. *Id.* at 91-92. Ultimately, "access to federal courts need not be denied to a minor Plaintiff if the court finds that the proposed Next Friend has a good faith belief that she can adequately represent the child in federal court." *Id.* at 92.

### The Proposed Next Friends Are Appropriate

All of the proposed Next Friends meet the requirements of Rule 17(c). The Next Friends appear for the sole purpose of vindicating the fundamental constitutional rights of Plaintiff Children to be protected from harm while in state care. The Next Friends have no individual

---

[4] *See also Ad Hoc Comm. of Concerned Teachers v. Greenburgh #11*, 873 F.2d 25, 30–31 (2d Cir. 1989) (in assessing adequacy of next friend for child in state custody, court "should consider the good faith of those claiming to speak for the infant" and whether "the 'next friend' is motivated by a sincere desire to seek justice on the infant's behalf.").

3

motivations – financial, ideological, or otherwise – in undertaking this task. Moreover, the Next Friends all have extensive experience working within the Texas child welfare system, and therefore are well qualified to make informed judgments on the Named Plaintiffs' behalf.

*The Appointed Attorney ad Litem Next Friends*

Seven of the named plaintiffs – M.D., D.I., Z.H., S.A., J.S., D.P., and T.C. – appear here through the AALs appointed to represent them individually in Texas state court proceedings. Each AAL Next Friend has met with his or her respective minor client and each is familiar with that client's circumstances in the PMC of the State:

- Next Friend Sarah R. Stukenberg was appointed to be M.D.'s attorney and guardian ad litem on April 12, 2007 and has served in those roles for four years. (Stukenberg Aff. ¶ 4.) Ms. Stukenberg has met with M.D. on various occasions both in person and by telephone. (*Id*.) Ms. Stukenberg is concerned that M.D. is at risk of harm while in DFPS custody and believes that this lawsuit is in M.D.'s best interest. (*Id*. ¶¶ 8-9.)

- Next Friend Nancy G. Pofahl was appointed to be D.I.'s attorney ad litem in December 2009 when D.I. was eight years old. (Pofahl Aff. ¶ 5.) Ms. Pofahl visits D.I. at his foster care placements and talks with him about his experiences and hopes for the future. (*Id*. ¶ 6.) Ms. Pofahl is concerned that D.I. is at risk of harm because of DFPS deficiencies and that he is at risk of aging out of foster care without a family. (*Id*. ¶ 8.) Ms. Pofahl believes that this lawsuit is in D.I.'s best interest. (*Id*. ¶ 10.)

- Next Friend Carla B. Morrison was appointed to be Z.H.'s attorney and guardian ad litem in February 2009. (Morrison Aff. ¶ 5.) Ms. Morrison has met with Z.H. numerous times, primarily in person but also by telephone. (*Id*. ¶¶ 5-6.) Ms. Morrison is concerned that Z.H. has been harmed and is at risk of harm while in DFPS custody because he has been given high levels of psychotropic medications and because he is placed far from home and from a potential permanent placement. (*Id*. ¶¶ 10-11.) Ms. Morrison believes that this lawsuit is in Z.H.'s best interest and is fully prepared to pursue this litigation on his behalf. (*Id*. ¶¶ 13-14.) Ms. Morrison has also served as a foster parent. (*Id*. ¶ 10.)

- Next Friend Javier E. Solis was appointed to be S.A.'s attorney ad litem in November 2001, when the child was five years old. (Solis Aff. ¶ 4.) Mr. Solis meets with S.A. in person several times each year and also speaks with her by telephone. (*Id*.) Mr. Solis is concerned that S.A. is at risk of harm because of systemic problems at DFPS, including the risk that she will age out of foster care.

4

(*Id.* ¶ 5.) Mr. Solis has spoken with S.A. about this lawsuit, and she has indicated that she wishes to proceed with this lawsuit as a named plaintiff. (*Id.* ¶ 6.) Mr. Solis believes that this lawsuit is in S.A.'s best interest. (*Id.* ¶ 8.)

