```
 1                IN THE UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
 2                     CORPUS CHRISTI DIVISION


 3

     M.D. by next of friend           *    CIVIL ACTION
 4   Sarah R. Stukenberg, ET AL.      *
                                      *    CA-C-11-084
 5           PLAINTIFFS,               *
                                      *
 6   VS.                              *
                                      *
 7   GOVERNOR RICK PERRY, ET AL.,     *    CORPUS CHRISTI, TEXAS
                                      *    JUNE 16, 2011
 8           DEFENDANTS.              *    10:33 A.M.
                                      *
 9   * * * * * * * * * * * * * * * * *

10
         TRANSCRIPT OF TELEPHONE CONFERENCE - PROTECTIVE ORDER
11
             BEFORE THE HONORABLE JANIS GRAHAM JACK
12             SENIOR UNITED STATES DISTRICT JUDGE
                (APPEARING BY TELEPHONE CONFERENCE)
13

14   APPEARANCES:

15   FOR THE PLAINTIFFS:       MS. MARCIA ROBINSON LOWRY
                               MR. PATRICK ALMONRODE
16                             CHILDREN'S RIGHTS
                               330 SEVENTH AVENUE, FOURTH FLOOR
17                             NEW YORK, NEW YORK 10001

18                             MS. DORI KORNFELD GOLDMAN
                               YETTER COLEMAN, LLP
19                             909 FANNIN, SUITE 3600
                               HOUSTON, TEXAS 77010
20
                 (APPEARANCES CONTINUED ON PAGE 2)
21

22   COURT RECORDER:           MS. VELMA GANO

23
          PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING
24           TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE:
                  MOLLY CARTER, P. O. BOX 270203
25            CORPUS CHRISTI, TEXAS 78427 (361) 945-2525
```

```
 1   APPEARANCES:  (CONTINUED)

 2
     FOR THE PLAINTIFFS:        MR. DAVID A. DODDS
 3                              HAYNES & BOONE, LLP
                                2323 VICTORY AVENUE, SUITE 700
 4                              DALLAS, TEXAS 75219

 5   FOR THE DEFENDANTS:        MS. SHELLEY DAHLBERG
                                MR. JAMES B. ECCLES
 6                              MS. MISHELL B. KNEELAND
                                OFFICE OF THE ATTORNEY GENERAL
 7                              300 WEST 15TH STREET, 11TH FLOOR
                                AUSTIN, TEXAS 78701
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1          (The proceedings began at 10:33 a.m.)
 2          (Call to Order of the Court.)
 3              THE CLERK:  Court calls Civil Action 11-084, M.D.,
 4   et al. versus Perry, et al.  May I have appearances, please?
 5              MS. LOWRY:  Marcia Lowry for Plaintiffs.
 6              MS. DAHLBERG:  Shelley Dahlberg for the Defendant.  I
 7   have Beau Eccles and Mishell Kneeland here as well.
 8              THE COURT:  Could you call the case, Ms. Cayce?
 9              THE CLERK:  Yes, Your Honor.  Court calls Civil
10   Action C-11-084.
11              THE COURT:  Speak up, Ms. Cayce.  Are you by a
12   microphone?
13              THE CLERK:  Yes.  M.D., et al., versus Perry, et al.
14   May I have appearances, please?
15              MS. LOWRY:  Marcia Lowry for Plaintiffs.
16              MS. DAHLBERG:  Shelley Dahlberg for Defendant, with
17   Beau Eccles and Mishell Kneeland as well.
18              MS. LOWRY:  And we have also Pat Almonrode from
19   Children's Rights for Plaintiffs.  And we have some others for
20   Plaintiffs.
21              MS. GOLDMAN:  This is Dori Goldman from Yetter
22   Coleman for Plaintiffs.
23              MR. DODDS:  This is David Dodds of Haynes & Boone for
24   Plaintiffs.
25              THE COURT:  All right.  The controversy is a
```

```
 1  provision in the protective, proposed protective order.  Is
 2  that right?
 3              MS. DAHLBERG:  Yes, Your Honor.
 4              THE COURT:  You need to state your name when you
 5  speak.
 6              MS. DAHLBERG:  I'm sorry.  This is Shelley Dahlberg.
 7  And yes, Your Honor, it is -- the controversy is the definition
 8  of what information is in fact confidential.
 9              THE COURT:  Okay.  Would you state your positions and
10  why, please?
11              MS. DAHLBERG:  It's the Defendant's position that the
12  definition of what is confidential should be, should contain
13  citations to the relevant state and federal authority that
14  protects that particular information.  Those are the statutes
15  upon which each of the Defendants rely every single day to
16  protect that information, and they are not permitted by law to
17  disclose that information, except to the extent that those
18  statutes create exceptions to the nondisclosure.
19              THE COURT:  What information do you not want
20  disclosed?  I thought it was statistical information.
21              MS. DAHLBERG:  I'm sorry, Your Honor?  I really can
22  barely hear you.
23              THE COURT:  You know, I'm having trouble, too.  I
24  thought it was statistical information you didn't want
25  disclosed.
```

