UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| M.D.; bnf STUKENBERG, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:11-CV-084 |
| | § | |
| GREG ABBOTT, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER REGARDING WORKLOAD STUDIES
### IN THE NOVEMBER 20, 2018 ORDER

On December 16, 2019, Plaintiffs and Defendants filed an agreed motion requesting that this Court approve an arrangement whereby, in lieu of conducting workload studies, the Texas Department of Family and Protective Services and Health and Human Services Commission would use as a guideline 14-17 children per conservatorship caseworker, 14-17 investigations per DFPS CCI investigator, and 14-17 tasks per RCCL inspector for the purpose of satisfying Defendants' obligations relating to conducting workload studies in the November 20, 2018 order. (Doc. 606).

The Court determines that it is in the best interest of the Class to approve the parties' arrangement and to relieve Defendants of their obligations in the November 20, 2018 order to conduct or complete workload studies. *See* Doc. 606, Order, at 8-9, ¶¶1-2; 13, ¶¶1-2. These agreed guidelines are consistent with the Court's order, as they will save the cost and avoid the delay of workload studies and speed the implementation of improvements to benefit children in the custody of the Texas foster care system.

It is ordered that in lieu of performing the workload study obligations set forth in the November 20, 2018 order, Defendants will establish as guidelines for the determination of

generally applicable internal caseload and investigation standards the following: (1) 14-17 children per caseworker for DFPS conservatorship caseworker caseloads; (2) 14-17 investigations per DFPS CCI investigator; and (3) 14-17 total tasks, which include operations, investigations referred from DFPS, minimum standard investigations, and agency homes sampling, per HHSC RCCL inspector. The guidelines described above shall not be used or interpreted as a "caseload cap" or an "enforced caseload range." *See M.D. by Stukenberg v. Abbott*, 907 F.3d 237, 274-81, n.45 (5th Cir. 2018).

Defendants will use these guidelines to satisfy the requirements in the November 20, 2018 order, which require DFPS and HHSC to establish generally applicable internal caseload standards. *See* Doc. 606, Order, at 9-10, ¶¶3-4; 13-14, ¶¶3-4.

The parties' arrangement eliminates the necessity for the workload studies and releases Defendants from any obligation to conduct such studies, as set forth in the November 20, 2018 order. *See* Doc. 606, Order, at 8-9, ¶¶1-2; 13 ¶¶1-2. Defendants' deadline to establish internal caseload standards, as set forth in the November 20, 2018 order, is extended 30 days from the date of this Order. *See* Doc. 606, Order, at 9, ¶3; 13 ¶3. Additionally, Defendants' deadline to ensure that the generally applicable, internal caseload standards are utilized to serve as guidance for supervisors who are handling caseload distribution and that Defendants' hiring goals for all staff are informed by the generally applicable, internal caseload standards, as set forth in the November 20, 2018 order, is extended 60 days from the date of this Order. *See* Doc. 606, Order, at 10, ¶4; 14, ¶4.

Defendants' use and implementation of these guidelines will remain subject to supervision by the Monitors and approval of the Court, as explained in the November 20, 2018

order. *See* Doc. 606, Order, at 9-10, ¶¶3-4; 13-14, ¶¶3-4. This order does not expand the November 20, 2018 order or impose any additional obligations on Defendants.

SIGNED and ORDERED this 17th day of December, 2019.

_____
Janis Graham Jack
Senior United States District Judge