Case 2:11-cv-00084   Document 843   Filed on 04/03/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| M.D.; bnf STUKENBERG, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:11-CV-0084 |
| § | |
| GREG ABBOTT, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

On April 3rd, 2020, the Court held a telephone hearing with the Parties. The Court **ORDERS** Defendants to forward to Monitors Kevin Ryan and Deborah Fowler all emails containing information on surveys that the licensed placements have completed in regard to a March 13th request for information regarding the COVID-19 spread. The Defendants must forward all these emails by 5:00PM, April 3rd, 2020. The Court also **ORDERS** Defendants to provide to the Monitors the guidelines that DFPS and HHSC have given staff in order to minimize the risk of spreading COVID-19 in these facilities, offices, and other relevant locations by 5:00PM, April 3rd, 2020.

Moreover, the Court **ORDERS** Defendants to develop a statewide plan in consultation with the Monitors and Plaintiffs to protect children and staff from the further spread of COVID-19. The plan must also include a statewide approach to properly isolate and quarantine those who have been infected or are suspected of being infected with COVID-19. The plan must include information on the Defendants' strategies to implement virtual visits and their protocol if further face-to-face visits are necessary for individual cases where concern for child safety arises in a virtual meeting. The standards for the occurrence of virtual visits versus face-to-face visits must be included. In particular, within 24 hours of intake, documentation must be included in

CLASS as to exceptions granted to requirements for initiating Priority 2 minimum standards investigations with face-to-face interviews. The documentation must include the reason for granting the exception to the face-to-face requirement. When using "virtual visits" in place of "face-to-face visits" the Defendants are ordered to ensure privacy for the Class Member. This plan is to be filed with the Court no later than April 17th, 2020 at 5:00PM. The plan must also include how Defendants plan to issue guidelines to facilities related to the screening of visitors, including investigators and caseworkers; how DFPS, HHSC, and placement staff should monitor themselves for symptoms prior to entering a placement; how staff and children can be properly isolated and quarantined if it is determined they have symptoms; and how placements should report staffing shortages, including inability to meet required staff-to-youth ratios; difficulty obtaining masks, gloves, hand sanitizer or other supplies needed to safely protect children and staff; and difficulty placements have in obtaining testing for staff or children suspected of illness.

The State expressed concerns about adequate placements for PMC Children. The Court **ORDERS** Defendants to provide daily reports to the Monitors regarding information on the number of PMC children without placements, the identity of these children, and the location of the children needing placements. Defendants are also to provide weekly updates to the Monitors and the Plaintiffs containing relevant information regarding the Defendants' response to the COVID-19 pandemic, including, but not limited to, the need for additional staff to maintain required staff-to-children ratios, and whether children are infected, or suspected of being infected, with COVID-19 and are properly quarantined.

The Court **ORDERS** Defendants to provide the Monitors and the Plaintiffs cost estimates and other relevant information to implement heightened monitoring for foster care facilities including detailed estimates for reconfiguration of CLASS, consistent with the Court's Order of

March 18th, 2020. A cost breakdown itemizing hours, expenses, and HHSC and DFPS's requests for its staff to implement heightened monitoring must be included. This information must be submitted no later than 5:00PM, April 10th, 2020.

Further, in conjunction with the March 18th, 2020 Order, the Court **ORDERS** Defendants to provide to the Monitors no later than June 5th, 2020, a list of operations that must comply with the March 18th Order regarding heightened monitoring. The Court acknowledges that HHSC and DFPS will have information on data sets for patterns and other relevant information for heightened monitoring by May 22nd, 2020. If Defendants need more time to comply with the March 18th Order, Defendants must notify the Court and the Monitors, and a telephone hearing will be scheduled.

SIGNED and ORDERED this 3rd day of April, 2020.

_____
Janis Graham Jack
Senior United States District Judge