**Exhibit E**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| M.D., by her next friend, Sarah R. Stukenberg, *et al.*, | § § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | CIVIL ACTION NO. 2:11-CV-00084 |
| GREG ABBOTT, in his official capacity as Governor of the State of Texas, et al., | § § § § | |
| *Defendants*. | § | |

## SWORN DECLARATION FOR REMEDIAL ORDER NUMBER B-5

1. My name is Erica Bañuelos. I am over the age of 18 years, of sound mind, competent to testify, and have personal knowledge of the facts stated herein.

2. I am employed as the Director of Field of Child Protective Services (CPS) with the Department of Family and Protective Services (DFPS). I have served in that role since April 1, 2020. I have been employed with DFPS for 23 years. During my tenure with the department, my roles have included being a caseworker, supervisor, program director, program administrator, and regional director of CPS. Those roles occurred while working in various stages of CPS, including Investigations, Family Based Safety Services, and Conservatorship programs.

3. On December 19, 2019, DFPS deployed IMPACT 2.0 enhancements specifically designed to address functionality for various Remedial Orders, including notification to caseworkers of abuse and neglect intakes (Remedial Order No. B-5). The automation put in place a hard edit to require that the screener, supervisor, or designee notify the CPS caseworker and supervisor of any child in an open substitute care stage by completing the Notifications section in IMPACT on the Priority/Closure page, prior to stage progressing the intake report to an investigation. If the intake involves a foster home, a notification is also sent to the CPS caseworker and supervisor of any non-victim child in an open substitute care stage placed in the foster home. The notification is generated during the intake stage before the intake is closed. The automated notification provides notice to the caseworker and supervisor at the point in time that the DFPS Residential Child Care Investigations (RCCI) screener or supervisor makes the decision to stage progress to an investigation or close as a Priority None (PN). By creating this functionality, DFPS now has the ability to pull data from IMPACT and report on it. Although these updates did not deploy until December 2019, DFPS had been working diligently on this enhancement since August 2019. On January 6, 2020, CCI disseminated by email to RCCI staff Field Communication # 17 related to the deployed

changes for Remedial Order B05. [*Source Document*: Exhibit A.21 *(CCI Field Communication # 017*, dated December 20, 2019) admitted in September 3, 2020 Show Cause Hearing].

4. The automated notice is not currently built into the adoption stage of service; therefore, when a child is placed in an adoptive home, DFPS keeps the substitute care stage open in addition to the adoption stage so that caseworkers may receive the notice. DFPS found six instances of this occurring in the August 2020 data provided to the Monitors. On October 16, 2020, DFPS informed the Monitors of this issue and the steps it took to rectify the issue. An automation change, which will allow for the notice to be provided in the adoption stage of service, will occur in the fourth quarter of state fiscal year 2021. Until the automation change is complete, CPS caseworkers of children in adoptive settings receive notice of allegations through the substitute care stage of service, rather than the adoption stage of service. Accordingly, on October 14, 2020, all adoption workers were notified that they needed to keep the substitute care stage of service open, and on October 30, 2020, CPS Policy 1411 was updated to require the substitute care stage of service remain open when a child is in an adoptive placement. [*Source Documents*: *CPS Policy Section 1411* located at http://www.dfps.state.tx.us/handbooks/CPS/Files/CPS_pg_1400.asp#CPS_1411 and Email (*ACTION REQUIRED: Sub Stages Must Remain Open Until Adoption Consummation*) uploaded to Monitors' SharePoint on January 14, 2021].

5. After the September 2020 Show Cause Hearing, DFPS began identifying and developing automation improvements to the CPS caseworker notification. Beginning January 14, 2021, as a short-term solution, Statewide Intake (SWI) will be creating Information and Referrals (I&R) and directly assigning them to a caseworker's workload simultaneous to receiving a report of abuse and/or neglect and creating the intake when a child in DFPS temporary or permanent managing conservatorship is a principal in a Child Protective Investigation (CPI) or RCCI abuse or neglect referral.

    a. The I&R will fulfill the requirement of prompt notification as the I&R will be created and assigned to the caseworker at the same time the intake is generated. The I&R appears on the worker's caseload as soon as it is saved and assigned to the caseworker by SWI, thus serving as prompt and immediate notification to the caseworker.

