Starletta N. Threet


United States Courts
Southern District of Texas
FILED

DEC 1 0 2020

Nathan Ochsner, Clerk of Court

The Honorable Janis Graham Jack
Senior Judge
United States District Court for the Southern District of Texas
Corpus Christi Federal Courthouse
1133 North Shoreline Boulevard, Suite 320
Corpus Christi, Texas 78401-2042

November 29, 2020

Re: Child Protective Services Court Case No. 2019-536,952, Honorable Judge Kara Darnell, 99th District Court, in Lubbock, Texas

Dear Judge Jack,

Hello, my name is Starletta Threet. My sole purpose of this letter is to give you insight from a parent's perspective when dealing with Child Protective Services in Texas. Also, I have sent this letter to all state representatives over DFPS to inform them of the importance their work is regarding the foster care system.

I am the biological mother to the above referenced case that opened in August of 2019 due to a domestic violence situation which I sought aid from the community and from the caseworkers to no avail. I am contacting you to inform you of wrongdoing within the Child Protective Services (CPS) agency located in Lubbock, Texas. The evening my children were removed, my ex-mother-in-law physically attacked me as my daughter pleaded to not be taken from me when the caseworker was placing her in the vehicle. Today, my daughter continues to plead to be with me. The police report identifies my ex-mother-in-law as the assailant. I immediately began completing services in the case plan (Anger Management, Parenting Class, Individual Counseling, Group Therapy, Psychological Evaluation, and Drug Testing) in Lubbock.

In the beginning of the case, my children were placed with the family that the domestic violence stems from. Presently, they have not been removed from the situation. CPS has also approved my ex-mother-in-law to be an approved caregiver after finding her guilty of neglectful supervision. Caseworkers advised me that if I sought help from law enforcement again that I would lose any chance of my children being returned to me. I was struggling to complete the case plan while being submitted to continued violence. Ultimately, I had no other option but to end the 10 year long violence I endured from my ex-husband and his family that CPS refuses to acknowledge. This abuse entailed physical, psychological, emotional, verbal and financial abuse by ways of manipulation, control, threats and coercion. I relocated back to Florida where my family resides and reestablished myself to begin my healing process and to prepare to care for my children.

In Florida, I was fortunate to be allowed in an abuse shelter (Lee Conlee House, Inc.). The phone number is (386-325-3141). During my stay, I attended individual and group counseling. The shelter assisted me with housing through vouchers for deposits and furniture. I continued group therapy with "Celebrate Recovery" (Amber Gilbert, (386-916-7491)) in my area that is available upon exiting the shelter. This entails therapy for empowerment and independence. I have also seen a therapist, Terri, located in the Putnam County Health Department (386-326-3200) in Palatka, Florida. This therapist was limited on what resources I needed so I contacted an agency I was familiar with that I see currently. With community and family support, I have been successful with reestablishing myself. I even returned to Texas for a short time to appease CPS due to the refusal of accepting the services I received in Florida. It was then that Brenda Wilbanks, a contracted CPS therapist in Lubbock, refused to see me since I had a therapist in Florida. Again, not having a support system proved to be futile. Being submitted to repeated abuse I returned to Florida and resumed services there.

During this case, I have strived to meet the court order for CPS and I have exceeded the case plan with all my successes being unacknowledged. An ICPC home study was court ordered for my parents that was approved which CPS refused to submit to the presiding judge. The lack of communication between Texas and Florida made the completion of the home study difficult due to Texas not completing the paperwork accurately. In addition to the approved home study, my completion of the case plan was not submitted as evidence to the presiding judge. I took it upon myself to submit paperwork to ensure that Judge Darnell recognizes that I am a loving parent from a suitable family who returns to Texas when time allows to visit my children and to provide their wants and needs. CPS has also informed my current therapist in Florida, Alexandra Nagel, MA, (904-695-9145), that it would be pointless to write a recommendation on my behalf for my children to be in my custody. I feel as if CPS is not allowing me to adequately present myself for reunification with my children.

During the ongoing case, CPS caseworkers advised me to complete my case plan in Florida with services offered in my community. I have been approached by caseworkers on numerous occasions who insist that I sign papers to relinquish my parental rights when I did not abuse or neglect my children, nor have I ever had any issues with substance abuse. Some tests were even at my own expense as CPS declined to pay for the ones after my relocation. Prior to my children being placed in state custody, I had been awarded sole custody of my daughter in a divorce and my son was born out of wedlock with no order, but I had natural order. CPS has even attempted to not abide by my court ordered visitation with my children. In turn, I sought aid from the Lubbock County Dispute Resolution (806-775-1720) and filed a formal complaint with DFPS. CPS has repeatedly told me that the case workers make the final decisions regarding the placement of my children and not the presiding judge. This is false according to the complaint department and the Texas Governor's Office.

