IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| M.D., *b/n/f* STUKENBERG, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, his official capacity as Governor of the State of Texas; CECILE ERWIN YOUNG, in her official capacity as Executive Commissioner of the Health and Human Services Commission of the State of Texas; JAIME MASTERS, in her official capacity as Commissioner of the Department of Family and Protective Services of the State of Texas, <br><br> *Defendants*. | CIVIL ACTION NO. 2:11 CV-00084 |

**DEFENDANT'S RULE 53(f) MOTION TO
PARTIALLY MODIFY MONITOR'S REPORT [ECF 1066]**

Pursuant to Federal Rule of Civil Procedure 53(f), Defendant Greg Abbott, in his official capacity as Governor of the State of Texas (OOG), respectfully submits this objection and moves to partially modify a footnote contained in a recently filed report by the Court-appointed monitors. *See* ECF 1066 (*hereinafter* Monitors' Report).

Specifically, the OOG objects to footnote 29 because it implies that the OOG received information concerning placements in unlicensed facilities owned and operated by Family Tapestry, the single-source continuum contractor (SSCC) for community-based care in Region 8a, as early as October of 2020. That implication requires clarification.

1

The Texas Department of Family and Protective Services (DFPS) and the Texas Health and Human Services Commission (HHSC) have operational responsibility for managing the Texas foster care system. The agencies appeared at a hearing before this Court on April 20, 2021 concerning an assertion of deliberative process privilege by HHSC that centered on an email communication, dated September 12, 2020 (Email), between HHSC and the OOG.

The Email did not involve the placement of children in unlicensed facilities.[1] Telephonic/Zoom Hr'g Tr. at 6:4-19, April 20, 2021. ECF 1049. Elizabeth Farley, an employee of the Office of the Governor who serves as an advisor in the Budget and Policy Division, appeared at the hearing. During questioning by the Court (not included in footnote 29 of the Monitors' report), Ms. Farley testified that "the email that was in question was not specific to children being placed in an unlicensed facility." Telephonic/Zoom Hr'g Tr. at 15:8-15, April 20, 2021. ECF 1049.

The Monitors' report cited subsequent testimony from Ms. Farley in which she stated that the OOG "would have been informed by DFPS and HHSC [of children being placed in unlicensed facilities]" in October 2020. Telephonic/Zoom Hr'g Tr. at 15:16-21, April 20, 2021. ECF 1049. In order to resolve any confusion regarding this issue, the OOG has submitted a declaration from this witness as part of this filing. Ex. A at ¶¶ 4-5. As set forth in Ms. Farley's declaration, she was not informed by either DFPS or HHSC at that time that children were being placed in unlicensed facilities operated by Family Tapestry. Ex. A at ¶ 4. Ms. Farley did not learn of placements of children in unlicensed facilities operated by Family Tapestry until approximately the end of February or early March 2021. Ex. A at ¶¶ 4-5.

After reviewing the Monitors' Report, it became clear that the testimony provided on April 20, 2021, required clarification to dispel the misconception implicit in footnote 29 that the OOG

---

[1] The defendants have asserted that the Email is protected from disclosure by the deliberative process privilege. Although the Court and the monitors received a copy of the Email for *in camera* inspection following the April 20, 2021 hearing, the Court has not ruled on the assertion of privilege.

received information about placements in unlicensed facilities operated by Family Tapestry in October 2020. Ex. A at ¶ 4. Nor could such facts be true given that the Whataburger Center was placed on probation in the fall of 2020 and continued to hold a state-issued license though December 31, 2020. Telephonic/Zoom Hr'g Tr. at 259:19-25, May 5, 2021. ECF 1092, 1093. As a result, it was not the case that the OOG received information about placements in unlicensed facilities operated by Family Tapestry in October 2020.

## CONCLUSION

Based on the foregoing, this Court should sustain the objection and modify the Monitors' Report and strike the reference to testimony contained in footnote 29.

**Dated:** May 18, 2021

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted.

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
*Attorney-in-Charge*
Texas Bar No. 00798537
Southern District of Texas No. 1829509

*/s/ Eric A. Hudson*
ERIC A. HUDSON
Senior Special Counsel
Texas Bar No. 24059977
Southern District of Texas Bar No. 1000759

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548 Tel.: (512) 936-2266
Fax: (512) 457-4410

**Counsel for Greg Abbott, in his official capacity as Governor of the State of Texas**

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 18, 2021, I electronically filed the foregoing document through the Court's ECF system, which automatically serves notification of the filing on counsel for all parties.

                                  */s/ Eric A. Hudson*
                                  ERIC A. HUDSON
                                  Senior Special Counsel