IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| M.D., *b/n/f* STUKENBERG, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>**GREG ABBOTT**, his official capacity as Governor of the State of Texas; **CECILE ERWIN YOUNG**, in her official capacity as Executive Commissioner of the Health and Human Services Commission of the State of Texas; **JAIME MASTERS**, in her official capacity as Commissioner of the Department of Family and Protective Services of the State of Texas,<br><br>*Defendants.* | CIVIL ACTION NO. 2:11 CV-00084 |

## DECLARATION OF ELIZABETH FARLEY

Pursuant to 28 U.S.C. § 1746, I hereby declare that I am of sound mind, capable of making this declaration, and am personally acquainted with the facts stated herein:

1. I currently serve as a Budget and Policy Advisor for the Office of the Governor. In my role, I am responsible for coordinating with the Department of Family and Protective Services ("DFPS"), the Legislature, and various constituents and stakeholder groups regarding child-welfare issues.

2. As part of my duties, I meet regularly with DFPS, one of the two state agencies that have operational responsibility for managing the Texas foster care system.

3. On April 20, 2021, I appeared as a witness on behalf of the Office of the Governor at a court-ordered hearing regarding a discovery issue. I was asked to appear concerning an assertion of the deliberative process privilege by The Texas Health and Human Services Commission (HHSC). In particular, the correspondence at issue was between the Governor's office and Darla Shaw of HHSC and it was dated September 12, 2020.

4. During the hearing, the Court asked me when the Office of the Governor learned about children being placed in unlicensed facilities. When I answered the Court's questions during the hearing, I stated that in October 2020 the Office of the Governor knew children were placed in unlicensed facilities. After reviewing the excerpted portions of my testimony that

1

appear in footnote 29 of the document entitled, Court Monitors' Report to the Court Regarding Maltreatment in Care and Unsafe Placements for Children Without a Placement, I wish to partially clarify the excerpted testimony in the report. When asked the question by the Court, I thought the Court was referring to the email correspondence that was the subject of the assertion of privilege. That email did not relate to the placement of children in unlicensed facilities.[1] I did not learn from DFPS or HHSC about any placements in unlicensed facilities operated by Family Tapestry in October 2020. In fact, to the best of my knowledge, I was not told this had occurred until approximately the end of February or early March 2021.

5. Further, it is my understanding that the Whataburger Center maintained its license until it was relinquished December 31, 2020. Thus, if children were placed in the Whataburger Center when it was unlicensed that would not have occurred before December 31, 2020. And, as stated, I was not informed by either DFPS or HHSC that children were placed in unlicensed facilities operated by Family Tapestry until approximately the end of February or early March 2021.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 18, 2021.

*Elizabeth Farley*
ELIZABETH FARLEY

---

[1] It is my understanding the deliberative process privilege has been asserted as to the September 12, 2020 email, and that the email has been provided to the Court for its review.