| | |
|---|---|
| **From:** | Kevin Ryan |
| **To:** | Gdula, Kimberly |
| **Cc:** | Lawson,Corliss (DFPS); Lam,Taryn (HHSC); Bickham,David D (HHSC); Gallagher,Katy (HHSC); Roper,Tiffany (DFPS); Kozikoujekian,Vicki (DFPS); Bugg,Heather M (DFPS); Vogel,Ingrid (DFPS); Deborah Fowler |
| **Subject:** | Re: Information Request |
| **Date:** | Wednesday, March 31, 2021 3:13:59 PM |

**WARNING:** This email is from outside the DFPS system. Do not click on links or attachments unless you expect them from the sender and know the content is safe.

Thanks for your reply Kimberly.

When we brief the Court next month, I will relay your comments to Judge Jack to be sure she is aware.

Kevin

On Mar 31, 2021, at 4:07 PM, Gdula, Kimberly <Kimberly.Gdula@oag.texas.gov> wrote:

Kevin, while your email was addressed to Corliss, I thought it might be helpful if I respond directly since you are highlighting my statement in the transcript excerpt. During the September hearing, I was addressing a specific objection being raised with regards to how certain evidence being sought related to what was pleaded in the motion to show cause. Defendants do not dispute that RO 3 references PMC children, which is what I stated. However, in its order issued in 2018, the Fifth Circuit upheld liability findings based on two areas, as it succinctly stated in its July 2019 opinion (929 F.3d at 275): "We previously found that DFPS's policies violated Plaintiffs' substantive-due-process rights in two ways: (1) by maintaining overburdened caseworkers who are responsible for the children in the PMC; and (2) by failing to adequately monitor and oversee the children in the licensed foster care (LFC) subclass." It was never my intention when communicating an objection over the relevancy of testimony in a show cause hearing to call into question the Fifth Circuit's findings in this matter, and I apologize if there was confusion caused by that. Defendants are committed to meeting the obligations of the Remedial Orders as approved by the Fifth Circuit and will also continue to provide the Monitors with the free and complete access to agency records.

_____
**Kimberly Gdula**
Assistant Attorney General
General Litigation Division
300 W. 15th Street
Austin, Texas 78701
(512) 475-4071 (Direct)
(512) 320-0667 (Fax)

**Exhibit A**

**From:** Kevin Ryan <kevinmichaelryan1967@gmail.com>
**Sent:** Wednesday, March 31, 2021 1:57 PM
**To:** Lawson,Corliss (DFPS) <Corliss.Lawson@dfps.texas.gov>
**Cc:** Lam,Taryn (HHSC) <Taryn.Lam@hhs.texas.gov>; Bickham,David D (HHSC) <David.Bickham@hhs.texas.gov>; Gallagher,Katy (HHSC) <Katy.Gallagher@hhs.texas.gov>; Gdula, Kimberly <Kimberly.Gdula@oag.texas.gov>; Roper,Tiffany (DFPS) <Tiffany.Roper@dfps.texas.gov>; Kozikoujekian,Vicki (DFPS) <Vicki.Kozikoujekian@dfps.texas.gov>; Bugg,Heather M (DFPS) <Heather.Bugg@dfps.texas.gov>; Vogel,Ingrid (DFPS) <Ingrid.Vogel2@dfps.texas.gov>; Deborah Fowler <dfowler@texasappleseed.net>
**Subject:** Re: Information Request

Corliss,

This appears to be a different position than the State took in front of Judge Jack in September. Here is the September transcript excerpt:

```
THE COURT: So, remedial -- it's Remedial Order Three
that we're talking about, aren't we?
MR. YETTER: Yes, it is, for Statewide Intake, and CPI is
the same issue; it's a comparison within -- for the Court
to be able to understand the evidence of how, 14
essentially, a sister organization does the same issue of
investigations.
THE COURT: So, you're talking about CCI?
MR. YETTER: Well, I believe it's called CPI, Child 18
Protective Investigations, and it is --
THE COURT: Isn't that part of DFPS?
MR. YETTER: Yes, your Honor, it is. And I think it is for
unlicensed placements, if I understand the testimony.
THE COURT: Is it your position that Remedial Order Three
only applies to licensed placements?
MS. GDULA: Your Honor, the objection is that the

show cause motion that defendants are -- that is the basis
of his hearing only refers to RCCI, which is the -- the
witness that we put on yesterday. And, yes, that (indisc.)
RCCI would be the licensed care; CPI I understand to be
the non-licensed care.
THE COURT: I'm sorry. So, it's your position that Remedial
Order Three does not apply to unlicensed class?
MS. GDULA: No, your Honor. My position, the objection, has
to do with this -- over the show cause motion,
specifically.
THE COURT: Can I just ask your position? As to Remedial
Order Three, it does apply, in your opinion, to PMC
children in unlicensed placements.
MS. GDULA: Your Honor, I do understand that the language
in Remedial Order Number Three refers to the PMC kids.  It
is not under (indisc.) subsection (b) that is specific to
the non-licensed.
THE COURT: I'm sorry. I didn't understand your answer.
MS. GDULA: Yeah; no, no, I do understand that Remedial
Order Number Three references the PMC class, not RCCI
specifically. That's why I was clarifying my
objection. (page 7; lines 14-17)
THE COURT: Okay. Thank you. I appreciate that. Thank you.
```

**Exhibit A**

```
(indisc.) So -- okay. So, Mr. Yetter, would you

finish your objection? I interrupted you.
```
**MR. YETTER:** I am actually -- our position is that both the topic of SWI, Statewide Intake, and CPI are relevant to Remedial Order Number Three because they deal with investigations of the general class, the PMC class, and the Court had questions about them, the witnesses were not able to testify about them, and the State has brought witnesses that can, and it's relevant evidence for the Court to consider.
**THE COURT:** Thank you very much.
Go ahead.
**MS. GDULA:** Your Honor, are you ready --
**THE COURT:** Oh, I -- I need to -- let me overrule your objection so we have it on the record. Thank you.
**MS. GDULA:** Thank you, your Honor.

