IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| M.D., *b/n/f* STUKENBERG, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>**GREG ABBOTT,** his official capacity as Governor of the State of Texas; **CECILE ERWIN YOUNG,** in her official capacity as Executive Commissioner of the Health and Human Services Commission of the State of Texas; **JAIME MASTERS,** in her official capacity as Commissioner of the Department of Family and Protective Services of the State of Texas,<br><br>*Defendants.* | CIVIL ACTION NO. 2:11 CV-00084 |

**GOVERNOR GREG ABBOTT'S ADVISORY
CONCERNING THE COURT'S SEPTEMBER 14, 2021 INQUIRIES**

Defendant Greg Abbott, in his official capacity as Governor of the State of Texas (OOG), respectfully submits this Advisory to respond to the Court's inquiries at the hearing held on September 14, 2021. Specifically, the Court asked OOG to respond to four issues.[1]

**I.   OOG's Position on Future Discussions Regarding CWOP**

On September 15, 2021, undersigned counsel sent an email to Deborah Fowler and Kevin Ryan indicating OOG's support for the Texas Health and Human Services Commission (HHSC), the Texas Department of Family and Protective Services (DFPS), and plaintiffs' counsel to meet in good

---

[1] The fourth query, whether the State has a unified position, was understood to be derivative of the Court's queries concerning DFPS's position and the Carson Parke litigation. To the extent that a separate response is required, OOG has been publicly vocal about the unified position of the State of Texas: HHSC and DFPS, as the operational arms of the Texas foster care system, will do exactly what is required to comply with state law and will fully comply with this Court's remedial orders.

1

faith to discuss possible solutions to the issues identified in the monitors' recently filed report. ECF 1132.

## II.    The Carson Parke Litigation

The monitors' report discussed litigation brought by a licensed foster care provider against HHSC. ECF 1132 at 24 n. 60. DFPS and the Governor are not parties to that litigation. At last week's hearing, the Court highlighted testimony from a DFPS deputy commissioner and a HHSC associate commissioner during a temporary injunction hearing brought by Carson Parke to prevent the license revocation action HHSC was pursuing against it. While the Court implied that DFPS and HHSC took opposite positions at this temporary injunction hearing, the OOG respectfully submits that the transcript indicates that the agencies testified about two different issues.

DFPS was subpoenaed to testify regarding Carson Parke's compliance with a corrective action plan issued by DFPS. A corrective action plan is a formal plan submitted by a contractor to correct a concern identified by DFPS. DFPS testified that it decided to lift the corrective action plan entered into by Carson Parke because it had met the plan's requirements. Transcript of Record, Motion for Temporary Injunction at 83:15-23, *Chester Pitts Foundation D/B/A Carson Parke v. Texas Health and Human Services Commission*, No. 2021-29160, 215th District Court, Harris County. Once the corrective action plan was lifted and DFPS believed that children were no longer at risk of harm, DFPS ended the placement hold and began placing children at Carson Parke. *Id.* at 83:15-25; 84:1-6. HHSC's testimony focused on the regulatory actions it took to address the distinct issue of Carson Parke's violations of minimum standards. ECF 1132 at 24 n. 60. Texas law requires that HHSC inspect the facilities owned and operated by license holders for minimum standard violations. *See* Tex. Hum. Res. Code § 42.004; Transcript of Record, Motion for Temporary Injunction at 164:9-16. And as HHSC described, it was a series of deficiencies during the probationary period that led to HHSC issuing an intent to revoke Carson Parke's license.

### III.     The Scope of the Court's General Injunction

During the September 14, 2021 hearing, the Court discussed an email from DFPS to the monitors regarding the agency's position on whether the Court's general injunction applies to PMC class members who are classified as a child without a placement (CWOP). The Court has directed OOG to provide its position on this issue.

The Court certified a general class composed of "all children who are now or will be in the Permanent Managing Conservatorship of Texas's [DFPS]." *M.D. Stukenberg v. Abbott*, 907 F.3d 237, 246 (5th Cir. 2018). While the Fifth Circuit did distinguish between the harms suffered by children in the licensed foster care subclass (LFC) from other subclasses, the language in the injunctions does not. The LFC is a subclass of the General Class, so even if an injunction did affect only LFC children, this Court and the Fifth Circuit could have reasonably found no harm in having each injunction apply to all children in the General Class as well.

The "LFC [class] includes all members of the General Class in licensed or verified foster care placements, excluding verified kinship placements." *Id.* at 246 n.11. There is nothing in the cases or injunctions that requires a child to be either within the General Class (of *all* PMC children) *or* the LFC class (which distinguishes between licensed and unlicensed facilities). Consequently, a General Class member should receive the same protections under the Court's remedial orders regardless of the licensed or unlicensed nature of the facility where the member is housed, unless the remedial order at issue specifies that it applies only to the LFC subclass or licensed or unlicensed facilities.

| | |
|---|---|
| **Dated:** September 21, 2021 | Respectfully submitted. |
| KEN PAXTON<br>Attorney General of Texas | PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>*Attorney-in-Charge*<br>Texas Bar No. 00798537 |
| BRENT WEBSTER<br>First Assistant Attorney General | Southern District of Texas No. 1829509 |

*/s/ Eric A. Hudson*
ERIC A. HUDSON
Senior Special Counsel
Texas Bar No. 24059977
Southern District of Texas Bar No. 1000759

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 936-2266
Fax: (512) 457-4410

**Counsel for Greg Abbott, in his official capacity as Governor of the State of Texas**

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2021, I electronically filed the foregoing document through the Court's ECF system, which automatically serves notification of the filing on counsel for all parties.

*/s/ Eric A. Hudson*
ERIC A. HUDSON
Senior Special Counsel