IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| M.D., b/n/f Sarah R. Stukenberg, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. 2:11-CV-00084 |
| GREG ABBOTT, in his official capacity | § | |
| as Governor of the State of Texas, et al., | § | |
| | § | |
| Defendants. | § | |

## AGREEMENT BETWEEN HHSC, DFPS, AND PLAINTIFFS' COUNSEL TO COLLABORATE

WHEREAS, during the September 14, 2021 status conference before the Court, the parties recognized that a Children Without Placement ("CWOP") problem exists in the Texas foster care system, and the parties subsequently defined the problem as follows: "Children in the PMC class are housed in CWOP Settings because of ongoing gaps in appropriate services and placements in Texas."

WHEREAS, for that reason, and on the suggestion of the Court and after much discussion, the parties agree to engage in good faith discussions and work in a collaborative manner to identify potential improvements for CWOP for the health and safety of the children.

To this end, the parties agree as follows:

1. A panel of three independent, nationally respected child welfare experts will be convened to understand, assess, and recommend to the parties, potential improvements. This Expert Panel will consist of an expert chosen by plaintiffs, an expert chosen by defendants, and a third expert chosen jointly by the two experts designated by the parties. Each expert will serve on the Expert Panel in a neutral capacity and not as a representative or as a consultant of any particular party.

2. The Expert Panel will begin work immediately upon being selected. It will work collaboratively with representatives of HHSC, DFPS, plaintiffs' counsel, and the Monitors. Its work will include access to all available data and nonprivileged information maintained by defendants that is relevant to this issue. The Expert Panel will decide which and whether data is relevant. It will determine how it carries out its work and will have full and prompt access to defendants' relevant data in doing its work.  Defendants may assert legal privileges should the scope of a request by the Expert Panel for data or information include legally privileged materials. The Expert Panel's work may be assisted, in its members' reasonable discretion, by a staff chosen by the Expert Panel. The cost of its work, including work of its staff, will be paid by the plaintiffs from and to the extent of funds

currently held in trust for the class by plaintiffs' private law firm counsel from the Court's initial attorney fees award. Defendants are not obligated to pay for the costs or fees incurred by the experts or their staff. Terms setting forth in more detail, the duration and scope of the Expert Panel members' engagements, will be provided in agreed upon letters of engagement.

3. The Expert Panel and parties will maintain the confidentiality of non-privileged data provided by defendants, and any work product developed by the Expert Panel, unless such data has been obtained through lawful means other than the work of the Expert Panel. Before beginning their work, the Expert Panel members and staff will execute the stipulation of confidentiality previously approved by the Court in this case (Amended Protective Order, entered July 12, 2012 [ECF No. 138] (the "Protective Order")). All parties agree that each of the Experts is a "Qualified Person" as that term is defined in the Protective Order. All meetings, data, discussions, and deliberations in which the Expert Panel or its staff participate will be confidential and subject to the Protective Order.

4. The Court and Monitors will have full access to all data considered and work product produced by the Expert Panel. The Monitors and their staff will remain subject to the current confidentiality protocols as approved previously by the Court. The parties' confidentiality commitments do not bind the Court in any way.

5. The data and any work product developed by the Expert Panel may be used by the Expert Panel members and the parties only for purposes of this engagement. The parties will be entitled to review the data and nonprivileged information reviewed or considered by the experts in developing recommendations and without waiving any claims of privilege or protections. This collaboration between the parties falls under Federal Rule of Evidence 408; therefore, neither the Expert Panel's work product nor any data provided pursuant to this agreement may be relied upon in any legal, administrative, or other proceeding by the parties or members of the Expert Panel. Nor will any Expert Panel member be called by any party to testify in this litigation, unless by agreement between all parties. This commitment by the parties not to call any member of the Expert Panel unless by agreement of the parties does not bind the Court.

