IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| M.D., by her next friend, Sarah R. Stukenberg, *et al.*, | § § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| vs. | | CIVIL ACTION NO. 2:11-CV-00084 |
| GREG ABBOTT, in his official capacity as Governor of the State of Texas, et al., | | |
| *Defendants*. | | |

**ADVISORY TO THE COURT FROM DEFENDANT
JAIME MASTERS, IN HER OFFICIAL CAPACITY AS COMMISSIONER
OF THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

To the Honorable Janis Graham Jack, United States District Court Judge:

On March 26, 2022, the Court ordered the Texas Department of Family and Protective Services (DFPS) to "bring all video interviews of girls in relation to The Refuge investigations to the hearing" set for March 30, 2022 (ECF No. 1217). All such videos (the "Videos") contain highly sensitive information concerning not only the subjects of the Videos, but also about DFPS investigations and potentially ongoing law enforcement investigations. As a result, the Videos are highly confidential and protected from public disclosure under multiple sources of Texas law, *e.g.*, Tex. Fam. Code § 264.408(a), as well as under the Confidentiality Orders entered in this case (ECF Nos. 162, 838).

To protect the privacy interests of the subjects of the Videos, as well as to ensure the integrity of any ongoing investigations, DFPS requests that no copies be made of the Videos brought to the Court on March 31, 2022. DFPS further requests that if the Court wishes to view the Videos: (1) the Court shall order DFPS to allow the Court to view the Videos; (2) the Videos

1

shall be reviewable by only the Court and the Monitors but not the Monitors' staff; (3) any review of the Videos by the Court or the Monitors be conducted *in camera*; (4) any excerpts from, discussions of, or other materials derived from the Videos that are included in subsequent filings also be filed under seal; and (5) any discussion of the content of the Videos be held only in a closed courtroom.

Further, if the Court wishes to have a copy of the Videos provided to it, DFPS further requests that in addition to the above-listed five points, (1) the Court order DFPS to provide a copy of the Videos to the Court; (2) that if any Videos are filed with the Clerk of Court, that they be filed under seal; and (3) the Court maintain a single copy of the Videos and direct that no other copies of the Videos be made.

Respectfully Submitted,

*/s/ Karl Neudorfer*
KARL NEUDORFER
State Bar No. 24065444
Telephone: (512) 463-1410

CLAYTON R. WATKINS
State Bar No. 24103982
Telephone: (512) 475-3204

Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Facsimile: (512) 320-0167
karl.neudorfer@oag.texas.gov
clayton.watkins@oag.texas.gov

***Attorneys for Defendant Jaime Masters, in her official capacity as Commissioner of the Texas Department of Family and Protective Services***

2

## CERTIFICATE OF SERVICE

    I hereby certify that on March 29, 2022, a true and correct copy of the foregoing document has been served via e-service and/or email on all parties of record.

                      */s/ Karl Neudorfer*
                      KARL NEUDORFER