**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **M.D., by her next friend, Sarah R.** | § | |
| **Stukenberg, *et al.*,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:11-CV-00084 |
| | § | |
| **GREG ABBOTT, in his official** | § | |
| **capacity as Governor of the State of** | § | |
| **Texas, *et al.*,** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' RESPONSE TO CLASS PLAINTIFFS'
<u>SECOND APPLICATION FOR ATTORNEYS' FEES AND EXPENSES</u>**

Defendants Greg Abbott, in his official capacity as Governor of the State of Texas, Cecile Erwin Young, in her official capacity as Executive Commissioner of the Texas Health and Human Services Commission, and Jaime Masters, in her official capacity as Commissioner of the Texas Department of Family and Protective Services (collectively, "Defendants"), file this response to the *Class Plaintiffs' Second Application for Attorney Fees and Expenses* (ECF No. 1229 and 1230) ("*Plaintiffs' Second Fee Application*").

**<u>INTRODUCTION</u>**

On October 11, 2019, Plaintiffs submitted their first application for attorneys' fees and expenses to the Court. (ECF Nos. 682, 683, 764, 765). On July 14, 2020, the Court issued its *Order Granting In Part Plaintiffs' First Application for Attorney Fees* ("First Fee Order") and awarded Plaintiffs an overall award of over $12.4 million for the time period through October 11, 2019. (<u>Exhibit A</u> – Fee Order, ECF No. 908, p. 21). In its First Fee Order, the Court set forth the legal standard for fee award calculations, determined applicable hourly rates for Plaintiffs' counsel, addressed objections raised by Defendants and provided guidance for Plaintiffs' counsel to follow. *Id.*

Prior to Plaintiffs filing their Second Fee Application, the parties' counsel conferred on the Plaintiffs' second request for attorneys' fees and expenses. At that time, Defendants identified certain issues based in part on and consistent with the guidance provided by the Court in its First Fee Order. While Plaintiffs subsequently addressed some of the issues identified by Defendants, Plaintiffs have not addressed the bulk of the issues Defendants raised and those issues still remain as a part of Plaintiffs' Second Fee Application. Consequently, Defendants set forth below their objections to Plaintiffs' Second Fee Application and respectfully request the Court reduce the Plaintiffs' award accordingly.

## ARGUMENT

### I.   Defendants' Objections to Yetter Coleman's Fees and Expenses.

The Court should reduce by $198,537.29 the total amount of fees and expenses sought by Yetter Coleman of $246,491.50.[1] Doing so would entitle Yetter Coleman to a total fee and expense award of no more than $47,954.21 for the time period covered by *Plaintiffs' Second Fee Application*.

This reduction to the fees requested by Yetter Coleman is warranted because: (1) Yetter Coleman improperly seeks fees and expenses that were previously covered by the time period addressed by the First Fee Order; (2) Yetter Coleman seeks fees for duplicative and unnecessary time spent on an unsuccessful appeal; (3) Yetter Coleman seeks fees for excessive billings on Plaintiffs' 2019 motion to show cause; (4) Yetter Coleman seeks to recover for billings that are vague and excessive; and (5) Yetter Coleman seeks excessive lodging expenses to attend the November 5, 2019 Show Cause Hearing.

#### A. Yetter Coleman's Application Includes Fees and Expenses Prior to October 12, 2019.

---

[1] Mem. Supp. Plaintiffs' Second Fee Application, ECF No. 1230 at 5.

Plaintiffs' Second Fee Application improperly attempts a second bite at the apple to recover over $35,000 in Yetter Coleman's fees and expenses for time periods already addressed by the Court's First Fee Order.[2]  In its First Fee Order, the Court clearly stated, "Plaintiffs' first application for the time period *through October 11, 2019*, is GRANTED in part."  Exh. A – Fee Order, ECF No. 908 at 21 (emphasis added).  The Court awarded Plaintiffs an overall award of over $12.4 million for the time period through October 11, 2019. *Id*.

