United States District Court
Southern District of Texas
**ENTERED**
November 09, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| M.D. by next friend STUKENBERG, *et al.*, § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. 2:11-CV-00084 |
| § | |
| GREG ABBOTT, *et al.*, § | |
| Defendants. § | |

# ORDER GRANTING IN PART PLAINTIFFS' SECOND APPLICATION FOR ATTORNEY'S FEES

Pending before the Court is Plaintiffs' second application for attorney's fees and expenses. D.E. 1229; D.E. 1230. This application covers the time period of September 1, 2019 to May 31, 2020. D.E. 1229, at 1.

## I. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

The procedural history of this eleven years of litigation is adequately described in this Court's December 17, 2015 Memorandum Opinion and Verdict, January 2018 Order, and November 2018 Order. D.E. 368; D.E. 559; D.E. 606. After the November 2018 Order, Defendants appealed to the Fifth Circuit. D.E. 607. On July 8, 2019, the Fifth Circuit remanded the case for implementation of the order. *M.D. ex rel. Stukenberg v. Abbott*, 929 F.3d 272 (5th Cir. 2019). On October 11, 2019, Plaintiffs filed a motion requesting an award for attorneys' fees, expenses, and costs. D.E. 681; D.E. 682; D.E. 683; D.E. 684; D.E. 685; D.E. 686; D.E. 687; D.E. 688. On October 31, 2019, Defendants filed a motion objecting to Plaintiffs' Bill of Costs, and on November 1, 2019, Defendants filed their response to Plaintiffs' motion for attorney's fees. D.E. 706; D.E. 709. On December 9, 2019,

Plaintiffs filed their reply in support of their application for attorney's fees and their response to Defendants' objections to the Bill of Costs. D.E. 764; D.E. 769. On January 13, 2020, Defendants filed their sur-reply to Plaintiffs' responses. D.E. 784; D.E. 785. On July 14, 2020, the Court granted in part, Plaintiffs' first application for attorney's fees. D.E. 908. On April 6, 2022, Plaintiffs filed a second application for attorney's fees and expenses. D.E. 1229; D.E. 1230. Defendants filed their response on May 27, 2022. D.E. 1240. Plaintiffs filed their reply on June 10, 2022. D.E. 1265; D.E. 1265-1.

### III. LEGAL STANDARD

42 U.S.C. § 1988 governs fee awards for prevailing civil-rights plaintiffs in lawsuits brought under 42 U.S.C. § 1983. *McNamara v. Moody*, 606 F.2d 621, 626 (5th Cir. 1979); 42 U.S.C. § 1988. The statute provides that "[i]n any action or proceeding to enforce a provision of section [1983], . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b); *Universal Amusement Co. v. Vance*, 587 F.2d 159, 172 (5th Cir. 1978). As acknowledged in the Court's First Order regarding attorney's fees, it is undisputed that Plaintiffs are the prevailing party. D.E. 908, at 4-5. The Fifth Circuit applies a two-step method in calculating the fee award for the prevailing party. *Combs v. City of Huntington*, 829 F.3d 388, 391-92 (5th Cir. 2016); *Jackson v. Host Intern., Inc.*, 426 F. App'x 215, 225-26 (5th Cir. 2011). The court must first calculate a lodestar amount "equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community[1] for similar work." *Rutherford v. Harris Cnty.*, 197 F.3d 173, 192 (5th Cir. 1999); *see, e.g.*, *Neles-Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp 979, 985-86 (S.D. Tex. 1997); *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379 (5th Cir. 2010). The burden of

---

[1] State of Texas

demonstrating the reasonableness of the number of hours expended and the hourly rates charged falls on the fee applicant. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a "strong presumption" that the lodestar is the reasonable fee. *Kenny A. ex rel. Winn v. Perdue*, 559 U.S. 542, 554 (2010). This however "may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.*

