IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **M.D., by her next friend, Sarah R. Stukenberg *et al.*,** | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 2:11-CV-00084 |
| **GREG ABBOTT, in his official capacity as Governor of the State of Texas *et al.*,** | § § § § § | |
| *Defendants.* | § § | |

**DEFENDANTS' OBJECTIONS TO THE COURT MONITORS' UPDATE
TO THE COURT REGARDING SITE VISITS CONDUCTED BETWEEN DECEMBER 1,
2021, AND DECEMBER 31, 2022, AND THE REOPENING OF THE REFUGE FOR DMST**

In accordance with Fed. R. Civ. P. 53(f), the Defendants object to the Court Monitors' March 27, 2023 Update to the Court. ECF No. 1337 (the "Site Visit Report").

Specifically, they object to the Site Visit Report's discussion of "Concerns Regarding Psychotropic Medications" (*e.g.*, Site Visit Report at 3, 4–15, 99), including any findings of fact or legal conclusions contained in that discussion. The prescription and administration of psychotropic medications to class members is outside the scope of the Court's Remedial Orders. *See M.D. v. Abbott*, 929 F.3d 272 (5th Cir. 2019) ("*Stukenberg II*"). Defendants also object to the statement on page 99 of the Site Visit Report alleging that Defendants have violated the general injunction: "The Monitors' site inspections reveal that Texas continues to expose children to an unreasonable

risk of serious harm in foster care and congregate settings." Defendants object to the extent this statement is intended to make or recommend a conclusion of law that exceeds the scope of the Court's specific Remedial Orders. Additionally, Defendants object to the statement to the extent it is based, in whole or in part, on any finding of fact made or recommended by the Monitors in relation to psychotropic medication or any other matters not directly related to the Remedial Orders.

The Court's Order appointing the Monitors gives them authority to "assess and report on Defendants' compliance with the terms of this Order." ECF No. 606 (the "Order"), at 16, *aff'd in part, rev'd in part, Stukenberg II*, 929 F.3d at 281. It also limits their authority by prohibiting the Monitors from even "*consider[ing] matters that go beyond superintending compliance with this Court's decree.*" Order at 18 (emphasis added). Therefore, the Monitors do not have the authority to consider, let alone report on, matters outside the scope of the Remedial Orders. Because none of the Remedial Orders discusses the prescription or administration of psychotropic medications, the Monitors do not have the authority to "consider" or report on those issues.[1]

---

[1] Defendants suffer a fourfold harm each time the Monitors make inquiries into matters outside the scope of the Remedial Orders. First, Defendants expend substantial resources responding to any data requests the Monitors might make while investigating out-of-scope topics. Second, Defendants expend substantial resources responding to reports, like the Site Visit Report, that exceed the scope of the Remedial Orders. Third, Defendants pay substantial sums out-of-pocket for the Monitors' and their staffs' hourly fees for any work they do on out-of-scope issues. And finally, each of these things imposes opportunity costs on Defendants in that they cannot devote the resources spent on out-of-scope monitoring activities to either caring for foster children or to coming into compliance with the Remedial Orders.

Nor can the Monitors rely on the Court's General Injunction as a basis upon which to investigate or report on psychotropic medications. The General Injunction states that Defendants may not place class members in "placements that create an unreasonable risk of serious harm." Order at 2. This merely recites the constitutional standard of care that all states owe the children within their foster care systems. For example, the Fifth Circuit "define[s] the substantive due process right enjoyed by the children in the custody of the State's foster care system as a right to 'personal security and reasonably safe living conditions.'" *M.D. v. Abbott*, 907 F.3d 237, 250 (5th Cir. 2018) (*Stukenberg I*") (quoting *Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 880 (5th Cir. 2004). And as this Court recognized in its 2015 liability opinion, the right to "personal security and reasonably safe living conditions" can be "[p]ut another way" as "the right to be free from an unreasonable risk of harm." *M.D. v. Abbott*, 152 F. Supp.3d 684, 696 (S.D. Tex. 2015) (citing *Hernandez*, 380 F.3d at 880).

