IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| M.D., by her next friend, Sarah R. Stukenberg, *et al.*, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 2:11-CV-00084 |
| GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*, | § § § § § | |
| *Defendants*. | § § | |

## DEFENDANTS' MOTION FOR CLARIFICATION

At the May 1, 2023 status conference, the Court raised two issues in this litigation: (1) the process Defendants must follow to dispute or request additional information regarding the bills submitted by the monitors; and (2) whether specific prescription decisions concerning psychotropic drugs made by clinicians with legal authority to prescribe those drugs fall within the scope of the remedial orders in this case. Because the Court's rulings on these two important issues will have a significant impact on the actions Defendants will need to take to both comply with the Court's remedial orders and fulfill their solemn responsibility to protect the children in their care, Defendants respectfully seek to confirm and clarify the Court's rulings from the May 1 status conference to avoid any confusion or misapprehension as to what is being required of the parties by the Court.

First, Defendants anticipate that they may need to request additional information about or object to the bills submitted by the monitors. To take one example, the monitors appear to have charged a combined $79,026.55 for 41 people to virtually observe the April 12 status conference. Defendants aren't objecting to those entries at this time, but would like to request additional information about whether all of these individuals were required to observe the conference, at that cost.[1] Defendants don't make these requests lightly. But as the Court knows, as part of their mission to safeguard the children in their care, Defendants are required to justify all of the costs of this litigation—both to the Legislature and ultimately to Texas taxpayers. That accountability demands that Defendants must sometimes request additional information from the monitors and may sometimes need to object to certain expenditures by the monitors.

Second, whether individual prescription decisions about psychotropic medications are within the scope of the remedial orders will likely have a significant impact on the activities of the monitors and Defendants going forward. The health and welfare of the children in their care will always be Defendants' highest priority. At the same time, Defendants must strive to ensure that only the items properly within the scope of the remedial orders are handled through the litigation process. And Defendants maintain that prescription decisions regarding psychotropic medications—important as they are—are outside the scope of the remedial orders.

---

[1] The only description provided for these charges is "Judicial Proceeding." Defendants are filing this motion today because, under the prior established procedures concerning monitor bills, Defendants would need to serve a request for additional information today, the 15th day after Defendants received the first bill for which they are requesting additional information.

2

**I.     Request for clarification about the procedures for seeking additional information about or objecting to a monitor's bill.**

Defendants have been adhering to the procedures established by the Court's November 20, 2018 order that governs requests for information about or disputes of bills submitted by the monitors. *See* Dkt. 606 (Nov. 20, 2018 Order), at 18. Under the order, upon receiving a bill, Defendants have 15 days to request additional clarifying information or documents from the monitors (or to file objections with the Court), with a copy served on Plaintiffs. *Id.* The monitors then have 15 days to respond to the requests (or objections), once again with a copy served on Plaintiffs. *Id.* If a dispute is still not resolved after 45 days, the order instructs Defendants and the monitors to submit the dispute to the Court for resolution. *Id.*

At the May 1 status conference, however, the Court appeared to announce that it wanted Defendants to follow a different procedure with respect to monitor bills. Specifically, the Court told Defendants "don't do this again." Dkt. 1356 (Transcript of May 1, 2023 Status Conference), at 14. Instead, the Court appeared to order Defendants to wait until after they receive one of the monitors' bi-annual reports to request additional information about or object to the bills that reflect the preparation of that report. *See id.* at 13 ("What happens is when you get the June Report if you think these hours don't represent their work, which you've never done before, then you can file an objection."); *id.* at 14-15 ("If you receive the June Report or the January Report, and you think that the time spent preparing that Report and bringing deficiencies once again, constitutional deficiencies to your attention is inadequate,

3

that they should have spent less time bringing these matters to your attention, then you can let me know. That's the appropriate time to let me know.").

Later in the conference, the Court informed Defendants that they should reach out directly to the Court to schedule a status conference to discuss any concerns about a monitor's bill, because the Court itself was reviewing the bills before they went out. *Id*. at 49 ("If you have concerns that I'm not properly reviewing them or looking at them, or that you need to call something to my attention, call Ms. Purifoy, we'll do a telephone conference.").

Given the Court's statements at the status conference, Defendants respectfully request confirmation that these are the procedures they need to follow going forward for seeking additional information about or disputing a monitor's bill:

1. Wait until after a report is released before raising any objections or requests for additional information regarding the bills that reflect the preparation of that report. Defendants shouldn't request additional information from the monitors or object before that point.

2. If Defendants have requests for more information about or objections to a bill, they should reach out directly to the Court to schedule a status conference to discuss the requests or objections.

II. **Request for clarification as to whether individualized prescription decisions regarding psychotropic medications are properly within the scope of the Court's general injunction or remedial orders**.

In recent months, the monitors have begun to investigate specific prescription decisions made by authorized practitioners concerning psychotropic medications for children in the PMC class. At the April 12 and May 1 status conferences, Defendants argued that:

4

- These individualized decisions concerning specific prescriptions made by clinicians with the authority to prescribe medication in the State of Texas were outside the scope of the remedial orders;

- The monitors don't have authority to consider or report on psychotropic drugs because this Court's orders prohibit them from "consider[ing] matters that go beyond superintending compliance with this Court's decree," Dkt . 606 (Nov. 20, 2018 Order), at 18;

- The monitors' inquiries into psychotropic drugs are improper because they second-guess the individual prescription decisions of treating clinicians with prescribing authority; and

- The investigation of these issues through the litigation process imposes burdens on Defendants that aren't warranted under the Court's orders.

