United States District Court
Southern District of Texas
**ENTERED**
August 08, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| M.D., *et al.*,  Plaintiffs, § § § | |
| VS. § § | CIVIL ACTION NO. 2:11-CV-00084 |
| GREG ABBOTT, *et al.*,  Defendants. § § § | |

# ORDER GRANTING IN PART CLASS PLAINTIFFS' THIRD APPLICATION FOR ATTORNEY'S FEES AND EXPENSES

Pending before the Court is Class Plaintiffs' Third Application for Attorney's Fees and Expenses (the "Third Application"). (D.E. 1363 (Application); D.E. 1364 (memorandum in support).) The Third Application seeks "the payment of fees and reimbursement of expenses of class counsel Yetter Coleman LLP, A Better Childhood, and Children's Rights" "for the period of June 1, 2020 to October 1, 2020." (D.E. 1363 at 1 (parentheticals omitted).) For the reasons set forth below, the Court GRANTS IN PART the Third Application.

## I. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND[1]

This is the third time that Plaintiffs have sought attorney's fees and expenses. The first application (D.E. 683) was filed on October 11, 2019, and sought fees and expenses from the pre-filing stage to August 31, 2019.[2] (*See* D.E. 1296 at 5.) The second application was filed on April

---

[1] The procedural history of this case is set forth in detail in the Court's prior orders. (*See*, *e.g.*, D.E. 368; D.E. 559; D.E. 606); *see also M.D. ex rel. Stukenberg v. Abbott*, 929 F.3d 272 (5th Cir. 2019).

[2] Yetter Coleman also claimed one expense incurred on September 4, 2019. (*See* D.E. 1296 at 5.)

6, 2022 (D.E. 1229), and sought fees and expenses for the period of September 1, 2019 to May 31, 2020 (*id.* at 1). Both were granted in part. (D.E. 908; D.E. 1296.)

Plaintiffs filed the Third Application on May 25, 2023. (D.E. 1363.) Three weeks later, on June 15, Defendants filed a response in which they "t[ook] no position on" the Third Application. (D.E. 1374 at 1.) Plaintiffs filed a reply the following day. (D.E. 1375.)

Yetter Coleman requests both attorney's fees and expenses (D.E. 1363 at 2); Children's Rights and A Better Childhood request only attorney's fees (*id.*).

### III.  LEGAL STANDARD

Fee awards to plaintiffs prevailing in a lawsuit under 42 U.S.C. § 1983 are governed by § 1988, *McNamara v. Moody*, 606 F.2d 621, 626 (5th Cir. 1979), under which "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs," 42 U.S.C. § 1988(b); *Universal Amusement Co. v. Vance*, 587 F.2d 159, 172 (5th Cir. 1978).[3]

The Fifth Circuit applies a two-step method in calculating an attorney's fee award. *Combs v. City of Huntington*, 829 F.3d 388, 391–92 (5th Cir. 2016). *First*, "the court must . . . calculate the lodestar, which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* at 392 (citation and quotation marks omitted). "In calculating the lodestar, the court should exclude all time that is excessive, duplicative, or inadequately documented." *Id.* (citation, quotation marks, and brackets omitted). The burden of demonstrating the reasonableness of the hours expended and the hourly rates charged falls on the fee applicant. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Thus a district court may reduce

---

[3] As the Court noted in its Order Granting in Part Plaintiffs' First Application for Attorneys' Fees, it is undisputed that Plaintiffs are the prevailing party. (D.E. 908 at 4–5.)

the number of hours awarded if the documentation is *vague* or *incomplete*." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

*Second*, "[t]hough the lodestar is presumed reasonable, the court may enhance or decrease it based on" the twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*[4] *Combs*, 829 F.3d at 392.

And though a district court "must provide a reasonably specific explanation for all aspects of a fee determination," it need not "recite or even mention the *Johnson* factors, so long as the record clearly indicates that the district court has utilized the *Johnson* framework as the basis for its analysis." *Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 596 (5th Cir. 2016) (citations and quotation marks omitted). Of course, "[m]any of these [*Johnson*] factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate . . . and should not be double-counted." *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). Finally, "trial courts are considered experts as to the reasonableness of attorney's fees," *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004), and the Court's observations can inform its determination as to the reasonableness of a fee request, *see Cantu Servs., Inc. v. Frazier*, 682 F. App'x 339, 344 (5th Cir. 2017) (unpublished) ("District courts may 'take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.'" (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011))).

