IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| M.D., b/n/f Sarah R. Stukenberg, et al., | § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. 2:11-CV-00084 |
| GREG ABBOTT, in his official capacity as Governor of the State of Texas, et al., | § § § | |
| Defendants. | § § | |

**PLAINTIFFS' NOTICE REGARDING STATE'S
WAIVER OF CHALLENGE TO TERMINATION PROVISIONS**

Plaintiffs' respectfully note that the Fifth Circuit held that the State waived any challenge to the termination provisions in the 2018 permanent injunction Order. *See* Dkt. 606 at 19-20.

Having not challenged the termination provisions in its first appeal from the final judgment, the State tried to challenge them in its supplemental appeal from the injunction Order. The Fifth Circuit rejected that belated challenge, holding that the State waived it by failing to appeal the same provisions in the earlier January 19, 2018 final judgment:

> Finally, the State objects to the modified injunction's termination provisions. These same provisions were in the original injunction, yet we heard nothing from the State about them in the original appeal. The State cannot now challenge these provisions. It is too late for that. The State's arguments are waived. *See Med. Ctr. Pharmacy v Holder*, 634 F.3d 830, 834 (5th Cir. 2011) ("The waiver doctrine bars consideration of an issue that a party could have raised in an earlier appeal in the case." (quotation omitted)).

*M. D. by next friend Stukenberg v. Abbott*, 929 F.3d 272, 281 (5th Cir. 2019) (*Stukenberg II*)

As such, the termination provisions stand confirmed. And they require "full compliance." Dkt. 606 at 19. Specifically, they require "full compliance with" any particular component of the Order before supervision over that component may be terminated, and, before the clock starts on

the three-year period during which the Court will retain jurisdiction, the State must be in "full compliance as certified by the Monitors," with the entire Order. *Id.*

Dated:  December 5, 2023

Respectfully submitted,

*/s/ R. Paul Yetter*

| | |
|---|---|
| Samantha Bartosz (*pro hac vice*) | R. Paul Yetter |
| Stephen Dixon (*pro hac vice*) | State Bar No. 22154200 |
| CHILDREN'S RIGHTS | Christian J. Ward |
| 88 Pine Street | State Bar No. 24033434 |
| New York, New York 10005 | Karla Rosali Maradiaga |
| (212) 683-2210 | State Bar No. 24126746 |
| sbartosz@childrensrights.org | YETTER COLEMAN LLP |
| | 811 Main Street, Suite 4100 |
| Marcia Robinson Lowry (*pro hac vice*) | Houston, Texas 77002 |
| A BETTER CHILDHOOD, INC. | (713) 632-8000 |
| 355 Lexington Avenue, Floor 16 | pyetter@yettercoleman.com |
| New York, New York 10017 | |
| (646)795-4456 | Barry F. McNeil |
| mlowry@ABetterChildhood.org | State Bar No. 13829500 |
| | HAYNES AND BOONE, LLP |
| | 2323 Victory Ave., Suite 700 |
| | Dallas, Texas 75219 |
| | (214) 651-5000 |
| | barry.mcneil@haynesboone.com |

ATTORNEYS FOR PLAINTIFFS AND THE GENERAL CLASS AND SUBCLASSES

### CERTIFICATE OF SERVICE

I certify that on the 5th day of November, 2023, a true and correct copy of this document was served on all counsel of record via email or by using the Court's CM/ECF e-file system.

*/s/ R. Paul Yetter*
R. Paul Yetter