AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas
Corpus Christi Division

| | |
|---|---|
| M.D., et al. *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 2:11-cv-0084 |
| ABBOTT, et al. *Defendant* | ) ) ) |

**SUBPOENA TO APPEAR AND TESTIFY
AT A HEARING OR TRIAL IN A CIVIL ACTION**

To: **Trish Evans Davis
C3 Christian Academy, 365 Uptown Boulevard,, Apt. 9102 Cedar Hill, Texas  75104-3514**

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: **United States Dist. Ct., Earle Cabell Federal Bldg. 1100 Commerce St., Courtroom 1351, Dallas, TX 75242** | Courtroom No.: **Judge Janis Graham Jack** |
|---|---|
| | Date and Time: **December 4, 2023 at 9:00 a.m.** |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

**All documents relating to or relied upon in determining whether children in your care, as referred to in the Federal Monitors' report dated September 19, 2023 and in your comments in the *Dallas Morning News* article of September 25, 2023, were refused by other facilities, caused fear in staff members, and had significant behavioral problems.**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/3/2023

CLERK OF COURT                                    OR

_____          _____/s/ Paul Yetter_____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs, M.D., et al.**, who issues or requests this subpoena, are:

R. Paul Yetter, Yetter Coleman, LLP, 811 Main Street, Suite 4100, Houston, TX  77002; 713-632-8000; pyetter@yettercoleman.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things trial, a notice and a copy of the subpoena must be served on each party in this case before it is served whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PLAINTIFF EXHIBIT**
2-11-CV-00084
**104**
12-4-23 Show Cause Hearing

EX104

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

EX104-0002

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| | | |
|---|---|---|
| Texas easy-serve, LLC<br>1201 Louisiana, Suite 370<br>Houston, TX 77002 | Amegy Bank<br>Houston TX 77227<br>35-1125-1130 | 24180 |

Pay to the order of: Bearer                                                     Date: 10/24/2023

Sixty Three Dollars and No Cents                                         $63.00 DOLLARS

For: 316123.1                                                                  *[signature]*

⑈ 24180 ⑈        ⑆ 113011258 ⑆        ⑈ 579582546 1 ⑈

If you are depositing through a smart phone please endorse here: 

This check constitutes a negotiable instrument pursuant to Texas Business and Commerce Code Section 3.104. It is valid for presentation to your bank or other financial institution, and is suitable for electronic deposit through the smart phone application, if available, from any financial institution. If you prefer a traditional check, please contact easy-serve at info@easy-serve.com, or 713 655 7239.

EX104-0004

# UNITED STATES DISTRICT COURT
## Southern District of Texas

| | | |
|---|---|---|
| M.D., ET AL<br>**PLAINTIFF**<br><br>VS.<br><br>ABBOT, ET AL<br>**DEFENDANT** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. 2:11-cv-0084 |

## SUBPOENA TO APPEAR AND TESTIFY
## RETURN OF SERVICE

I received this SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION, WITNESS FEE CHECK for service on TRISH EVANS DAVIS ON Tuesday, October 24, 2023 at 4:24 PM.

I served the above-mentioned documents by delivering a copy to TRISH EVANS DAVIS at 1721 WYLIE CREEK DR, DE SOTO, TX 75115 ON Friday, October 27, 2023 at 6:40 PM.

I tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $63.00.

I declare under penalty of perjury that this information is true.

Friday, October 27, 2023

*Mitchell Draeger*

Mitchell Draeger
Process Server
129 Fallen Rock Dr
Waxahachie, TX 75165

24453.0101
DocID: P316123_1

EX104-0005