IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| M.D., b/n/f Sarah R. Stukenberg, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. 2:11-CV-00084 |
| GREG ABBOTT, in his official capacity as Governor of the State of Texas, et al., | § § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' FOURTH APPLICATION
FOR ATTORNEYS FEES AND EXPENSES**

Plaintiffs respectfully submit this fourth application for attorney fees and expenses for the period October 2, 2020 to April 11, 2023 seeking approval and payment of fees and reimbursement of the expenses of class counsel Yetter Coleman LLP, A Better Childhood, and Children's Rights.

On December 21, 2023, plaintiffs sent a letter to defendants requesting fees incurred for the post-judgment ongoing implementation work necessary to effectuate the remedies that this civil rights class action has secured on behalf of children in the Texas foster care system. Rather than invite a repeat of the last fee application, when defendants requested significant more time to review the fee request and then took "no position" on the application (*see* ECF 1363, 1364, 1374), plaintiffs have proceeded to file this application for fees.

This application sets forth the lodestar upon which the claim is based.

During the billing period, class counsel performed legal work on a number of matters which were essential to the effective enforcement of the Court's orders, such as:

- reviewing the monitor reports, including the 2nd (ECF 1079, ECF 1080), 3rd (ECF 1165), 4th (ECF 1248), and 5th (ECF 1318); and the Monitors' updates to the Court, including reports regarding child fatalities (ECF 1245), The Refuge (ECF 1197, ECF 1218, ECF 1247), children in unregulated placements (ECF 1066, ECF 1132, ECF 1171, ECF 1319), COVID (ECF 1190), children in TMC

- status over 13 months (ECF 1173), minimum standards violations (ECF 1101), caseload performance (ECF 1244), and site visits (ECF 1337);

- substantial preparation for and related courtroom advocacy concerning enforcement of the Court's injunction and the Fifth Circuit mandate, including some 17 in-person and telephonic hearings;

- ensuring compliance with the Court's injunction and remedial orders and reviewing and commenting on efforts taken by defendants to screen and investigate reports of abuse and neglect, timely initiate Priority One reports, complete Priority One and Two investigations within 30 days, notify caseworkers of ongoing investigations of abuse, review foster home histories for dangerous patterns, comply with graduated caseload standards, protect children from child-on-child sexual abuse while in state custody, inform frontline caregivers when children have been victims or perpetrators of sexual abuse, establish a credible system for considering a licensed provider's history as to allegations of abuse and neglect, and implement a credible system of heightened monitoring of private providers with a pattern of violations; and

- assessing state agency data production, state policy changes associated with the remedial orders, state response to COVID-19 and heightened monitoring practices, and updates on child fatality investigations and facility closures.

This work on behalf of the children required legal research, review and analysis of new data, drafting of legal pleadings and briefs, review of defense pleadings and briefs, communication with defense counsel and the Monitors, internal consultation among class counsel, courtroom advocacy, and ongoing communication with individuals living and working in the Texas system.

Class counsel did its legal work with the exercise of sound billing judgment. It assigned tasks within the team to avoid duplication of effort, utilize the relative experience and knowledge base of legal staff, and efficiently complete work with a reasonable investment of professional time. The lead counsel role was undertaken by Paul Yetter, who has extensive experience as lead counsel on complex civil matters and oversaw assignment of tasks among team members. He principally represented the plaintiff children before the Court and, with support of his firm's legal staff, prepared and presented argument and pleadings in court appearances whether by telephone or in person. Co-lead counsel Marcia Lowry, Executive Director of A Better Childhood, and

Samantha Bartosz, Deputy Director of Litigation at Children's Rights, both provided vital strategic input to Mr. Yetter. They supervised their respective legal staff, who possess a wealth of technical expertise and practical knowledge in child welfare law and policy, in conducting legal and factual research, preparation of legal papers and review of documents, of the evidentiary record, and technical reports. The allocation of work effort among counsel resulted in the efficient and reasonable investment of lawyer time in this matter.

Plaintiffs have limited this application to fees that do not exceed the $250,000 limit per judgment creditor that a state statute appears to impose on appropriated agency funds. The three entities composing class counsel request fees and expenses for the period from October 2, 2020 to April 11, 2023 in the total amount of $645,350.94 as set forth below and supported by declarations of attorneys Yetter (Exs. A, A-1, A-2), Bartosz (Exs. B, B-1), and Lowry (Exs. C, C-1, C-2).

| Fees: 10/02/2020 – 04/11/2023 | |
|---|---|
| Yetter Coleman LLP (Ex. A-1) | $241,517.50 |
| Children's Rights (Ex. B-1) | $150,447.50 |
| A Better Childhood (Ex. C-1) | $233,940.42 |
| **Total Fees** | **$625,905.42** |

| Expenses: 10/02/2020 – 04/11/2023 | |
|---|---|
| Yetter Coleman LLP (Ex. A-2) | $13,132.05 |
| Children's Rights | $0.00 |
| A Better Childhood (Ex. C-2) | $6,313.47 |
| **Total Expenses** | **$19,445.52** |
| | |
| **Total** | **$645,350.94** |

Plaintiffs' fourth application for fees and expenses during the period of October 2, 2020 to April 11, 2023 does not exceed the cap of $750,000 that Texas law appears to impose for payment of these judgment creditors. Class counsel Haynes and Boone LLP is not seeking fees or costs.

## CONCLUSION

For these reasons, plaintiff children respectfully request that the Court approve their attorney fees and expenses in the amount of $645,350.94 for the period of October 2, 2020 to April 11, 2023 and order defendants to remit payment within 30 days from entry of the fees order.

Dated: December 28, 2023

Samantha Bartosz (*pro hac vice*)
Stephen Dixon (*pro hac vice*)
CHILDREN'S RIGHTS
88 Pine Street
New York, New York 10005
(212) 683-2210
sbartosz@childrensrights.org

Marcia Robinson Lowry (*pro hac vice*)
David Baloche (*pro hac vice*)
A BETTER CHILDHOOD, INC.
355 Lexington Avenue, Floor 16
New York, New York 10017
(646) 795-4456
mlowry@ABetterChildhood.org

Respectfully submitted,

/s/ R. Paul Yetter
R. Paul Yetter
Christian J. Ward
Karla Maradiaga
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
pyetter@yettercoleman.com

Barry F. McNeil
HAYNES AND BOONE, LLP
2323 Victory Ave., Suite 700
Dallas, Texas 75219
(214) 651-5000
barry.mcneil@haynesboone.com

ATTORNEYS FOR PLAINTIFFS AND THE
GENERAL CLASS AND SUBCLASSES

## CERTIFICATE OF CONFERENCE

Plaintiffs tried to confer with defense counsel about this fee application. They responded that they may need more time to consider the application and have not yet conveyed their position.

/s/ R. Paul Yetter
R. Paul Yetter

## CERTIFICATE OF SERVICE

I certify that on the 28th day of December 2023, a true and correct copy of this document was served on all counsel of record using the Court's CM/ECF e-file system.

/s/ R. Paul Yetter
R. Paul Yetter