# ATTACHMENT A

February 26, 2025

## *M.D. v. Abbott*, No. 11-0084: SUMMARY CHRONOLOGY

### Commencement of suit through trial

Mar. 29, 2011: Complaint for injunctive relief on behalf of a class of foster children in the State's Permanent Managing Conservatorship (PMC) against Governor, DFPS, and HHSC through their principals. Constitutional claims for 14th Amendment substantive due process deprivations from violations of State's duty to assure child safety and well-being while in foster care custody; 1st and 9th Amendment family integrity deprivations due to sibling separation and lack of parent/child visits in foster care; and procedural due process deprivations from denial of state-created property rights.

June 2, 2011: District Court (Hon. Janis Jack) grants motion for class certification. A single statewide class of PMC children and youth is certified.

July 1, 2011: District Court denies the motion to dismiss based on *Younger/Burford*.

July 19, 2011: Fifth Circuit grants the State leave to appeal the certification order.

Mar. 23, 2012: Fifth Circuit enters an order reversing the grant of class certification and remanding.

June 1, 2012: Amended complaint for injunctive relief on behalf of a general class and subclasses of PMC children against Governor, DFPS, and HHSC through their principals. Constitutional claims for violations of substantive due process and family integrity. Substantive due process claim is for subclasses of children in licensed placements and children in kinship care.

Jan. 21-23, 2013: Evidentiary hearing on renewed motion for class certification.

Aug. 27, 2013: District Court grants in part and denies in part the renewed motion for class certification. General Class and subclasses are certified.

Sept. 2013: State ask to appeal the certification order but seeks permission a day late.

Nov. 19, 2013: Fifth Circuit dismisses the petition to appeal as untimely.

Dec. 1-12, 2014: District Court conducts a two-week evidentiary trial on the merits.

Dec. 17, 2015: District Court enters an Opinion and Verdict largely finding in plaintiffs' favor.

### Post-trial appeals and shaping of remedial relief

Jan. 8, 2016: State files a notice of appeal from the verdict. In response to State's motion for stay pending resolution of the appeal, plaintiffs argue that the only appealable part of the ruling is as to placement of children in foster group homes without 24-hour awake-night supervision.

Mar. 21, 2016: Fifth Circuit denies the request for stay, agreeing with plaintiffs that the order about 24-hour supervision is the only appealable part of the injunction.

Mar. 21, 2016: District Court enters an order appointing Kevin Ryan and Francis McGovern as Special Masters to assist the parties in shaping remedial orders. State declines to participate in formulation of the remedial orders.

Apr. 1, 2016: State seeks a writ of mandamus challenging appointment of the Special Masters.

Apr. 11, 2016: State withdraws its Jan. 8, 2016 appeal.

July 7, 2016: Fifth Circuit denies the state's petition for writ of mandamus.

Nov. 4, 2016: Special Master recommendations filed.

Nov. 21, 2017: District Court orders the parties to mediate the recommendations.

Jan. 19, 2018: District Court enters a Final Order setting out remedial orders comprising its comprehensive injunction.

Jan. 19, 2018: Defendants file notice of appeal from the Final Order.

Oct. 18, 2018: Fifth Circuit affirms in part and denies in part the Final Order both in relation to its liability findings and remedial orders.

Nov. 20, 2018: District Court enters an amended Final Order implementing the Oct. 18, 2018 instructions from Fifth Circuit.

Nov. 28, 2018: Defendants file notice of appeal from the amended Final Order.

July 8, 2019: Fifth Circuit enters an opinion approving in part and reversing in part the amended Final Order.

July 30, 2019: Fifth Circuit issues its mandate. The remedial orders take effect.

### Implementation of the remedial orders

Oct. 18, 2019: Plaintiffs move to show cause regarding violation of the injunction relating to foster group homes and group homes providing 24-hour awake-night staff.

Oct. 21, 2019: District Court grants the motion to show cause regarding 24-hour awake-night staff at foster group homes.

Nov. 5, 2019: After a hearing, District Court enters an order finding contempt of the 24-hour supervision order and placing certain requirements on the State as to foster group homes and relocation of children.

Nov. 7, 2019: District Court enters an order of contempt against the State in relation to foster group homes.

Dec. 5, 2019: State files a notice of appeal from the contempt order and injunctive order. In its appeal, it challenges only the portion of the contempt order that required it to seek court approval before relocating a child to comply with the 24-hour supervision order. It does not challenge the contempt finding itself.

Dec. 17, 2019: District Court enters the parties' stipulation as to caseworker child caseload range guidelines to be implemented in lieu of a formal workload study.

July 2, 2020: Plaintiffs move to show cause as to why the State should not be held in contempt based on performance data in the monitors' periodic reports.

July 29, 2020: District Court grants the motion to show cause and sets a hearing.

Nov. 6, 2020: Fifth Circuit reverses part of Nov. 7, 2019 order requiring the State to seek court approval before moving children, as beyond the mandate.

Dec. 18, 2020: District Court finds the State in contempt.

Jan. 10, 2022: Expert Panel report filed in relation to Children Without Placements (CWOP) and remedial recommendations. The parties jointly appointed the panel, the costs of which were paid by class counsel.

Mar. 12, 2022: Monitors submit report regarding sex trafficking and other improprieties at The Refuge, a licensed facility for formerly sex-trafficked girls.

May 4, 2022: Monitors submit update regarding The Refuge.

June 6, 2022: Monitors submit additional update regarding The Refuge.

Oct. 5, 2023: Plaintiffs move to show cause based on performance data in the monitors' periodic reports. Focus is deficient investigative practice within the Provider Investigations unit; lack of adequate safety oversight in administration of psychotropic medications; and high child caseloads exacerbated by the CWOP crisis.

Oct. 25, 2023: District Court grants motion to show cause and sets a hearing.

Nov. 1, 2023: Plaintiffs file third amended motion to show cause.

Dec. 4-6, 2023: Evidentiary hearing is held on third motion to show cause.

Feb. 13, 2024: State files a Rule 60(b) motion for relief from judgment seeking partial exit from injunction. Motion covers only some remedial orders and remains pending.

Apr. 15, 2024: District Court finds HHSC Commissioner in contempt for deficient practices in Provider Investigations Unit of HHSC. Court reserves ruling on the remaining contempt allegations.

Apr. 16, 2024: State files a notice of appeal from this third contempt finding.

Apr. 17, 2024: Fifth Circuit orders an administrative stay of the contempt order and related court proceedings.

Oct. 11, 2024: Fifth Circuit reverses the contempt finding and reassigns the case.

Feb. 11, 2025: Fifth Circuit denies plaintiffs' request for *en banc* review. Earlier that day, the monitors filed an update for the court regarding recent child fatalities in the State foster care system, including an 11-year-old autistic boy who died in a movie theater after state-licensed caregivers provided no medical care for his outcries of serious abdominal distress.