- Next Friend Anna J. Ricker was initially appointed to be J.S.'s attorney and guardian ad litem when he came into DFPS custody in May 2007. (Ricker Aff. ¶ 4.) At her request, a guardian ad litem with expertise in special education was appointed to J.S.'s case, but Ms. Ricker continues as the child's AAL. (*Id.*) Ms. Ricker has spoken with J.S. both in person and by telephone and has also spoken with J.S.'s family members and numerous caseworkers, caregivers, and educators. (*Id.* ¶ 5.) Ms. Ricker is concerned about J.S. because he is being deprived of family support due to his distant placements and has been hurt in DFPS placements. (*Id.* ¶ 6.) Ms. Ricker believes that this lawsuit is in J.S.'s best interests. (*Id.* ¶ 8.)

- Next Friend Karen J. Langsley has served as D.P.'s attorney ad litem since April 2010. (Langsley Aff. ¶ 5.) Ms. Langsley has had extensive contact with D.P. including in-person visits and telephone calls. (*Id.* ¶¶ 5-6.) Ms. Langsley has consulted with numerous therapists, counselors, RTC staff, nurses, and psychiatrists regarding D.P.'s treatment, and works closely with D.P.'s DFPS caseworker. (*Id.* ¶ 7.) Ms. Langsley has spoken with D.P. about this litigation, and D.P. has indicated that she supports this action. (*Id.* ¶¶ 10, 12.) Ms. Langsley has the ability to pursue this litigation and is doing so to protect D.P.'s interests. (*Id.* ¶¶ 12-13.)

- Next Friend Paul Swacina has served as T.C.'s attorney ad litem since the spring of 2010. (Swacina Aff. ¶ 6.) Mr. Swacina meets on a regular basis with T.C.'s caseworker and a team of volunteers to try to assist T.C. in identifying and building personal connections. (*Id.* ¶ 7.) Mr. Swacina has spoken with T.C. by telephone on a few occasions. (*Id.* ¶ 8.) Mr. Swacina believes that T.C. is at risk of harm because of systemic DFPS deficiencies and believes that this lawsuit is in the best interest of T.C. (*Id.* ¶¶ 12-13, 15.) Mr. Swacina is able to direct this litigation on behalf of T.C. (*Id.* ¶ 15.)

Courts across the country have found juvenile court attorneys to be appropriate next friends for foster children in numerous federal lawsuits. *See, e.g.*, *Dwayne B. v. Granholm*, No. 06-13548, 2007 WL 1140920, at *2–3 (E.D. Mich. Apr. 17, 2007) (noting that minors "appear through their next friends who also serve as their [state] court-appointed lawyer-guardian ad litems"); *Olivia Y. ex. rel. Johnson v. Barbour*, No. 3:04CV251LN, slip op., at 8–10 (S.D. Miss. Mar. 11, 2005) (Ex. A) (determining that AAL was sufficiently interested and experienced to

serve as next friend); *Baby Neal v. Casey*, No. 90-2343, 1992 WL 58311, at *1–2 (E.D. Pa. Mar. 20, 1992) (granting plaintiffs' motion to substitute next friends who were "attorneys who have provided legal representation for each of the named Plaintiffs"), *rev'd in part on unrelated grounds*, 43 F.3d 48 (3d Cir. 1994). Similarly, these Next Friends meet the requirements of Rule 17(c)(2) and should be permitted to represent the Named Plaintiffs.

### *The Other Adult Next Friends*

The remaining Named Plaintiffs, K.E. and A.M., appear through Next Friends who, by virtue of their long professional involvement with and knowledge of the Texas child welfare system, are well-suited to act in the best interests of children in relation to their rights as PMC wards of the state. Prior to the filing of this suit, these Next Friends reasonably informed themselves regarding the facts and circumstances of the children on whose behalf they now appear and determined that they can genuinely represent the best interests of those children in this action.