1         MS. DAHLBERG: It's not specific information. We
2 have a definition, and it appears as though the Plaintiff in
3 this matter wants to be able to de-identify the information and
4 place it into some other format and then be permitted to use
5 that information for some unidentified purpose. And our
6 position is that we are more than willing to share the
7 information with them, subject to the statutory definition.
8         THE COURT: Why don't we do this. Since you're
9 worried that they're going to use this information and do some
10 kind of a statistical comparison and publish it to the
11 public -- because I assume that's your concern -- and it will
12 show like only 2 percent of people, children in foster care,
13 just hypothetically, are treated well. I'm making this up.
14 Okay?
15         MS. DAHLBERG: Okay.
16         THE COURT: And you don't want that to happen.
17         MS. DAHLBERG: No, that's not -- that's not our
18 position, Your Honor. We -- the Department and HHSC have these
19 statutes that are directly, are targeted directly at them and
20 how they use that information.
21         And one of the statutes prohibits any person from
22 taking information that belongs to the Department and, and
23 manipulating it in such a way and then disclosing that
24 information. It makes that information a misdemeanor. So it's
25 highly important to the State of Texas to --

```
 1                THE COURT:  I think actually we're saying the same
 2   thing.
 3                MS. DAHLBERG:  -- keep this information in its
 4   organic form.
 5                THE COURT:  Why don't we do this, that no publication
 6   will be made, statistical or otherwise, without permission of
 7   the Court.  And then we can do it piece by piece and argument
 8   by argument.
 9                MS. DAHLBERG:  I think that would be fine with the
10   Defendants, Your Honor.
11                THE COURT:  Plaintiffs?
12                MS. LOWRY:  Your Honor, if I may just --
13                THE COURT:  Could you speak up?  I'm having really
14   trouble hearing you.
15                MS. LOWRY:  Very briefly, this is Marcia Lowry from
16   Plaintiffs.  Your Honor, the exact meaning of the statutes is
17   unclear, which is why we have proposed to the Defendants
18   that --
19                THE COURT:  I can't hear you.
20                MS. LOWRY:  -- that we enter into a stipulation
21   that --
22                THE COURT:  I can't hear you.
23                MS. LOWRY:  I'm sorry?  I'm sorry, Your Honor?
24                THE COURT:  I can't hear you.
25                MS. LOWRY:  Oh, I'm sorry, Your Honor.  This is
```

```
 1   Marcia Lowry from Plaintiffs.  Can you hear me now?
 2           THE COURT:  Yes, I can.
 3           MS. LOWRY:  Okay.  Thank you, Your Honor.  The exact
 4   meaning of the statute is unclear, which is why we have
 5   proposed a protective order to Defendants that would ensure
 6   that individually identifiable information is withheld, but
 7   that other information, for example, department policies,
 8   department statistics --
 9           THE COURT:  Okay.  You know, this is -- I'm going to
10   leave it the way I just said, and I'm going to tell you why.
11   You take the information, you have a statistician run it, and
12   then you publish it.  And they have no opportunity to challenge
13   that.  You can just publish it and say, "Based on information
14   provided by the Department, this is the story."  Because that's
15   not -- I don't think that's fair.  It is not fair.
16           Let's at least, before you publish anything like
17   that, just notice to the Court, we'll have a hearing over it
18   and see whether the Defendant can challenge your statistical
19   analysis.  See what I mean?
20           MS. LOWRY:  Yes, I do see what you mean, but --
21           THE COURT:  I can't hear you.
22           MS. LOWRY:  I'm sorry, Your Honor?
23           THE COURT:  I still can't hear you.  I'm sorry.
24           MS. LOWRY:  Okay.  Yes, Your Honor, I understand what
25   you mean, but I would just like to suggest that there's going
```