    b. The I&R will fulfill the requirement to ensure the caseworker receives the allegations. The I&R resembles the intake. The I&R will contain the child's IMPACT person ID, information about the alleged victim and alleged perpetrator, and a narrative, including the substance of the allegations.

    c. The I&R will be prominently displayed at the top of the caseworker's workload when they log into IMPACT. The I&R will be designated with a hashtag to reflect that it is a new assignment, requiring the caseworker's prompt attention. Once the caseworker clicks on the I&R, the caseworker can launch a report with the intake information and allegations.

    d. This short-term fix will also include a new I&R type for ease of reporting and a new contact narrative type in IMPACT to capture the CPS staffings. [*Source Documents*:

*FCL IandR AN Notification Staffing* and *FCL IandR CVS Caseworker Notification,* updated to Monitor's SharePoint on January 12, 2021].

6. As a redundancy, when an RCCI intake is screened by the SWI screeners, the screener will email the caseworker and supervisor. This second notification will also include the allegations. [*Source Document: Procedures for RCCI Screeners Notifying CPS of Alleged Abuse or Neglect in Foster Homes*, uploaded to Monitors' SharePoint on January 13, 2021].

7. A long-term IT solution, which may build on the functionality outlined in paragraph 3, is in progress, with an implementation date estimated in Fall 2021. DFPS is exploring the feasibility of inserting a hyperlink for the black bell icon or Case ID to allow a caseworker to more easily navigate directly to any information when abuse or neglect allegations in a licensed foster care placement are reported. The goal of this build-out of IMPACT functionality will enable caseworkers to view critical information on their caseloads more quickly and allow for action to be taken more expeditiously when necessary.

8. When a CPS caseworker receives an I&R in IMPACT notifying them of a report of child abuse, neglect, or exploitation, the CPS caseworker must take the following actions:

    a. Review the abuse, neglect, or exploitation report in IMPACT, CLASS, or both, immediately;

    b. Discuss the intake with the supervisor immediately;

    c. Contact the RCCI or CPI investigator for additional information;

    d. Consult with the program director about the circumstances surrounding RCCI's or CPI's investigation no later than 7 p.m. the next business day; and

    e. Document an *I&R A/N Notification Staffing* contact type in the child's substitute care stage no later than 7 p.m. the next business day after notification of the report.

    The contact documentation must include all of the following: a copy of the I&R; all discussions with the worker's supervisor and program director, considerations of the child's safety needs and any related actions; and any plans for future actions.

9. The CPS caseworker must document the execution and results of any follow-up actions as normal contacts in IMPACT when they are completed, and the CPS caseworker must document as a contact in IMPACT a summary and the disposition of the RCCI or CPI investigation once the investigation is concluded. If a report involves alleged child-on-child victimization or sexual aggression, the caseworker must follow the relevant protocols. [*Source Document: Policy 4221.2 CPS Responsibility and Procedure after Receiving a Notification of Abuse or Neglect by either RCCI or CPI* updated to Monitor's SharePoint on January 14, 2021].

10. On January 13, 2021, communications went to CPS and CPI concerning these changes. These communications stressed the importance of the PN staffing in order to ensure child safety. [*Source Document*: Two Emails both titled *Policy Clarifications and IMPACT Updates Regarding Notifications of RCCI or CPI Investigations and IR Updated Communication Final*, uploaded to Monitors' SharePoint on January 13, 2021].

11. This process applies to any conservatorship caseworker, regardless of whether the caseworker is employed by DFPS or by a Single-Source Continuum Contractor (SSCC) in one of the Community Based Care catchment areas. The policy changes were communicated to the SSCCs on January 13, 2021. [*Source Document: SSCC Notification RE Immediate Changes to Home History Review Reporting Notifications Staffings and Documentation* and *SSCC Notification RE policy Clarifications and IMPACT Updates Regarding Notifications of RCCI or CPI Investigations,* uploaded to Monitors' SharePoint on January 14, 2021].

12. DFPS has worked deliberately and in good faith to comply with Remedial Order No. B-5 and certifies compliance with the components of Remedial Order No. B-5 discussed herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15, 2021

Erica Bañuelos, MSW, LCPAA
CPS Director of Field