CPS allows my ex-in laws to monitor my video calls versus a third party which allows this family to cover up the situation my children are in. In a recent call, my daughter made a comment to her father "that she didn't want him to get mad at them again", 'them' being my children. CPS and other agencies that I have reported to will not believe me and this family will never disclose this to CPS. My daughter looks to the family for approval before even speaking to

me or my mother and chooses to go to bed over speaking to us due to feeling intimidated in their presence; however, my daughter speaks candidly to me when this family is not present.

I have not had adequate legal representation for this case from a court appointed attorney, Craig Johnston, who is paid for simply his presence in the courtroom to say nothing on my behalf. I submitted police reports, medical report, and other documents supporting the abuse to no avail to my attorney. CPS has requested case extensions which has postponed the decision for permanent placement of my children and has kept them in harm's way. In addition, CPS has informed me that my ex-spouse will supervise my visits with my children which will continue placing us in a harmful environment. Even during his military enlistment, he was ordered by the Navy to complete therapy for domestic violence. After his service, the government deemed him incapable of maintaining self care and relationships. I even had orders of protection awarded to me by courts in Connecticut and Florida. All awhile I speak the truth and no one will acknowledge the harm my children continue to be placed in.

On more than a few occasions, I have spoken to supervisors and directors to voice my concerns for the placement of my children which have been ignored. Also, I have called to file formal complaints only to be told that nothing will be done to resolve my issue. Just recently during a monitored visit by Dr. Beth, my 5 year old daughter revealed to me that a kinship foster parent and her biological father were rendering corporal punishment to her which is against CPS policy for children in state custody. Again, I called to report this to no avail with the Lubbock Police, the abuse hotline, the caseworker, the supervisor, the program director and the complaint department. My daughter continues to be submitted to such treatment when she is to be protected. My daughter has been consistent through her behavior in showing that she wishes to be with her mother and CPS insists on making it much more than that. My daughter is suffering and has now begun to find comfort in food and has gained weight to the point it is unhealthy for her. She also has been placed in more than one daycare center due to her behavior. My 2 year old son suffered a head injury in daycare which resulted in stitches, I was not immediately notified and had to insist on receiving pictures from the caseworker. My son is delayed and is not gaining weight properly. Prior to the foster care system, these issues were not of relevance for my children.

My priority and focus the whole time is to be a mother to my children. During their time in state custody, I have strived to remain in constant contact and provide for them. My intention is to continue therapy so I become much stronger, more independent and most importantly, the best mother I can be to my beautiful children that I love more than anyone in this world. I am finding my voice and I no longer will continue to be silent. I want to ensure my children have a happy and secure life in my care. My upmost concern is for their safety. Both of my children have showed me a part deep within me that I never knew existed till now, a resilient woman who will stop at nothing to be a loving mother.

I have contacted Jamie Masters, the Texas Department of Family and Protective Services Commissioner and Texas Governor, Greg Abbott, to express my concern for my children only to be referred to the complaint department which has failed my children time and time again. The system is a continuous vicious cycle of parties not acknowledging responsibility and hiding wrongdoing. I have continued to be diligent in wanting my children safe only to be ignored. I

feel the system is failing my children and others as well. The one question I keep asking myself is, "Isn't CPS supposed to work on reunification with parents versus wanting to sever a loving parent's bond with their children?"

I know you are aware of the current federal court order by Federal Judge Janis Graham Jack against CPS to address such issues similar to my case. Instead of CPS continuing to pay hefty fines for being noncompliant with the federal court order to improve Texas' foster care system, CPS needs to step up and acknowledge their failures and the money for fines can be spent towards protecting children which is the sole purpose of CPS. In a September meeting, Commissioner Jaime Masters expressed concern to Judge Jack on what she heard being reported, but did not express concern when I contacted her office directly regarding the safety of my children.

I want to sincerely thank you for your time and service to the citizens of Texas. I urge you to immediately address the issues within the foster care system so that CPS can successfully fulfill its purpose in ensuring children's safety. If more clarification is needed, particularly in my case, please contact me at ▓▓▓▓▓▓ or my mother, Nikki Carter at ▓▓▓▓▓▓

Also, I want to take this opportunity to acknowledge and thank you for your firm stand to reform CPS foster care system in Texas. Accountability is of the upmost importance in order to protect the lives of children who are in state custody. If my particular case cannot help my children in regards to CPS reform, it is my hope that it will help children in the future who are in the foster care system.

Sincerely,

Starletta Threet

Starlett~~a Threet~~

JACKSONVILLE FL 320

7 DEC 2020 PM 1 L





CLERK, U.S. DISTRICT COURT
RECEIVED
DEC 10 2020
SOUTHERN DIST. OF TEXAS
CORPUS CHRISTI, TEXAS

Federal Judge Janis Graham Jack
1133 N. Shoreline Blvd. Ste 3?
Corpus Christi, TX
78401-2042

78401-204295