Kevin

On Mar 31, 2021, at 2:38 PM, Lawson,Corliss (DFPS) <Corliss.Lawson@dfps.texas.gov> wrote:

Hello Kevin,

Based on the Fifth Circuit's rulings, Remedial Order No. 3 is targeted to remedy inadequate monitoring and oversight of the licensed foster care subclass, which it defined as all members of the general class in licensed or verified foster care placements, excluding verified kinship placements. (M.D. by Stukenberg v. Abbott, 907 F.3d 237, 246 n.11 (5th Cir. 2018). For this reason, our compliance efforts have primarily focused on licensed foster care placements – meaning GROs and foster homes, which are investigated by CCI.

In compliance with Remedial Orders AA6 and AA10, DFPS has been providing data and information related to CCI and CPI investigations and will provide the data requested in your March 23, 2021 email to the best of its ability.  That data will be produced by separate communication. Would it be possible to obtain more clarity on the initial submission date for the newly requested data? And, in recognition of a monthly cadence, is your preference that the data thereafter be produced by a certain date of the month, for example,

**Exhibit A**

the 1st or 15th?

We're also reviewing the request to determine the availability of all data elements requested and will communicate to you if there are any barriers or challenges to its production.

Thank you,

Corliss

---

**From:** Kevin Ryan <kevinmichaelryan1967@gmail.com>
**Sent:** Tuesday, March 23, 2021 7:21 PM
**To:** Taryn Lam <Taryn.Lam@hhs.texas.gov>; Bugg,Heather M (DFPS) <Heather.Bugg@dfps.texas.gov>
**Cc:** Lawson,Corliss (DFPS) <Corliss.Lawson@dfps.texas.gov>; Kimberly Gdula <Kimberly.Gdula@oag.texas.gov>; Megan Annitto <mannitto@public-catalyst.com>; Deborah Fowler <dfowler@texasappleseed.net>
**Subject:** Information Request

> **WARNING:** This email is from outside the DFPS system. Do not click on links or attachments unless you expect them from the sender and know the content is safe.

Dear Heather and Taryn,

Please confirm that the DFPS and HHSC now share the understanding with the Monitors that the Monitors' request for Data and Information as previously conveyed applies to all Abuse, Neglect and Exploitation referrals and investigations of PMC children and is not restricted to information about CCI and CPI investigations.

Remedial Order 3

On a monthly basis, please provide:
Intakes
Provide a list of all referrals received by DFPS, via phone call, website, fax, regular mail and any other manner in which the referent expresses concern about child maltreatment regarding any and all PMC children in the General Class, regardless of placement type and licensure status on a monthly basis. This includes any and all calls to SWI hotline referring to all children in the PMC class, regardless of whether sent for investigation, and regardless of where the child is placed at the time the call/email is

**Exhibit A**

received by SWI. The list shall include the identification number of the referral; the PMC child identifier(s) linked to the referral; the date of the call/communication; the disposition of the report by Statewide Intake (where referred, whether it was classified as an intake or information and referral, and the priority assigned); the date and manner of notification to the child's primary caseworker of the allegations; and the disposition of the report by the office/division to which it is referred (CCI, RCCL, CPI, etc.) including whether it was referred for an abuse and neglect investigation, a minimum standards investigation, the priority assigned to the investigation, and any other information with regard to how the state addressed or planned to address the report.

Investigations
(OPEN):  For all investigations opened regarding any child in the PMC General Class on a monthly basis, provide the following: Intake data and time; Intake stage ID number; Investigation stage ID number; Person ID(for all alleged PMC victims); County where maltreatment is alleged; Most recent investigator name and ID; Date and time investigation stage started; Program conducting investigation; Child's placement type at intake; Placement resource at time of intake; the manner of initiation (action taken by the investigator that triggered the start of the investigation); the date/time of face to face contacts with alleged victim(s) as applicable noting any and all untimely face to face contacts and the reason(s) for any approved extensions to the face to face contact timeframe; the relationships of the alleged perpetrator(s) to the child-victims.

(CLOSED):   For all investigations that are closed involving any child in the PMC General Class on a monthly basis, provide the following: Data and time of intake; Intake stage ID number; Investigation stage ID number; Person ID(for all alleged PMC victims); County where maltreatment is alleged; Most recent investigator name and ID; Date and time investigation stage started; Program conducting investigation; Date the investigation completed; Date documentation is completed and submitted to the supervisor; the status of all allegations involving all PMC children; overall investigation disposition; the reason(s) for all approved extensions to the investigation completion date/time(when applicable); the date any notification letters are sent to parents, providers, and and/or referents.

**NOTICE:** There has been a change to my email address. Effective immediately, my new email address is:
Corliss.Lawson@dfps.texas.gov.

**Exhibit A**

**Exhibit A**