6. The Expert Panel will work with the State to develop a plan containing specific, concrete recommendations to the parties and Monitors concerning CWOP as soon as practicable and, if feasible, by Dec. 15, 2021. Parties agree the plan may be shared with the Court via the Court's Monitors.

7. The Expert Panel recommendations are advisory. While defendants commit to cooperate in good faith with the Expert Panel, and consider the recommendations, defendants are not obligated to accept the recommendations in whole or in part, and the recommendations will impose no obligations upon defendants. Within 15 days of the parties' receipt of the Expert Panel's recommendations, the parties, the members of the Expert Panel, and the Monitors will convene in a meeting to discuss the recommendations and to establish a date certain by which defendants shall notify the plaintiffs and the Court's Monitors whether they accept and intend to implement the recommendations in whole or in part.  The parties' representatives at the meeting shall include counsel for the plaintiff class, counsel for each defendant, and agency leadership including the Commissioners of DFPS and HHSC.  No privileges or protections are waived by defendants by

virtue of disclosure to the Expert Panel or any of its members. Nothing in this Agreement expands or limits the scope of this litigation or any injunctive orders entered in it.

Dated: October 22, 2021

Respectfully submitted,

Samantha Bartosz (pro hac vice)
Stephen Dixon (pro hac vice)
CHILDREN'S RIGHTS
88 Pine Street
New York, New York 10005
(212) 683-2210
sbartosz@childrensrights.org

Marcia Robinson Lowry
A BETTER CHILDHOOD, INC.
355 Lexington Avenue, Floor 16
New York NY 10017
(646) 795-4456
mlowry@ABetterChildhood.org

 /s/ *R. Paul Yetter*
R. Paul Yetter
State Bar No. 22154200
Christian J. Ward
State Bar No. 24033434
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Barry F. McNeil
State Bar No. 13829500
HAYNES AND BOONE, LLP
2323 Victory Ave., Suite 700
Dallas, Texas 75219
(214) 651-5000
barry.mcneil@haynesboone.com

ATTORNEYS FOR PLAINTIFFS AND
THE GENERAL CLASS AND SUBCLASSES

  /s/ *Raymond Charles Winter*
RAYMOND C. WINTER
Chief, Civil Medicaid Fraud Division
State Bar No. 21791950
raymond.winter@oag.texas.gov

REYNOLDS BRISSENDEN
Director of Litigation,
Civil Medicaid Fraud Division
State Bar No. 24056969
S.D. Tex. Bar No. 874997
reynolds.brissenden@oag.texas.gov

EUGENIA L. KRIEG
Deputy Chief, Civil Medicaid Fraud Division
State Bar No. 24062830
S.D. Tex. Bar No. 3341569
eugenia.krieg@oag.texas.gov

PAUL B. MOORE
Assistant Attorney General
Special Litigation Counsel
State Bar No. 24032755
S.D. Tex. Bar No. 802542
paul.moore@oag.texas.gov

CIVIL MEDICAID FRAUD DIVISION
OFFICE OF THE ATTORNEY GENERAL
P. O. Box 12548, MC 056-1
Austin, Texas 78711
(512) 936-1937

COUNSEL FOR DEFENDANT
CECILE ERWIN YOUNG,
EXECUTIVE COMMISSIONER
OF THE TEXAS HEALTH &
HUMAN SERVICES COMMISSION

- 5 -

/s/ *Karl E. Neudorfer*

ELIZABETH J. BROWN FORE
Chief, Administrative Law Division
Assistant Attorney General
State Bar No. 24001795
elizabeth.brownfore@oag.texas.gov

KARL ERIC NEUDORFER
Assistant Attorney General
State Bar No. 24053388
karl.neudorfer@oag.texas.gov

OFFICE OF THE TEXAS ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 936-0804

ATTORNEYS FOR DEFENDANT
JAIME MASTERS, IN HER OFFICIAL CAPACITY AS
COMMISSIONER OF DEPARTMENT OF
FAMILY AND PROTECTIVE SERVICES
OF THE STATE OF TEXAS