Despite this clear demarcation, Plaintiffs now ask the Court to order an additional $35,273 for Yetter Coleman's attorneys' fees and $139.95 for expenses from September 1, 2019 through October 11, 2019.[3]  Plaintiffs had the ability to raise these billings in their original request or even when the Court issued its order and they chose not to.  Judicial economy and order preclusion mean Plaintiffs cannot be allowed to continually return to seek

---

[2] The fees at issue are as follows:

Lonny Hoffman 51.4 hours at $535 = $27,499

Lisa Prince 5.4 hours at $125 = $675

Christian Ward 6.7 hours at $535 = $3,584

Paul Yetter 6.3 hours at $550 =  $3,465

Delonda Dean .4 hours at $125 = $50

The expenses are as follows:

Travel Expenses incurred on Oct. 1, 2019: $25.00

Transcript Expenses incurred on Oct. 10, 2019: $114.95

[3] Plaintiffs cite *Grisham v. City of Fort Worth*, 837 F.3d 564 (5th Cir. 2016) to make their argument that they are statutorily entitled to attorneys' fees.  *See* Plaintiffs' Memo, ECF No. 1230 at 8.  However, that case is inapposite and concerns only the full denial of attorneys' fees by a prevailing party.  Plaintiffs have not been denied attorneys' fees; instead, they have already collected millions of dollars.

3

additional attorney fees and payment from the public fisc that they should have asked for in the first place and on which the Court already considered and ruled.  It is not incumbent on the Defendants either to alert Plaintiffs to a problem, such as billing oversights for which Defendants could not have been aware of, or to ignore the preclusive effect of the Court's ruling, when to do so would allow them to recover more from the Defendants.  Because the First Fee Order had a preclusive effect on attorneys' fees through October 11, 2019, Defendants request a reduction of Yetter Coleman's attorneys' fees and expenses by $35,412.95.

**B. Yetter Coleman's Fees Should Be Adjusted for Plaintiffs' Unsuccessful Defense on Appeal**.

Plaintiffs impermissibly seek Yetter Coleman's fees and costs associated with Plaintiffs' unsuccessful defense of the appeal of the November 5, 2019 injunction.  As this Court previously noted in its First Fee Order, "work on [an] unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result."  Exh. A - Fee Order, ECF No. 908 at 4 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).  Plaintiffs' appeal was unsuccessful with the Fifth Circuit holding that Plaintiffs had violated the mandate rule.[4] *See M.D. v. Abbott*, 977 F.3d 479 (5th Cir. 2019).  Christian Ward primarily handled the appeal, and, for the time period at issue in their motion, Plaintiffs now seek 263.4 hours of Christian Ward's attorney time, billed at $535 per hour, relating solely for this appeal. Because the Fifth Circuit reversed and remanded in favor of all of Defendants' appellate issues, Plaintiffs cannot recover these fees.  Defendants request the Court strike these fees entirely.

---

[4] In recognition that Plaintiffs may have had to defend the appeal, at least at the outset before Defendants' filing, Defendants are only seeking to strike or reduce the appeal's primary attorney's fees while not challenging any other Yetter Coleman billings on this appeal.

Alternatively, if the Court believes the issues are intertwined to such an extent that they cannot be separated, Defendants request a reduction of 75%. As the Court noted in its First Fee Order, the most critical lodestar factor to be considered is the "result obtained." Exh. A – Fee Order, ECF No. 908 at 3, n.2. There is no equity or reasonableness in asking Defendants to pay for Plaintiffs' fees for unsuccessfully defending an appeal, and the Plaintiffs' loss in the Fifth Circuit is testament to the need for a reduced award of attorneys' fees.

Exacerbating this issue is the fact that the hours claimed are excessive compared to the result. Plaintiffs' motion seeks fees only through June 5, 2020. This appeal process continued through October 16, 2020, and, if the Court does not strike or reduce the fees here, Plaintiffs are likely to request further fees associated with the unsuccessful defense of the appeal in the future. Considering this fee request of over 260 hours covers **only half** of the appeal, and the result was a loss for Plaintiffs, a reduction of 75% of the fees, translating to a reduction of $105,689.25, is warranted by the lodestar factors.

### C. Yetter Coleman's Fees Should Be Adjusted for Excessive Time Spent Preparing the October 2019 Show Cause Filing.

Plaintiffs fail to exercise proper billing judgment in seeking Yetter Coleman's fees associated with the preparation of a 17-page motion to show cause.[5] [6] Plaintiffs cannot recover for work that was excessive. *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990) ("Hours which, though actually expended, nevertheless are excessive, redundant or otherwise unnecessary, … are not hours 'reasonably expended' and are to be excluded from

---

[5] The State is not challenging the time spent by Yetter Coleman preparing for and arguing the motion for order to show cause.