After calculating the lodestar amount, a district court's next step is to consider whether to enhance or decrease the lodestar based on twelve *Johnson* factors. *Combs*, 829 F.3d 388 at 392. These factors are: (1) time and labor required; (2) novelty and complication of the issues; (3) skill required; (4) whether the attorney had to refuse other work to litigate the case; (5) attorney's customary fee; (6) whether fee is fixed or contingent;[2] (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained;[3] (9) attorney's experience, reputation, and ability; (10) whether the case was "undesirable;" (11) the nature and length of relationship with the clients; and (12) awards in similar cases. *Rutherford*, 829 F.3d at 192 n.23; *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The burden of proving that an enhancement is necessary is placed upon the fee applicant. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The district court "must provide a reasonably specific explanation for all aspects of a fee determination" and that the record indicates that the court utilized the *Johnson* framework for its analysis. *Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 596 (5th Cir. 2016); *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 642 (5th Cir. 2012). However, "[m]any of these

---

[2] The Supreme Court holds that that the contingent nature of a case cannot serve as a basis for enhancement of attorneys' fees under traditional fee-shifting provisions. *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992).
[3] The Supreme Court notes that the "most critical factor" in determining the reasonableness of a fee award is "the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

[*Johnson*] factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate…and should not be double-counted." *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). Enhancing the lodestar is a "rare" circumstance since there is a strong presumption that the lodestar amount is already the reasonable fee. *Kenny A. ex rel. Winn*, 559 U.S. 542 at 548, 554.

## IV. DISCUSSION

Plaintiffs initially requested the following fees and expenses:

| Fees: 09/01/19 - 05/31/20 | |
|---|---|
| Yetter Coleman LLP (Ex. A-1) | $246,491.50 |
| Children's Rights (Ex. B-1) | $58,360.75 |
| A Better Childhood (Ex. C-1) | $32,896.00 |
| **Total Fees** | **$337,748.25** |

| Expenses: 09/01/19 - 05/31/20 | |
|---|---|
| Yetter Coleman LLP (Ex. A-2) | $2,850.64 |
| Children's Rights (Ex. B-2) | $3,780.76 |
| A Better Childhood (Ex. C-2) | $2,432.51 |
| **Total Expenses** | **$9,063.91** |
| | |
| **Total** | **$346,812.16** |

D.E. 1229, at 2.

Defendants argue that Yetter Coleman's total fee and expense award should be limited to $47,954.21. D.E. 1240, at 2. Defendants argue that A Better Childhood's total fee and expense award should be limited to $24,781.53. *Id.* at 9. Defendants argue that Children's Rights' total fee and expense award should be limited to $40.477.46. *Id.* at 12. On reply, A Better Childhood

agrees to withdraw their request for $266.50 for travel on October 1, 2019 and $825.00 for an April 13, 2020 meeting. D.E. 1265, at 5 n.1. Children's Rights agrees to withdraw their request for $796.97 for travel and a meal on February 18, 2020. *Id.* at 6 n.3, 8. Plaintiffs sustain all other fees and expenses requested. A Better Childhood's modified expenses is $1,341.01. *Id.* at 5. Children's Rights' modified expenses is $2,983.79. *Id.* at 6.

### A. DEFENDANTS' OBJECTION ON PRECLUSION GROUNDS

Defendants object to attorney's fees and expenses from September 1, 2019 to October 11, 2019 on grounds that they were precluded by the First Order. D.E. 1240, at 3, 9, 12-13. However, Plaintiffs did not request fees or expenses from that period in the First Order and there is no overlap. Aside from one expense from Yetter Coleman on September 4, 2019, D.E. 681, at 5, none of the Plaintiffs' requested fees or expenses occurred past August 31, 2019 in the First Order. Yetter Coleman's expense on September 4 was not repeated in this fee application. Moreover, Defendants cite no case law or point to any language in the First Order that indicates that the First Order was intended to be preclusive. Defendants must make a showing of special circumstances that justify the denial of fees and costs to a prevailing party in a Section 1983 suit. *Riddell v. Nat'l Democratic Party*, 624 F.2d 539, 543-44 (5th Cir. 1980). Defendants make no special showing here, so the objection is overruled. Fees and expenses from September 1, 2019 to October 11, 2019 can be awarded to Plaintiffs.