The General Injunction's command to avoid placing foster children in placements that "create an unreasonable risk of serious harm" is therefore a command to follow the law. It requires Defendants to meet the constitutional standard they are always required to meet, even in the absence of the General Injunction or any other injunction. In other words, Defendants would be required to avoid placements that put children at an "unreasonable risk of serious harm" even if the General Injunction were not in place, because the Fourteenth Amendment already guarantees that right to all foster children. *Stukenberg I*, 907 F.3d at 250.

Such "obey the law" injunctions are "not permitted." *Meyer v. Brown & Root Constr. Co.*, 661 F.2d 369, 373 (5th Cir. 1981) ("A general injunction which in essence orders a defendant to obey the law is not permitted."). *Accord* Fed. R. Civ. P. 65(d); *Stukenberg I*, 907 F.3d at 271–72 ("The district court may not, therefore, order relief beyond what is minimally required to comport with the Constitution's prohibition on arbitrary deprivation of plaintiffs' substantive due process rights. . . . Accordingly, injunctions must be narrowly tailored . . . to remedy the specific action which gives rise to the order." (citations and quotations omitted)). Thus while the General Injunction may be a correct statement of the constitutional standard to which Defendants are required to adhere, it is not a basis for expanding the scope of the Monitors' authority to assess and report on all facets of the Texas Foster Care system.

To the contrary, the Remedial Orders themselves expressly limit the Monitors' authority to monitoring "compliance with this Court's decree," Order at 18—that is, to monitoring compliance with the Remedial Orders. Because no Remedial Order specifically addresses the prescription or administration of psychotropic medications, those topics are outside the scope of the Monitors' authority. Defendants accordingly object to any discussion of those issues in the Monitors' Site Visit Report.[2]

---

[2] Where the Monitors' Reports have addressed specific Remedial Orders, they state expressly those Remedial Orders on which they are reporting. *Cf.* Fifth Report of the Monitors: Remedial Orders 1, 2, 3, 5 to 11, 16, 18, 35, 36, A1 to A4, A6, and B1 to B5 (ECF 1318), filed January 20, 2023 (citing the specific Remedial Orders on which the Monitors were reporting) *with* Site Visit Report (citing no Remedial Orders).

4

Respectfully submitted,

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas<br><br>BRENT WEBSTER<br>First Assistant Attorney General<br><br>GRANT DORFMAN<br>Deputy First Assistant Attorney General<br><br>SHAWN E. COWLES<br>Deputy Attorney General for Civil Litigation | s/Leif Olson<br>Leif Olson<br>Chief, Special Litigation Division<br>Texas Bar No. 24032801<br>S.D. Texas Bar No. 33695<br><br>OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, TX 78711-2548<br>Tel.: (512) 936-2266<br>Fax: (512) 457-4410<br>Email: Leif.Olson@oag.texas.gov<br><br>***Counsel for Defendant Greg Abbott, in his official capacity as Governor of the State of Texas***<br><br>s/Reynolds Brissenden<br>Reynolds Brissenden<br>Director of Litigation, Attorney-in-Charge<br>Civil Medicaid Fraud Division<br>Texas Bar No. 24056969<br>S.D. Texas Bar No. 874997<br><br>OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, TX 78711-2548<br>Tel.: (512) 936-2266<br>Fax: (512) 457-4410<br>Reynolds.Brissenden@oag.texas.gov<br><br>***Counsel for Defendant Cecile Erwin Young, in her official capacity as Executive Commissioner of the Texas Health and Human Services Commission*** |

        s/Karl E. Neudorfer
KARL E. NEUDORFER
State Bar No. 24053388
S.D. Texas Bar No. 725939
CLAYTON R. WATKINS
State Bar No. 24103982
S.D. Texas Bar No. 3663032
Assistant Attorneys General
Administrative Law Division

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.:   (512) 463-1410
Fax:   (512) 320-0167
Karl.Neudorfer@oag.texas.gov
Clayton.Watkins@oag.texas.gov

***Counsel for Defendant Stephanie Muth, in her official capacity as Commissioner of the Texas Department of Family and Protective Services***

### CERTIFICATE OF SERVICE

I certify that on April 17, 2023, an accurate copy of the foregoing document has been served via electronic filing on all parties of record.

        s/Karl E. Neudorfer
KARL E. NEUDORFER