*See, e.g.*, Dkt. 1344 (Defendants' Objections to the Court Monitors' Update Regarding Site Visits), at 1-3; Dkt. 1347 (Transcript of April 12, 2023 Status Conference), at 26, 37; Dkt. 1356 (Transcript of May 1, 2023 Status Conference), at 70-73.

At the May 1 status conference, the Court appeared to have overruled all of Defendants' objections and ordered Defendants to cooperate fully with any requests made by the monitors to examine this issue. *See* Dkt. 1356 (Transcript of May 1, 2023 Status Conference), at 96 ("[A]ny further objections on providing information or denying Monitors access to this information will be denied."). The Court also appeared to rule at the May 1 conference that the "psychotropic medications are covered under RO3 and RO20." *Id*. At the April 12 status conference, however, the Court stated that psychotropic medications are covered under the general injunction in this case. Dkt. 1347 (Transcript of April 12, 2023 Status Conference), at 31 ("There is an overall injunction in place that you must place these children in safe placements

5

free from unreasonable risk of harm. You're not doing that according to this review of the psychotropic medicine.").

So Defendants seek clarification of the Court's rulings from the April 12 and May 1 status conferences in two respects:

1. Defendants respectfully request that the Court confirm that it has overruled *all* of Defendants' objections—including the ones not specifically addressed by the Court—and ruled that the individual prescription decisions of individual practitioners, with legal authority to make the prescriptions for psychotropic drugs to children, fall within the scope of the remedial orders in this case.

2. Defendants also respectfully request that the Court clarify whether the basis for its ruling is the general injunction or Remedial Orders 3 and 20.

\*   \*   \*

Defendants are committed to successfully resolving this litigation by achieving substantial compliance with the Court's remedial orders—not simply to comply with valid judicial orders, but to compassionately carry out the extraordinary responsibility of safeguarding the children in their care. To further that goal, Defendants have filed this motion to confirm and clarify precisely what is being required of the parties by the Court.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court clarify its rulings regarding: (1) the procedure for Defendants to seek additional information about and to dispute the monitors' invoices; and (2) whether the individual prescription decisions of practitioners with legal authority to make prescriptions for psychotropic drugs to children fall within the scope of this lawsuit.

DATED: May 22, 2023

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney General

Shawn Cowles
Deputy Attorney General for Civil Litigation

 /s/ Kimberly Gdula
Kimberly Gdula
  State Bar No. 24052209
  Southern District No. 10092074
  Deputy Chief
  General Litigation Division
Karl E. Neudorfer
  State Bar No. 24053388
  Southern District No. 725939
  Assistant Attorney General
  Administrative Law Division
Clayton R. Watkins
  State Bar No. 24103982
  Southern District No. 3663032
  Assistant Attorney General
  Administrative Law Division
Reynolds Brissenden
  State Bar No. 24056969
  Southern District No. 874997
  Deputy Chief
  Civil Medicaid Fraud Division
Noah Reinstein
  State Bar No. 24089769
  Southern District No. 3355459
  Assistant Attorney General
  Civil Medicaid Fraud Division

Respectfully submitted.

 /s/ Allyson N. Ho
Allyson N. Ho
  *Attorney-in-Charge*
  State Bar No. 24033667
  Southern District No. 1024306
Savannah Silver
  State Bar No. 24129020
  Southern District No. 3844454
Gibson, Dunn, & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201
(214) 698-3100
(214) 571-2900 – Fax
aho@gibsondunn.com
ssilver@gibsondunn.com

Prerak Shah
  State Bar No. 24075053
  Southern District No. 2137529
Gibson, Dunn, & Crutcher LLP
811 Main Street, Suite 3000
Houston, TX 77002
(346) 718-6600
(346) 718-6620 – Fax
pshah@gibsondunn.com

ATTORNEYS FOR DEFENDANTS

Robert Salmon
  State Bar No. 24088923
  Southern District No. 3662721
  Assistant Attorney General
  Civil Medicaid Fraud Division
Leif Olson
  State Bar No. 24032801
  Southern District No. 33695
  Chief
  Special Litigation Division

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2120 | Fax (512) 370-0667
kimberly.gdula@oag.texas.gov
karl.neudorfer@oag.texas.gov
clayton.watkins@oag.texas.gov
reynolds.brissenden@oag.texas.gov
noah.reinstein@oag.texas.gov
robert.salmon@oag.texas.gov
leif.olson@oag.texas.gov

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Defendants reached out to counsel for Plaintiffs to confer about the relief sought by this motion. Counsel for Plaintiffs confirmed that Plaintiffs do not oppose the filing of a motion seeking clarification of the Court's rulings, but reserve the right to oppose or otherwise respond to any substantive arguments or questions contained in the motion.

                                               */s/ Allyson N. Ho*
                                               Allyson N. Ho

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2023, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the electronic case filing system, which automatically provided notice to all attorneys of record.

                                               */s/ Allyson N. Ho*
                                               Allyson N. Ho