---

[4] 488 F.2d 714 (5th Cir. 1974). These factors are: (1) time and labor required; (2) novelty and complication of the issues; (3) skill required; (4) whether the attorney had to refuse other work to litigate the case; (5) attorney's customary fee; (6) whether fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) attorney's experience, reputation, and ability; (10) whether the case was "undesirable"; (11) the nature and length of relationship with the clients; and (12) awards in similar cases. *Rutherford v. Harris Cty.*, 829 F.3d 173, 192 n.23 (5th Cir. 1999) (citing *Johnson*, 488 F.2d at 717–19).

## IV. DISCUSSION

Plaintiffs request the following fees and expenses:

| Fees: 06/01/20 – 10/01/20 | |
|---|---|
| Yetter Coleman LLP | $249,032.00 |
| Children's Rights | $174,911.85 |
| A Better Childhood | $70,772.75 |
| **Total Fees** | **$494,716.60** |

| Expenses: 06/01/20 – 10/01/20 | |
|---|---|
| Yetter Coleman LLP | $5,211.88 |
| Children's Rights | $0.00 |
| A Better Childhood | $0.00 |
| **Total Expenses** | **$5,211.88** |
| | |
| **Total** | **$499,928.48** |

(D.E. 1363 at 2 (internal citations omitted).)

Unlike Plaintiffs' first and second applications for attorney's fees and expenses, Defendants have not objected to any fee or expense request in the Third Application. Nonetheless, the Court must still ensure that Plaintiffs have met their burden, *Hensley*, 461 U.S. at 433, and "exclude all time that is excessive, duplicative, or inadequately documented," *Combs*, 829 F.3d at 392 (citation, quotation marks, and brackets omitted).

### A. Yetter Coleman's attorney's fees and expenses

The Court has reviewed the record supporting Yetter Coleman's fee request (D.E. 1363-1 at 1–20) and finds the number of hours expended to be reasonable. Further, Yetter Coleman requests the same rates that were approved in the order granting Plaintiffs' first attorney's fees application. (*Compare* D.E. 1363-1 at 5, *with* D.E. 908 at 16.) Therefore, the Court "calculate[s] the lodestar" to be $249,032.00. *Combs*, 829 F.3d at 392.

The Court further finds that the relevant *Johnson* factors militate against a reduction in Yetter Coleman's fee award: (1) the ongoing time and labor required to keep up with new developments and to seek enforcement of Plaintiffs' rights; (2) the novelty and difficulty of the questions that arose in the course of enforcing Plaintiffs' rights; (3) Yetter Coleman's work product, preparation, and general ability before the court; (4) the ongoing preclusion of other employment given the need to keep up with new developments and enforce Plaintiffs' rights; (8) the results obtained in the matters litigated during the period covered by the Third Application;[5] and (9) lead counsel Paul Yetter and Yetter Coleman's experience, reputation, and ability in complex litigation. 488 F.2d at 717–19. For these reasons, and in light of the Court's observations, *Primrose Operating Co.*, 382 F.3d at 562; *Cantu Servs., Inc.*, 682 F. App'x at 344 (unpublished), $249,032.00 in attorney's fees are awarded to Yetter Coleman.

As for Yetter Coleman's expenses request, "[a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable in section 1988 fee awards because they are part of the costs normally charged to a fee-paying client." *Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990). Yetter Coleman incurred expenses obtaining hearing transcripts, printing/copying services, shipping services, and trial technology services. (D.E. 1363-1 at 22–30.) These expenses having been incurred "with the exercise of sound billing judgment" (*id.* at 2 ¶ 4), and Defendants

---

[5] Plaintiffs' second contempt motion was the subject of much of Yetter Coleman's billing during the period covered by the Third Application. The Court found Defendants in contempt of thirteen of the sixteen Remedial Orders for which Plaintiffs' sought contempt sanctions. (*See* D.E. 1017 at 326.) Of course, some of Yetter Coleman's fees relate to its defense of Defendants' third appeal, which was ultimately unsuccessful. But the Court previously found that this did not justify a fee reduction because "Defendants' third appeal did not alter the fact that the Plaintiffs prevailed in the class action overall. Rather, the Fifth Circuit directed this Court to follow its mandate, so the parties' relationship remains unchanged from the time the Court made its determination in the First Order." (D.E. 1296 at 6.)

having not asserted any objections thereto, the Court finds that they are reasonable. Accordingly, the Court awards $5211.88 in expenses to Yetter Coleman.

In sum, the Court awards Yetter Coleman attorney's fees and expenses in the amount of $254,243.88 without restrictions.[6]

## B. A Better Childhood's attorney's fees

The Court has reviewed the record supporting A Better Childhood's fee request (D.E. 1363-3) and finds the number of hours expended to be reasonable. Further, Marcia Lowry's requested hourly rate was approved in a prior order (*compare id.*, *with* D.E. 908 at 12), and Tavi Unger's hourly rate has not changed from that requested in the second attorney's fee application (*compare* D.E. 1363-3, *with* D.E. 1229-3 at 5; *see also* D.E. 908 at 16 (approving $425 per hour for staff attorneys)). Therefore, the Court "calculate[s] the lodestar" to be $70,772.75. *Combs*, 829 F.3d at 392.