Named Plaintiff K.E. is represented by John W. Cliff, Jr., an attorney who has represented numerous foster children in DFPS's conservatorship and their parents for the past 25 years. (Cliff Aff. ¶ 2.) Mr. Cliff has handled in excess of a hundred cases involving children in state custody and currently has 15 to 20 active CPS cases. (*Id*.) Mr. Cliff referred Plaintiffs' attorneys to other AALs in the Midland/Odessa area, one of whom subsequently recommended K.E. as a named plaintiff in this lawsuit. (*Id*. ¶¶ 3-4.) After speaking with K.E.'s AAL, Mr. Cliff agreed to serve as K.E.'s Next Friend. (*Id*. ¶ 4.) Mr. Cliff has learned of K.E.'s history in foster care and is concerned about her treatment in foster care. (*Id*. ¶¶ 5-6.) Mr. Cliff agreed to serve as K.E.'s Next Friend because, over the course of service as an AAL for children in foster

care, he has observed the harm suffered by children in circumstances similar to those K.E. faces in foster care.  (*Id*. ¶ 7.) Mr. Cliff is fully able to act in K.E.'s best interests.  (*Id*. ¶ 9.)

Next friends who, like Mr. Cliff, do not personally know the child but who are sincerely dedicated to the child's best interests have been approved by other courts.  *See, e.g., Sam & Tony M.*, 608 F.3d at 93 (finding professor to be appropriate next friend, although he had never met named plaintiffs he was representing or their relatives, because he was "aware of the issues and problems children face in foster care" and had "a good faith desire to pursue the children's best interests in federal court"); *Olivia Y. v. Barbour*, No. 3:04CV251LN, slip op., at 10 (S.D. Miss. Mar. 11, 2005) (Ex. A) (finding next friends to plaintiff foster children adequate because each was "generally knowledgeable about the nature and purpose of this litigation, and has a good faith interest in the named plaintiffs' welfare and in the prosecution of this litigation").

Finally, Named Plaintiff A.M. appears through Next Friend Jennifer Talley. Ms. Talley is a licensed master social worker with over 21 years of experience working with children in the Texas foster care system.  (Talley Aff. ¶¶ 1-2.)  Ms. Talley has separately spoken with Plaintiffs' counsel and A.M.'s great-grandmother to learn about A.M. and the facts and circumstances surrounding her foster care episode.  (*Id*. ¶ 4.)  Plaintiffs' counsel initially learned of A.M.'s experiences in foster care from adults who have a personal relationship with A.M., including her great-grandmother; however, none of these adults were able to serve as a next friend here.  For this reason, Ms. Talley stepped forward to act as Next Friend so that A.M.'s legal rights could be pursued.  (*Id*.)  Ms. Talley is concerned about the length of time A.M. has spent in foster care, her separation from family members, her multiple placement moves, and that A.M. has lost all of her close connections.  (*Id*. ¶¶ 4, 6.)  Ms. Talley has no personal stake or interest in this litigation

that would in any way influence her decisions regarding A.M.'s best interests or those of similarly situated children.

Ms. Talley is an appropriate Next Friend because she is sincerely dedicated to A.M.'s best interests, is able to pursue this litigation on her behalf, and is knowledgeable about the litigation and the Texas foster care system. When foster children lack connections with adults capable of serving as their representatives, courts have approved next friends who do not personally know the children but who are truly dedicated to the children's best interests. *See, e.g.*, *Sam & Tony M.*, 608 F.3d at 93; *Marisol A. v. Giuliani*, No. 95 Civ. 10533(RJW), 1998 WL 265123, at *8-9 (S.D.N.Y. May 22, 1998) (finding next friends, most of whom were professionals involved with child welfare, appropriate notwithstanding that many "had not met or had had very limited contact with the plaintiffs they represent"); *Jeanine B. v. Thompson*, 877 F. Supp. 1268, 1287–88 (E.D. Wis. 1995) (finding community members with demonstrated interest in children's issues adequate next friends for children in foster care); *Child v. Beame*, 412 F. Supp. 593, 599 (S.D.N.Y. 1976) (permitting next friend, who did not know plaintiff children before agreeing to serve as their next friend, to litigate on their behalf because he had "manifested an interest in their welfare").