1  to be a lot of back and -- Your Honor, if I speak over you,
2  please, I apologize, it's just I'm having trouble hearing.
3          THE COURT:  No.  Thank you.
4          MS. LOWRY:  I don't want to speak over you.  There's
5  going to be a lot of back and forth in this case about
6  compilations of statistics, and those are going to be the kinds
7  of issues that ultimately will be decided by all -- by
8  different experts.  Plaintiffs will have some experts,
9  Defendants will have some experts, and some of it may be
10 challenged on Daubert grounds.  That's all going to happen as
11 the case proceeds.
12         But the reports that we do as the case goes on are
13 not going to be reports that the Defendants are necessarily
14 going to be prepared to challenge at the moment, because
15 they're going to want to get their own experts.
16         And this is information -- discovery information,
17 with the exception of individually identifiable information, is
18 usually information that in fact is available to the public and
19 does not have to be filed under seal.  Otherwise, Your Honor,
20 we're going to have to file all of this under seal.  And the
21 way other state --
22         THE COURT:  Well, why would you be filing it?  I
23 thought -- what I don't want you to do -- I mean, I don't
24 understand why you can't get this information, use it for
25 discovery, notify the Defendant that you're going to use it in

1  trial.
2           What they don't want you to do is have an interview
3  with the *New York Times* and publish these statistics without a
4  chance to rebut them.  And that's what I'm not going to allow.
5           MS. LOWRY:  All right.  Well perhaps --
6           THE COURT:  You can do all your statistics that you
7  want to.
8           MS. LOWRY:  I'm sorry.
9           THE COURT:  If you just use them for trial, we don't
10 have to worry about the protective order.  But if you want to
11 publish them to the public, then we have to worry.
12          MS. LOWRY:  Well, Your Honor, what would the Court
13 then contemplate with regard to the filing of these documents?
14 If they're attached --
15          THE COURT:  Why would you have to file them?
16          MS. LOWRY:  Well, for example, Your Honor, if you
17 attach them to a motion where we're seeking something in
18 particular --
19          THE COURT:  Well, no discovery motions are filed with
20 the Court without prior telephonic permission.
21          MS. LOWRY:  Yes, Your Honor, I'm aware of that rule.
22 But, Your Honor, I think we're not --
23          THE COURT:  Okay.  I think we're done.  Thank you
24 very much for your appearances.  We're excused.
25          MS. DAHLBERG:  Thank you, Your Honor.

1        MS. LOWRY:  Thank you, Your Honor.

2     (Proceedings concluded at 10:41 a.m.)

7  I, court approved transcriber, certify that the foregoing is a
   correct transcript from the official electronic sound recording
8  of the proceedings in the above-entitled matter.

11
   /s/ Molly Carter                    August 22, 2011
12 Molly Carter                        Date