[6] *See* ECF No. 695 (Motion to Show Cause Why Defendants Should Not Be Held in Contempt, dated Oct. 18, 2019).

[the lodestar] calculation.") (quotations omitted).  As the Court previously noted in its First Fee Order, the time and labor required, and novelty and complication of the issues are several lodestar factors to be considered.  *See* Exh. A - Fee Order, ECF. No. 908 at 3 (citations omitted).

Yetter Coleman's fees are clearly excessive.  In preparing this brief motion to show cause, Yetter Coleman logged 54.4 hours (or $29,217.50) in attorney fees.  The bulk of this time – i.e., 43.9 hours – was billed by Lonny Hoffman, a senior attorney, at $535 per hour.[7]  Plaintiffs' motion to show cause did not raise any novel issues of law, did not address complex issues and the citations were readily available. Moreover, the underlying factual record relied upon by Plaintiffs was developed by the court's monitors and the motion narrowly focused on two remedial orders. *See* ECF No. 695 at 7.  Considering this motion to show cause should have been perfunctory and could have been done in far fewer hours by a junior staff attorney, under the lodestar analysis, a 75% fee reduction, totaling $21,913.13, is warranted.

### D. Yetter Coleman's Fees Should be Adjusted for Unexplained and Excessive Time Spent for "Appellate Review of Post-Judgment Orders."

Between September 1 and September 9, 2019,[8] Lonny Hoffman and Christian Ward billed 34.8 hours, all at $535 per hour, with only the vague description of "appellate review of post-judgment orders."[9]  Plaintiffs' terse description of this indefinite task does not provide

---

[7] In addition to the time of Lonny Hoffman, Paul Yetter had 4 hours at $550 per hour, and Christian Ward had 6.6 hours at $535 per hour.

[8] The hours and fees objected to here are completely subsumed within the hours and fees objected to under the Fee Order Preclusion objection set forth in Section I.A. above. As such. the reductions requested here will be mooted to the extent the Court sustains Defendants' objections to the Fee Order Preclusion.

[9] Mr. Hoffman's entries totaled 30.5 and Mr. Ward's were 4.3 hours.

sufficient information to make a determination of reasonableness for such exorbitant billing. As such, the 34.8 hours are excessive, unsupported, and should be struck. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995) (a "district court may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review").

This particular issue is heightened because this Court already reduced Plaintiffs' attorneys' fees for vague time records and block-billing abuses. *See* Exh. A – Fee Order, ECF No. 908 at 8, n. 4; 12, n. 8; and 14-15. Plaintiffs were already made aware by this Court and were on notice that their hours are subject to being reduced for exactly this sort of vagueness, yet they did not provide further clarification or detail in this latest request, despite the issue being raised by Defendants. Further, this issue is particularly aggravated because the fees Plaintiffs seek here should have been included in the previous attorneys' fees request (*See* supra Section I.A., Fee Order Preclusion). Instead of following the Court's prior guidance, the Plaintiffs have submitted these vague billing entries which should not be allowed. Defendants request the Court strike these fees in their entirety.

### E. Yetter Coleman seeks excessive lodging expenses to attend the November 5, 2019 Show Cause Hearing.

The Court should also reduce Yetter Coleman's lodging expenses to attend the November 5, 2019 Show Cause Hearing because they are excessive, under the rationale of the authorities cited in the First Fee Order. Yetter Coleman seeks to recover $442.21 for a one-night stay at the Westin Hotel in Dallas on November 4, 2019.[10] That lodging expense should be reduced by $292.21, which would allow Yetter Coleman to recover $150.00 for lodging expense incurred during the time period covered by Plaintiffs' Second Application.

---

[10] Ex. A-2 to Plaintiffs' Second Fee Application, ECF No. 1229-3 at 24, 27-28.