### B. DEFENDANTS' OBJECTION TO ATTORNEY'S FFES FOR UNSUCCESSFUL APPEAL

Defendants argue that Plaintiffs' counsel should be unable to collect attorney's fees for work performed in defense of Defendants' third appeal, "because the Fifth Circuit reversed and remanded in favor of all of Defendants' appellate issues." D.E. 1240, at 4. In the

alternative, Defendants request that, if the Court finds the issues cannot be separated as it did in the First Order, the Court considers Johnson Factor #8 (results obtained) and reduce the lodestar amount by 75%. *Id.* at 5.

As stated above, the Court held in its First Order that Plaintiffs are the prevailing party. D.E. 908, at 4-5. Defendants' request to completely deny attorney's fees for work performed defending the Court's holding is meritless. *Sanchez v. City of Austin*, 774 F.3d 873, 881 (5th Cir. 2014) ("A prevailing plaintiff's degree of success is not a special circumstance that justifies a complete denial of § 1988 fees.") However, the Court is required to consider, when awarding attorney's fees, the plaintiff's success in the litigation. *Hensley*, 461 U.S. at 440 (1983) ("We hold that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988."). Defendants raised a similar objection in response to Plaintiffs' first application for attorney's fees, arguing that Plaintiffs only achieved limited success and therefore the lodestar amount should be reduced to only reflect Plaintiffs' successful claims. D.E. 908, at 4. However, the Court refused to reduce the lodestar amount merely because some claims were unsuccessful and considered the claims intertwined. *Id.* at 5. Here, Defendants' third appeal did not alter the fact that the Plaintiffs prevailed in the class action overall. Rather, the Fifth Circuit directed this Court to follow its mandate, so the parties' relationship remains unchanged from the time the Court made its determination in the First Order. The objection to attorney's fees for an unsuccessful defense of appeal is overruled.

### C. DEFENDANTS' OBJECTION TO LODGING EXPENSES

Defendants argue that that the hotel expenses incurred by A Better Childhood and Yetter Coleman are excessive, as they are beyond the maximum per diem rate. D.E. 1240, at 7-8,

11-12. The Court addressed this objection in its First Order and held as follows: "Defendants, in turn, have provided no evidence that the hotel rates Yetter Coleman paid were above-average or extravagant at the various locations Yetter Coleman attorneys stayed during the years' long litigation for accommodations during oral arguments and hearings, or that less-expensive alternatives to what Yetter Coleman chose were available. *See United Teacher Assocs. Ins. Co. v. Union Labor Life Ins*., 414 F.3d 558, 574 (5th Cir. 2005) (hotel expenses approved for prevailing party where opposing party offered no evidence to support claim that most economical rate available was not used)." D.E. 908, at 19.

In support of their current objection, Defendants only cite the per diem rate for the various cities in which counsel stayed, but the Defendants have not shown that the amounts paid by counsel were above-average or extravagant at the various locations, nor have they shown less-expensive available alternatives were available. As in the First Order, this objection is overruled.

### D.  DEFENDANTS' OBJECTION TO YETTER COLEMAN'S ATTORNEY'S FEES FOR THE SHOW CAUSE MOTION

Defendants argue that Yetter Coleman failed to show proper billing judgment when preparing the 2019 show cause motion by alleging that Yetter Coleman spent too much time researching and drafting the motion. D.E. 1240, at 5-6. However, Yetter Coleman's time sheets describe, in detail, the work done in preparation for this motion. D.E. 1229-1, at 8-12. Defendants argue that it should have taken less time to prepare as it "did not raise any novel issues of law, did not address complex issues and the citations were readily available,"[4] but Defendants fail to adequately describe how the motion did not address complex issues or

---

[4] D.E. 1240, at 6.

how the citations were readily available. Furthermore, the facts at issue in the 2019 show cause motion are anything but simple, and the show cause motion requires sincere attention from experienced counsel, as it directly affects the health and safety of Texas' foster children. Defendants' claim that the "motion to show cause should have been perfunctory and could have been done in far fewer hours by a junior staff attorney"[5] lacks a basis for why a junior attorney could have performed the work to the same level of quality or done it in less time. Defendants' objection is overruled.