The Court further finds that the relevant *Johnson* factors militate against a reduction in A Better Childhood's fee award: (1) the ongoing time and labor required to both keep up with new developments and to seek enforcement of Plaintiffs' rights; (2) the novelty and difficulty of the questions that arose in the course of enforcing Plaintiffs' rights; (3) Marcia Lowry's skill as co-counsel; (8) the results obtained in the matters litigated during the period covered by the Third Application; and (9) Lowry's experience, reputation, and ability as a leading child-advocate who has gained experience from twenty-six separate litigation proceedings addressing foster care system issues and civil rights. 488 F.2d at 717–19. For these reasons, and in light of the Court's

---

[6] In the previous two grants of attorney's fees and expenses to Yetter Coleman, the fees were awarded as per their request to be held in trust for the benefit of the class. These attorney's fees and expenses are awarded directly to Yetter Coleman without any such restrictions.

observations, *Primrose Operating Co.*, 382 F.3d at 562; *Cantu Servs., Inc.*, 682 F. App'x at 344 (unpublished), the Court awards $70,772.75 in attorney's fees to A Better Childhood.

### C. Children's Rights' attorney's fees

After reviewing the record supporting Children's Rights' fee request (D.E. 1363-2) the Court finds that Children's Rights' requested hourly rates for attorneys are consistent with those requested in the prior attorney's fees application. (*Compare id.* at 5, *with* D.E. 1229-2 at 5; *see also* D.E. 908 at 16 (approved attorney's fee rates).) But the Court does not find that the hours expended are reasonable.

As an initial matter, the Court found several erroneous billing entries: First, the Court found duplicative entries on June 11, 2020 (D.E. 1363-2 at 7 (Stephen Dixon billing 1 hour ($475) for "Draft memo to team re research on monitoring, case analysis, and document review")) and July 14, 2020 (*id.* at 12 (Stephen Dixon billing 0.07 hours ($31.83) for "Email with co-counsel")). Second, Samantha Bartosz billed 2.88 hours ($1585.65) on July 3, 2020 for "Attend[ing] show cause hearing" (*id.* at 10), yet no show cause hearing (or other hearing) was held on that date. Third, in the first attorney's fee order, the Court reduced the hourly rate for Children's Rights' paralegals to $75 "in consideration of the paralegals' experiences and qualifications." (D.E. 908 at 7.) Here, Children's Rights seeks $125 per hour for paralegal Makena Mugambi (D.E. 1363-2 at 5), but provides no information regarding Mugambi's experience or qualifications. Thus, Plaintiffs have failed to establish that she warrants more than $75 per hour. *Hensley*, 461 U.S. at 433. The record indicates that Mugambi billed 8.07 hours, or $1008.63, in the period covered by the Third Application (D.E. 1363-2 at 5); to reflect the proper hourly rate, this amount is reduced by $403.38.

Were Children's Rights' hours otherwise reasonable, the Court would calculate the lodestar to be $172,415.99. *Combs*, 829 F.3d at 392. But the Court also found several generalized issues in

7 / 10

Children's Rights' billing records, warranting "a simple across-the-board reduction." *Tow v. Speer*, No. CV H-11-3700, 2015 WL 12765414, at *6 (S.D. Tex. Aug. 17, 2015). First are its persistently inadequate billing practices. The Court has twice admonished Children's Rights regarding its vague time entries and block-billing. (*See* D.E. 908 at 8 & n.4; D.E. 1296 at 10–11); *Combs*, 829 F.3d at 392 (the Court must "exclude all time that is . . . inadequately documented"). And this Court is not the first to admonish Children's Rights for these billing practices. *See*, *e.g.*, *D.G. ex rel. Stricklin v. Yarbrough*, No. 08-CV-074-GKF-FHM, 2013 WL 1343151, at *6–7 (N.D. Okla. Mar. 31, 2013). Yet Children's Rights has continued both practices.[7]

Second, the relevant *Johnson* factors militate in favor of a reduced fee award. The first factor cautions that where "more than one attorney is involved, the possibility of duplication of effort . . . should be scrutinized," and notes that a reduction is warranted when "two or three lawyers" bill for work "when one [lawyer] would do." 488 F.2d at 717. Children's Rights' billing records have numerous entries indicating that multiple attorneys worked on the same matter, while simultaneously failing to evidence any division of labor. For example, Children's Rights' attorneys described their work on the July 2 show cause motion variously as: "Prepare motion for contempt" and "Motion for contempt in TX case preparation and case analysis" (D.E. 1363-2 at 8, 9 (Dixon)); "Prepare motion for contempt," "Assess scope of contempt motion," "Draft contempt motion," and "Prepare motion for rule to show cause" (*id.* at 9 (Bartosz)); and "Draft portion of Order to Show Cause brief" and "Discuss and revise brief" (*id.* at 9, 10 (Kinney)). These entries fail to