Mr. Cliff and Ms. Talley meet the requirements of Rule 17(c) and should be permitted to serve as Next Friends. To bar Named Plaintiffs K.E. and A.M. from vindicating their federal statutory and constitutional rights simply because they have not had the opportunity to develop sufficiently close relationships with adults who are available to represent them without conflict in federal court would be to penalize these children for being caught in a dysfunctional child welfare system that has harmed them, and would deny them the opportunity to seek redress for those very harms. As the First Circuit has held, when considering similar circumstances,

"because these foster care children lack significant ties with their parents and have been placed under the state's legal custody and guardianship, a significant relationship need not be required as a prerequisite to Next Friend status." *Sam & Tony M.*, 608 F.3d at 91.[5]

## CONCLUSION

The purpose of Rule 17(c) is "to ensure that [a] minor has proper access to the federal judicial system at all." *Gaddis v. United States*, 381 F.3d 444, 453–54 (5th Cir. 2004) (en banc). The Next Friends are attempting to provide the Plaintiffs such access to vindicate their constitutional rights. The attached affidavits and evidence to be presented at the initial pretrial conference will establish that the Named Plaintiffs' Next Friends are acting in good faith and that their sole motivation in bringing this action is to advance the best interests of the children on whose behalf they appear. As such, the Next Friends are each qualified and adequate representatives under Rule 17(c). Accordingly, the Named Plaintiffs request that this Court permit them to proceed through these Next Friends.

*/s/ J.A. "Tony" Canales*
J.A. "Tony" Canales
State Bar No. 03737000
S.D. Tex. Bar No. 1163
Hector Canales
State Bar No. 24005961
S.D. Tex. Bar No. 29396
Patricia C. Bell
State Bar No. 00793455
S.D. Tex. Bar No. 19506
CANALES & SIMONSON, P.C.

---

[5] *See also Dwayne B.*, 2007 WL 1140920, at *3 ("Because the named Plaintiffs, like other foster children, have been removed from home and have had their preexisting ties to family and friends effectively severed, they have few, if any, significant relationships with adults who are suitable and willing to act as 'next friends.'"); *Marisol A.*, 1998 WL 265123, at *9 (recognizing that "[i]n an ideal world, there would be concerned family members or friends to represent these children in court," but in the realities of New York City's foster care system next friends who had never met the foster children they represented were adequate).

9

2601 Morgan Avenue
Corpus Christi, Texas 78467-5624
Phone:  (361) 883-0601
Facsimile: (361) 884-7023
*tonycanales@canalessimonson.com*
*hacanales@canalessimonson.com*
*pmcanales@canalessimonson.com*
Attorneys-in-Charge

Barry F. McNeil
State Bar No. 13829500
S.D. Tex. Bar No. 14914
R. Thaddeus Behrens
State Bar No. 24029440
S.D. Tex. Bar No. 916025
David Dodds
State Bar No. 00790595
S.D. Tex. Bar No. 35024
Amelia J. Cardenas
State Bar No. 24056681
S.D. Tex. (*admitted pro hac vice*)
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Phone:  (214) 651-5000
Facsimile: (214) 200-0535
*barry.mcneil@haynesboone.com*
*thad.behrens@haynesboone.com*
*david.dodds@haynesboone.com*
*amelia.cardenas@haynesboone.com*

R. Paul Yetter
State Bar No. 22154200
S.D. Tex. Bar No. 3639
Dori K. Goldman
State Bar No. 24041274
S.D. Tex. Bar No. 591632
Christopher D. Porter
State Bar No. 24070437
S.D. Tex. Bar No. 1052367
April L. Farris
State Bar No. 24069702
S.D. Tex. Bar No. 1133331
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, Texas 77010

10

Phone: (713) 632-8000
Facsimile: (713) 632-8002
*pyetter@yettercoleman.com*
*dgoldman@yettercoleman.com*
*cporter@yettercoleman.com*
*afarris@yettercoleman.com*


Marcia Robinson Lowry (*admitted pro hac vice*)
Stephen A. Dixon (*admitted pro hac vice*)
Olivia Sohmer (*admitted pro hac vice*)
Jessica Polansky (*admitted pro hac vice*)
Patrick Almonrode (*admitted pro hac vice*)
CHILDREN'S RIGHTS
330 Seventh Avenue, Fourth Floor
New York, New York 10001
Phone: (212) 683-2210
Facsimile: (212) 683-4015
*mlowry@childrensrights.org*
*sdixon@childrensrights.org*
*osohmer@childrensrights.org*
*jpolansky@childrensrights.org*
*palmonrode@childrensrights.org*
Of Counsel

*Attorneys for Plaintiffs and Proposed Class*