That result is consistent with the authorities cited in the Court's First Fee Order, which do not allow for reimbursement of subsistence expenses in excess of the maximum per diem amounts established by the General Services Administration (GSA). The First Fee Order cites *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins.*, 414 F.3d 558 (5th Cir. 2005), to support its conclusion that challenges to lodging expenses must be supported by evidence that the expense claims at issue are excessive or not the most economic options available.[11] *United Teacher Assocs.*, in turn, relies on 28 U.S.C § 1821 to support its holding that "the district court did abuse its discretion when it awarded subsistence costs to Union/USA in excess of the per diem amount authorized by [§ 1821]."[12] Section 1821 establishes the maximum subsistence allowance for witnesses in federal court proceedings as "an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services."[13] Therefore, an appropriate limitation on lodging expenses, as established by the Fifth Circuit in *United Teacher Assocs.*, is the maximum subsistence charge allowed by the GSA.

Yetter Coleman's lodging expenses exceed the maximum subsistence charge allowed by GSA. The GSA's maximum per diem rate for lodging in Dallas is $150 per night.[14] Yetter Coleman's reimbursement claim for lodging expenses thus should be reduced by $292.21, for a total allowable reimbursement rate of $150.00.

---

[11] First Fee Order at 19 (citing *United Teacher Assocs. Ins.*, 414 F.3d at 574).

[12] *United Teacher Assocs. Ins.*, 414 F.3d at 575.

[13] 28 U.S.C. § 1821(d)(2).

[14] U.S. General Services Administration, FY 2022 Per Diem Rates for Texas, *available at* https://www.gsa.gov/travel-resources (last visited May 24, 2022).

8

## II. __Defendants' Objections to A Better Childhood's Fees and Expenses__.

The Court should reduce by $10,546.98 the total amount of fees and expenses sought by A Better Childhood, which include Starbucks charges and charges from "Zutro Wine" (the reduction of $10,546.98 sought here is comprised of $9,774.75 in fees and $772.23 in expenses).[15] Doing so would entitle A Better Childhood to a total fee and expense award of no more than $24,781.53 for the time period covered by *Plaintiffs' Second Fee Application*.

This reduction to the fees and expenses requested by A Better Childhood is warranted because: (1) A Better Childhood seeks fees and expenses outside the time period allowed by the Court's First Fee Order; (2) A Better Childhood seeks fees for duplicative and unnecessary time spent on Plaintiffs' unsuccessful defense on appeal; (3) A Better Childhood seeks fees for vague and unexplained billings; and (4) A Better Childhood seeks reimbursement for excessive lodging expenses.

### A. Better Childhood's Fees and Expenses Should be Adjusted for Entries Prior to October 12, 2019.

Defendants incorporate their argument regarding fees sought in Plaintiffs' Second Application for time periods already addressed by this Court's First Fee Order. *See supra* I.A.

A Better Childhood seeks $3,695.50 from September 1, 2019, through October 11, 2019. Accordingly, Defendants request a reduction in A Better Childhood's attorneys' fees by $3,695.50.

Similarly, A Better Childhood also seeks $157.96 in expenses during this time. For the same reasons discussed above, Defendants request A Better Childhood's expenses be reduced by $157.96.

---

[15] Mem. Supp. Plaintiffs' Second Fee Application, ECF No. 1230 at 5.

**B.  A Better Childhood's Fees Should Be Adjusted for Unsuccessful Appeal Result**.

Defendants incorporate their argument regarding fees sought in Plaintiffs' Second Application for work performed on an unsuccessful defense of an appeal. *See supra* I.B.

A Better Childhood seeks $4,712.75 for work performed on the unsuccessful defense of the Court's November 5, 2019 Order on appeal.  Because A Better Childhood did not prevail in that appeal, its fees should be reduced by $4,712.75.

**C.      A Better Childhood Fee's Should be Adjusted for Unexplained Task.**

A Better Childhood seeks $266.50 for travel on October 1, 2019, described as "Houston – Portland (equivalent to Houston – NY)."  A Better Childhood does not include any justification for asking the Defendants to pay for the time spent travelling from Houston to Portland when its office is in New York and it is not known how this travel relates, if at all, to the matter before this Court.  Accordingly, this item should be eliminated entirely for a reduction of $266.50.

A Better Childhood also seeks fees in the amount of $825.00 for an April 13, 2020 meeting described as "rev. court order, SM submission, state submission, *Aarti summary of NY Plans*." (Emphasis added). This entry is vague and, for the reasons discussed above, should be struck in its entirety. *See Supra* I.D.