### E.  DEFENDANTS' OBJECTION TO EXCESSIVE TIME SPENT BY YETTER COLEMAN ON "APPELLATE REVIEW OF POST-JUDGMENT ORDERS"

Defendants argue that Yetter Coleman's billing description of "appellate review of post judgment orders" is too vague for the Court to assess whether the task merited approximately thirty-five hours of attorney work and request the Court to strike these fees in their entirety. D.E. 1240, at 6-7. While the entry without context may be insufficiently descriptive, when taken together with other billing entries, it indicates that the research led to the drafting of a memorandum on appeals under Section 1291, Section 1292(a)(1), and mandamus. D.E. 1229-1, at 6. Defendants argue that the Court previously admonished Plaintiffs for vague billing practices, D.E. 1240, at 7, but the Court's prior fee reduction applied to Children's Rights, A Better Childhood and Haynes & Boone, not Yetter Coleman. *See* D.E. 908, at 8-9, 12-15. This objection is overruled.

---

[5] *Id.*

## F. DEFENDANTS' OBJECTION TO A BETTER CHILDHOOD'S VAGUE BILLING

Defendants claim that A Better Childhood's billing description on May 4, 2020 of "rev. responses from SMs re appeal" is too vague for the Court to properly determine whether it is reasonable. D.E. 1240, at 10. Defendants argue for a fee reduction of $275.00. *Id.* The Court agrees that it is impossible to determine whether the work was duplicative or excessive, as it is unclear as to what information Lowry reviewed. In contrast, Yetter Coleman's billing sheet sufficiently shows the issue discussed with the monitors. For example: "Review and respond to email from Monitor regarding Covid-19 situation." D.E. 1229-1, at 17. Furthermore, A Better Childhood's fee was reduced in the First Order for vagueness and block billing, and it remains their burden to prove they should be paid these fees and that their work is not duplicative. D.E. 908, at 12-13. Due to vagueness, the Court will consider this objection.

After the Court considers the fees requested, reasonable number of hours expended at reasonable rates, Defendants' vagueness objection and the *Johnson* factors, the Court awards $23,440.52 in attorney's fees to A Better Childhood.

## G. DEFENDANTS' OBJECTION TO CHILDREN'S RIGHTS' DUPLICATIVE WORK

Defendants argue that Children's Rights engaged in duplicative billing for its work on the appeal, preparing the 2019 show cause motion as well as its work at the 2019 show cause motion hearing. D.E. 1240, at 13-14. Defendants specifically contest the work performed by Stephen Dixon on October 11 and 14, 2019 on the show cause motion and wants Children's Rights' fees reduced by $1,843.00. *Id.* at 14. Defendants also object to work performed on October 30 and 31, 2019 and November 1, 4, and 5, 2019 in preparation for the hearing and

want Children's Rights' fees reduced by $3,082.75. *Id.* The Court finds Children's Rights' entries to be vague and engaging in block billing, which the Court admonished in its First Order. D.E. 908, at 8-9. For example, Children's Rights' billing log on October 11, 2019 stated: "Legal research, preparation of motion, and email with co-counsel regarding contempt in case." D.E. 1229-2, at 7. The billing log on October 14, 2019 stated "Legal research and emails with team members regarding contempt motion." *Id.* Children's Rights' entries for preparation for the hearing sometimes just say "preparation for contempt hearing" or "preparation for contempt" without details about what preparation was done. *Id.* at 7-8. In comparison, Yetter Coleman's entries tended to be more detailed and include specific time allocations. For example, "[e]xtensive preparation for upcoming hearing on motion to show cause against the State of Texas with regard to failure to comply with court rulings, including review of pleadings, exhibits, and other information regarding developments (6); emails with co-counsel and monitors regarding developments and strategy (.8)." D.E. 1229-1, at 15. Considering the lack of detail and the Court's admonishment of vague block blocking in the First Order, D.E. 908, at 7-8, Defendants' objection will be considered.