---

[7] Some notable examples include billing: $3850 for "Read through state's submissions on contempt motion" (DE. 1363-2 at 13); $1375 for "Prepare for contempt hearing" (*id.*); $1425 for "Research regarding monitoring, case analysis, and document review" (*id.* at 7); $1662.50 for "Prepping case factual analysis" (*id.*); $950 for "Case analysis and legal memo for legal team" (*id.*); $1900 for "Case analysis in preparation for contempt motion" (*id.* at 8); $1140 for "Motion for contempt in Texas case preparation and case analysis" (*id.* at 9); $990.25 for "Discuss and revise brief" (*id.* at 10); $2200 for "Review record in preparation for show cause hearing (*id.* at 14); $2266 for "Prepare for show cause hearing" (*id.* at 15); and $276.68 for "Prepare for and attend meeting" (*id.* at 16).

establish that Dixon, Bartosz, and Kinney were not duplicating each other's efforts. *Hensley*, 461 U.S. at 433. Moreover, the vagueness of these entries prevents the Court from discerning "what specifically Children's Rights contributed to the" motion. (D.E. 1296 at 11); *La. Power & Light Co.*, 50 F.3d at 324.

The third *Johnson* factor, which directs the Court to "closely observe the attorney's work product, . . . preparation, and general ability before the court," 488 F.2d at 718, likewise militates for a fee reduction because Children's Rights simply offered the Court nothing to observe. *Primrose Operating Co.*, 382 F.3d at 562; *Cantu Servs., Inc.*, 682 F. App'x at 344 (unpublished). For example, the record indicates that Bartosz billed approximately thirty-eight hours preparing for the contempt hearing held on September 3 and 4, 2020.[8] (*See* D.E. 1363-2 at 7, 13–15.) Yet, neither Bartosz nor any other Children's Rights attorney asked a question or made a statement during that hearing. (*See* D.E. 990 (transcript of Sept. 3 hearing); D.E. 991 (transcript of Sept. 4 hearing).) Indeed, the Court "cannot find what specifically Children's Rights contributed to" the contempt hearing. (D.E. 1296 at 11); *Hensley*, 461 U.S. at 433; *Combs*, 829 F.3d at 392 (the Court must "exclude all time that is excessive").

For the reasons set forth above, and in light of the Court's observations, *Primrose Operating Co.*, 382 F.3d at 562; *Cantu Servs., Inc.*, 682 F. App'x at 344 (unpublished), the Court finds that Plaintiffs have not carried their burden as to Children's Rights' fee request, *Hensley*, 461 U.S. at 433. Accordingly, the Court awards Children's Rights $50,000.00 in attorney's fees. *Cantu Servs., Inc.*, 682 F. App'x at 343 (unpublished) ("In determining reasonable attorney's fees, the district

---

[8] Bartosz's billing entries differentiated between her own preparation work and work done to assist co-counsel. (*Compare, e.g., id.* at 14 ("Review state testimony to prepare and edit cross exam outlines"), *with id.* at 15 ("Prepare exhibits list and comments for co-counsel").) In calculating thirty-eight hours, the Court included only entries reflecting Bartosz's own preparation work.

court is not required 'to achieve auditing perfection,' as '[t]he essential goal in shifting fees (to either party) is to do rough justice.'" (quoting *Fox*, 563 U.S. at 838; brackets retained)).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs are entitled to recover attorney's fees and expenses. It is ORDERED that Class Plaintiffs' Third Application for Attorney's Fees and Expenses (D.E. 1363) is GRANTED IN PART. The Court grants Plaintiffs an overall award of $375,016.63.

In accordance with this Order, the Court ENTERS the following judgments against Defendants. The Court enters judgment in favor of Yetter Coleman for attorney's fees and expenses in the amount of $254,243.88 without restrictions. The Court enters judgment in favor of A Better Childhood for attorney's fees in the amount of $70,772.75. And the Court enters judgment in favor of Children's Rights for attorney's fees in the amount of $50,000.00. These judgments are subject to a post-judgment interest rate of 5.36 percent per annum, compounded annually, until paid.

This is a final judgment for Plaintiffs' Third Application, and it is further ORDERED that Defendants shall pay Plaintiffs these amounts within thirty (30) days after the date of this Order.

SIGNED and ORDERED on August 8, 2023.

Janis Graham Jack
Senior United States District Judge