A Better Childhood seeks $275.00 for work performed on May 4, 2020, described as "rev. responses from SMs re appeal."  To determine whether a fee recovery is reasonable and appropriate, A Better Childhood should provide the documents and communications exchanged with the Monitors referenced in the time entry.  In the absence of those documents and communications, A Better Childhood's fees should be reduced by $275.00.[16]

---

[16] This $275.00 is also included among those challenged by the Defendants in section II.B.,

**D. A Better Childhood's Lodging Expenses Should Be Reduced to the Maximum Amounts Allowable Under the GSA's Per Diem Rates, Consistent with the Authorities Cited in the Court's First Fee Order.**

Defendants incorporate their argument regarding lodging expenses sought in Plaintiffs' Second application that exceed the maximum amounts allowable under the GSA's per diem rates. *See supra* I.E.

The Court should reduce A Better Childhood's lodging expenses because they are excessive, under the rationale of the authorities cited in the First Fee Order.  A Better Childhood seeks to recover a total of $1,014.27 for lodging during the period covered by Plaintiffs' Second Application, comprised of the charges for a one-night stay at the Adolphus hotel in Dallas on November 4, 2019 ($427.61) and a two-night stay at the Le Meridien hotel in Houston on February 17–18, 2020 ($586.66).[17]  That total lodging expense of $1,014.27 should be reduced by $614.27, which would allow A Better Childhood to recover $400.00 for lodging expenses incurred during the time period covered by Plaintiffs' Second Application.

A Better Childhood's lodging expenses exceed the maximum subsistence charge allowed by GSA.  The GSA's maximum per diem rate for lodging in Dallas is $150 per night, and its maximum per diem rate for lodging in Houston in $125 per night.[18]  At these rates, the maximum reimbursable charges for A Better Childhood's lodging expenses is $400.00

---

relating to the unsuccessful defense of an appeal.  If this Court modifies A Better Childhoods' fees as a result of that argument, no further modification of this particular fee is needed.

[17] Ex. C-2 to Plaintiffs' Second Fee Application, ECF No. 1229-3 at 16, 25–26. While A Better Childhood's total charges at the Le Meridien hotel in Houston are $635.80 (*id.* at 25-26), the $586.66 figure set forth in the main text is for lodging charges only at Le Meridien; it excludes the meal charges incurred there.  In other words, Defendants are challenging A Better Childhood's excessive lodging charges at Le Meridien; it does not challenge the meal expenses incurred there.

[18] U.S. General Services Administration, FY 2022 Per Diem Rates for Texas, *available at* https://www.gsa.gov/travel-resources (last visited May 24, 2022).

(one night in Dallas at $150/night, and two nights in Houston at $125/night).  A Better Childhood's lodging expense reimbursement claim of $1,014.27 thus should be reduced by $614.27, for a total allowable lodging expense reimbursement of $400.00.

## III.  <u>Defendants' Objections to Children's Right's Fees and Expenses</u>.

The Court should reduce by $21,664.05 the total amount of fees and expenses sought by Children's Rights ($62,141.51, comprised of $58,360.75 in fees and $3,780.76 in expenses),[19] a reduction of $18,813.00 in fees and $2,851.05 in expenses.  Doing so would entitle Children's Rights to a total fee and expense award of no more than $40,477.46 for the time period covered by *Plaintiffs' Second Fee Application*.

This reduction to the fees and expenses requested by Children's Rights is warranted because:  (1) Children's Rights seeks fees and expenses outside the time period allowed by the Court's First Fee Order; (2) Children's Rights seeks fees for duplicative and unnecessary time spent on the unsuccessful defense of an appeal; (3) Children's Rights seeks fees for unnecessary duplication of efforts on Plaintiffs' 2019 motion to show cause; and (4) Children's Rights seeks to recover expenses that are either unnecessary or appear to have no connection with this case.

### A. The Court's First Fee Order Precludes $3,718.00 of the Fees Sought by Children's Rights.

The Court should deny Children's Rights' request for all fees for services performed through to October 11, 2019, because those fees were incurred prior to the time period allowed for fee recovery by the Court's July 2020 Fee Order.  As explained above, the First Fee Order allows Plaintiffs to recover only those fees incurred on October 12, 2019 and thereafter; it

_____

[19] Mem. Supp. Plaintiffs' Second Fee Application, ECF No. 1230 at 5.

precludes recovery of fees for services performed prior to that date.[20]   Therefore, all fees sought by Children's Rights prior to that date cannot be recovered.