Defendants also object to billing entries on April 17, 22, 27, and 28, 2020, and May 1, 6, 8, 11, 12, 13, 14, and 15, 2020 in relation to the appeal for being duplicative. D.E. 1240, at 13. They request that Children's Rights' award be reduced by $10,169.25. *Id.* Children's Rights' billing entries mention reviewing the brief or analyzing the brief several times without listing what was specifically done. *See* D.E. 1229-2, at 12-14. In contrast, Yetter Coleman tends to list specific work on the brief with specific time allocations within each description. *See* D.E. 1229-1, at 19-21. Considering the lack of detail and the Court's admonishment as mentioned above, the Court considers Defendants' objection as the Court

cannot find what specifically Children's Rights contributed to the brief. After the Court considers the fees requested, reasonable number of hours expended at reasonable rates, Defendants' objections and the *Johnson* factors, the Court awards $37,943.67 in attorney's fees to Children's Rights.

## H.  DEFENDANTS' OBJECTION TO CHILDREN'S RIGHTS' EXPENSES

Defendants argue that two of Children's Rights' travel expenses should not be granted. Defendants claim that Samantha Bartosz's trip to Texas on October 1, 2019 has no discernible connection to the case and Defendants want a reduction of $953.72. D.E. 1240, at 15. However, Bartosz met with her co-counsels that day. D.E. 1229-1, at 7; D.E. 1229-3, at 6. Therefore, Defendants' claim that Bartosz's trip had no connection to the case is inaccurate and the Court's First Order expressly stated that in such a complex litigation, co-counsel would need to meet with each other to strategize. D.E. 908, at 17 n.13. This objection is overruled.

Defendants also argue that Stephen Dixon's presence at the November 5, 2019 show cause hearing was unnecessary, given the presence of other counsel and his apparent lack of a role at the hearing, and therefore Defendants should not be expected to pay for his related flights. D.E. 1240, at 15. As stated above, Children's Rights' billing practices for the show cause hearing are insufficient and Children's Rights' attorney's fees have been reduced accordingly. However, Dixon has consistently billed throughout this case, and he does specify work performed at and in preparation for the hearing. D.E. 1229-2, at 8. This objection is overruled.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs are entitled to recover attorney's fees and expenses. It is ORDERED that Plaintiffs' fee application for the time period from September 1, 2019 to May 31, 2020 is GRANTED in part. The Court awards Plaintiffs an overall award of $314,601.13.

In accordance with this Order, the Court ENTERS the following judgments against Defendants. The Court enters judgment in favor of Yetter Coleman in the amount of $249,342.14 consisting of $246,491.50 in attorney's fees and $2,850.64 in expenses. The Court enters judgment in favor of A Better Childhood in the amount of $24,781.53 consisting of $23,440.52 in attorney's fees and $1,341.01 in expenses. The Court enters judgment in favor of Children's Rights in the amount of $40.477.46 consisting of $37,943.67 in attorney's fees and $2,983.79 in expenses. These judgments are subject to a post-judgment interest rate of 4.56% per annum, compounded annually, until paid.

These are final judgments for Plaintiffs' second fee application, and it is further ORDERED that Defendants shall pay Plaintiffs these amounts within thirty (30) days after the date of this Order.

SIGNED and ORDERED on November 9, 2022.

Janis Graham Jack
Senior United States District Judge