Here, Children's Rights seeks to recover for 6.46 hours expended between September 16, 2019 and October 11, 2019, inclusive, for which Children's Rights seeks to be reimbursed $3,718.00.  Therefore, the preclusive effect of the First Fee Order will reduce the amount of fees recoverable by Children's Rights by $3,718.00.

### B.  The Court Should Reduce the Fees Sought by Children's Rights for Duplicative Work Spent on the Unsuccessful Defense of an Appeal.

The fee award sought by Children's Rights is subject to further reduction because some of the work for which Children's Rights seeks to recover fees is attributable to duplicative work on Defendants' appeal of a portion of this Court's November 5, 2019 Order.[21] With its time entries on April 17, 22, 27, and 28, 2020, and May 1, 6, 8, 11, 12, 13, 14, and 15, 2020, Children's Rights seeks to recover $10,169.25 (19.08 hours) in fees for its work on this appeal,[22] in addition to the $241,231.50 sought by Yetter Coleman.

Given that Children's Rights work on this appeal is duplicative of that of Yetter Coleman's, and that (as discussed in section I.B., above) the appeal was unsuccessful for Plaintiffs, Children's Rights should not be permitted to recoup these fees from Defendants. As this Court recognizes, "[t]he Supreme Court has ruled that if a litigant brings multiple claims against the same defendant in a lawsuit and prevails on only some of the claims, work on the unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate

---

[20] Exh. A - Fee Order, ECF No. 908 at 21.  *Accord*:  Section I.A, above.

[21] Order, entered November 7, 2019, at 19–20, *reversed by M.D. bnf Stukenberg v. Abbott*, 977 F.3d 479 (5th Cir. 2020) ("*Stukenberg III*").

[22] Plaintiffs' Second Fee Application, Ex. B, ECF No. 1229-2.

result."[23]  Therefore, Children's Rights' fee claim should be reduced by $10,169.25, the total amount of time spent in its unsuccessful defense on appeal.

### C.  The Court Should Reduce the Fee Award Sought by Children's Rights for Duplicative and Excessive Work on the 2019 Motion to Show Cause.

Children's Rights is likewise not entitled to recover fees for the duplicative work it did on Plaintiffs' 2019 Motion to Show Cause.  On October 11 and 14, 2019, Children's Rights' Stephen Dixon billed a total of $1,843.00 (3.88 hours) in connection with the preparation of this motion.[24]  This time is in addition to Yetter Coleman's expenditure of 54.4 hours on the preparation of this same motion, an amount that in itself appears excessive.  Mr. Dixon's time is therefore unnecessary and duplicative, and Children's Rights should not be awarded the $1,843.00 sought by Children's Rights in reimbursement for these efforts.

Nor should Children's Rights recover for the unnecessary work it did in preparation for the hearing on Plaintiffs' 2019 Motion to Show Cause.  In entries dated October 30 and 31, 2019, and November 1, 4, and 5, 2019, Children's Rights billed $3,082.75 (6.45 hours) to prepare for this hearing.[25]  However, Children's Rights attorneys played no visible role at the hearing, for which A Better Childhood billed $8,662.50 and Yetter Coleman (which led the effort at the hearing) billed $11,769.50.  Children's Rights did not add another $3,082.75 in value, and thus its fee claim should be reduced by that amount as well.

---

[23] Exh. A - Fee Order, ECF No. 908 at 4 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

[24] Plaintiffs' Second Fee Application, Ex. B, ECF No. 1229-2.

[25] *Id.*

14

**D.  Children's Rights Is Not Entitled to Any of the Expenses for Which It
Seeks Reimbursement.**

The Court should not award Children's Rights most of the expenses for which it seeks
reimbursement in Plaintiffs' Second Fee Application.  Of Children's Rights' expense claims,
a total of $2,851.05 is not recoverable.

The first expense for which Children's Rights seeks recovery is $953.72, for the travel
expenses of Samantha Bartosz incurred in connection with an October 1, 2019 trip.  Not only
does the October 1, 2019 occurrence of this trip pre-date the period of allowable recoveries
under the Court's First Fee Order, but also Children's Rights' time entries for October 1, 2019
and the surrounding dates reflect no work done on this case during that time period.
Defendants (and Texas taxpayers) should not be required to reimburse Children's Rights for
a trip that has no apparent connection to this case.  Children's Rights expense reimbursement
claim therefore should be reduced by $953.72.

The second expense for which Children's Rights seeks recovery is $1,100.36, to cover
the travel expenses for Stephen Dixon's November 4, 2019 trip to attend the hearing on
Plaintiffs' 2019 motion to show cause.  Mr. Dixon played no apparent role at this hearing, at
which Plaintiffs were represented by multiple other counsel.  Because Mr. Dixon's presence
at this hearing was unnecessary, Defendants should not be required to cover the associated
travel expenses.  Accordingly, Children's Rights expense reimbursement claim should be
reduced by an additional $1,100.36.

The third expense for which Children's Rights seeks reimbursement—$796.97 for
travel and meal expenses incurred in connection with a February 18, 2020 trip by Stephen
Dixon—also should be denied.  Mr. Dixon's presence at this event was unnecessary, insofar
as Samantha Bartosz from Children's Rights also attended, as did attorneys from Yetter
Coleman and A Better Childhood.  In addition, a $124.90 dinner expense incurred during this

15

trip (at Irma's) was with a client and an unspecified "potential witness," the costs for which Defendants (and Texas taxpayers) should not be required to bear. Because Mr. Dixon's presence on this trip was unnecessary and duplicative, and because the Irma's dinner charges incurred during it have no discernable relation to this case, Defendants should not be required to pay for them. The full amount of the $796.97 expense reimbursement claim for this trip should be denied.[26]

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request the Court reduce the award of attorney's fees and expenses being requested by Plaintiffs and their three sets of counsel. Defendants respectfully request that the Court award Yetter Coleman a fee award of no more than $47,954.21; award A Better Childhood a fee award of no more than $24,781.53; and award Children's Rights a fee award of no more than $40,477.46.

---

[26] Alternatively, if the Court does allow recovery of Mr. Dixon's travel expenses, it should limit them to the maximum amounts allowable under the GSA's per diem subsistence rates, for the reasons set forth in section II.D, above.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney
General

GRANT DORFMAN
Deputy First Assistant Attorney
General

SHAWN E. COWLES
Deputy Attorney General for
Civil Litigation

PATRICK K. SWEETEN
Deputy Attorney General for
Special Litigation

RAYMOND C. WINTER
Chief—Civil Medicaid Fraud
Division

ELIZABETH J. BROWN FORE
Chief—Administrative Law
Division

PATRICK SWEETEN
Senior Special Counsel
Texas Bar No. 00798537
S.D. Texas Bar No. 1000759

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, TX 78711-2548
Tel.:  (512) 936-2266
Fax:  (512) 457-4410
Email:  eric.hudson@oag.texas.gov

*Counsel for Defendant Greg Abbott,
in his official capacity as Governor of the State
of Texas*

17

*Reynolds Brissenden by permission RBM*

Reynolds Brissenden
Director of Litigation, Attorney-in-Charge
Civil Medicaid Fraud Division
Texas Bar No. 24056969
S.D. Texas Bar No. 874997

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, TX 78711-2548
Tel.:  (512) 936-2266
Fax:  (512) 457-4410
Reynolds.brissenden@oag.texas.gov

**Counsel for Defendant Cecile Erwin Young, in
her official capacity as Executive Commissioner
of the Texas Health and Human Services
Commission**

*Karl E. Neudorfer by permission RBM*

KARL E. NEUDORFER
State Bar No. 24053388
CLAYTON R. WATKINS
State Bar No. 24103982
Assistant Attorneys General
Administrative Law Division

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.:    (512) 463-1410
Fax:    (512) 320-0167
karl.neudorfer@oag.texas.gov
clayton.watkins@oag.texas.gov

**Counsel for Defendant Jaime Masters, in her
official capacity as Commissioner of the Texas
Department of Family and Protective Services**

18

## CERTIFICATE OF SERVICE

I certify that on May 27, 2022, a true and correct copy of the foregoing document is being served via electronic filing on all parties of record.

Reynolds Brissenden

19