IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| M.D., by her next friend, Sarah R. Stukenberg, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:11-CV-00084 |

**DEFENDANTS' ADVISORY REGARDING INFORMATION REQUESTED BY THE COURT AT THE OCTOBER 21, 2026 HEARING**

At the close of the evidentiary hearing on October 21, 2026, the Court asked DFPS Commissioner Audrey O'Neill for two sets of data: (1) the data behind her testimony that approximately 98% of children in community-based-care regions have caseworkers carrying 20–21 cases or fewer, Hr'g Tr. (Dkt. 1721) 268:3–13; and (2) figures showing how many master caseworkers DFPS has hired and how many are carrying caseloads, *id.* at 270:2–272:6. Defendants file this advisory to provide both sets of data.

***Caseloads.*** In 2019, the agencies agreed to "use as a guideline 14–17 children per conservatorship caseworker." Dkt. 772 at 1. The order directing the agencies to use that guideline made clear that the guideline "shall not be used or interpreted as

a 'caseload cap' or an 'enforced caseload range.'" *Id.* at 2 (citing *M.D. by Stukenberg v. Abbott* ("*Stukenberg I*"), 907 F.3d 237, 273 n.45, 274–81 (5th Cir. 2018)).

The table below reports the number of caseworkers carrying caseloads below, within, and over that guideline as of October 21, 2026.[1] Statewide, 94% of caseworkers carry 17 or fewer cases, and 99.5% (1,479 of 1,486) carry 20 or fewer cases.[2] In regions with community-based care, ***100%*** of the children in DFPS's permanent managing conservatorship (4,107 of 4,107) are assigned to a primary caseworker who carries 20 or fewer cases—a figure even *higher* than Commissioner O'Neill's estimate of 98%. Declaration of Audrey O'Neill at ¶ 3; Hr'g Tr. 268:3–9. DFPS has concentrated its master caseworkers in Regions 3E (Empower) and 8A (Belong). As a result, 100% and 98% of caseworkers in those regions, respectively, now carry 20 or fewer cases.

**Conservatorship Caseworkers by Caseload, as of October 21, 2026**

| Region | 13 or Fewer | 14–17 | 18–20 | 21 or More | Total | 17 or Fewer | 20 or Fewer |
|---|---|---|---|---|---|---|---|
| **Statewide** | 843 | 551 | 85 | 7 | 1,486 | **94%** | **99%+** |
| **Legacy Regions** | 579 | 135 | 21 | 3 | 738 | **97%** | **99%+** |
| Region 7 | 246 | 13 | 0 | 0 | 259 | 100% | 100% |
| Region 9 | 40 | 8 | 0 | 0 | 48 | 100% | 100% |

[1] The figures reflect conservatorship caseworkers—excluding master caseworkers (reported separately below)—with primary case assignments by the number of cases assigned. Consistent with Remedial Order 35, caseloads are counted on a child-only basis; each child is one case. Declaration of Audrey O'Neill at ¶ 2; *see* Dkt. 606 at 7.

[2] Of the seven caseworkers who carry more than 20 cases, three are in legacy regions and carry 21, 22, and 23 cases, respectively; three are in Region 8A and carry 21 cases each; and one is in Region 2 and carries cases only for young adults in extended foster care, not the plaintiff class. Declaration of Audrey O'Neill at ¶ 4.

| Region | 13 or Fewer | 14–17 | 18–20 | 21 or More | Total | 17 or Fewer | 20 or Fewer |
|---|---|---|---|---|---|---|---|
| Region 10 | 35 | 0 | 0 | 0 | 35 | 100% | 100% |
| Region 11 | 119 | 31 | 7 | 1 | 158 | 95% | 99%+ |
| Region 6A | 72 | 76 | 12 | 2 | 162 | 91% | 99% |
| Region 6B | 67 | 7 | 2 | 0 | 76 | 97% | 100% |
| **SSCC Regions** | 264 | 416 | 64 | 4 | 748 | **91%** | **99%+** |
| Region 1 | 9 | 45 | 1 | 0 | 55 | 98% | 100% |
| Region 2 | 21 | 39 | 0 | 1 | 61 | 98% | 98% |
| Region 3E | 46 | 87 | 26 | 0 | 159 | 84% | 100% |
| Region 3W | 24 | 93 | 7 | 0 | 124 | 94% | 100% |
| Region 4 | 64 | 30 | 5 | 0 | 99 | 95% | 100% |
| Region 5 | 44 | 17 | 1 | 0 | 62 | 98% | 100% |
| Region 8A | 14 | 86 | 24 | 3 | 127 | 79% | 98% |
| Region 8B | 42 | 19 | 0 | 0 | 61 | 100% | 100% |

***Master caseworkers.*** The Court also asked whether the master caseworkers are carrying caseloads rather than being deployed "in name only." Hr'g Tr. 271:14–272:3. They are. As the tables below show, of the 99 master-caseworker positions DFPS is now funded to fill, 83 are filled and 68 of those master caseworkers are deployed to conservatorship work. Of those 68 master caseworkers, 62 carry primary caseloads, three are assigned as secondary workers on cases, two are new hires who don't yet have primary assignments, and one is a supervisor. Every one of those 62 master caseworkers carries 17 or fewer cases. Those caseworkers are deployed where needed: 41 are in SSCC regions (34 of them in Regions 3E and 8A), and 21 are in legacy regions (10 of them in Region 6A).

**Master-Caseworker Positions and Assignments, as of October 25, 2026**

| Master-Caseworker Positions | Number |
|---|---|
| **Positions Authorized** | **99** |
| Vacant | 16 |
| **Filled** | **83** |
| Deployed to Conservatorship | 68 |
| Carrying Primary Caseloads | 62 |
| Secondary Assignments on Cases | 3 |
| Newly Hired | 2 |
| Supervisor | 1 |
| Deployed to Family-Based Safety Services | 10 |
| On Leave | 3 |
| In Training | 2 |

**Master Caseworkers by Region and Caseload, as of October 25, 2026**

| Deployment Region | Master Caseworkers Carrying Primary Caseloads | 13 or Fewer | 14–17 | 18–20 | 21 or More |
|---|---|---|---|---|---|
| **SSCC Regions** | **41** | **17** | **24** | **0** | **0** |
| Region 1 | 6 | 3 | 3 | 0 | 0 |
| Region 3E | 15 | 7 | 8 | 0 | 0 |
| Region 8A | 19 | 7 | 12 | 0 | 0 |
| Region 8B | 1 | 0 | 1 | 0 | 0 |
| **Legacy Regions** | **21** | **19** | **2** | **0** | **0** |
| Region 6A | 10 | 9 | 1 | 0 | 0 |
| Region 6B | 6 | 6 | 0 | 0 | 0 |
| Region 7 | 3 | 2 | 1 | 0 | 0 |
| Region 11 | 2 | 2 | 0 | 0 | 0 |
| **Statewide** | **62** | **36** | **26** | **0** | **0** |

Date: November 9, 2026

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Kimberly Gdula*
**KIMBERLY GDULA**
State Bar No. 24052209
Southern District No. 10092074
Chief
General Litigation Division

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2120
(512) 370-0667 – Fax
kimberly.gdula@oag.texas.gov

ATTORNEYS FOR DEFENDANTS

*/s/ Allyson N. Ho*
**ALLYSON N. HO**
*Attorney-in-Charge*
State Bar No. 24033667
Southern District No. 1024306
**ELIZABETH Y. RYAN**
State Bar No. 24067758
Southern District No. 1062438
**STEPHEN J. HAMMER**
State Bar No. 24116477
Southern District No. 3963953
**SAVANNAH S. HUNDT**
State Bar No. 24129020
Southern District No. 3844454
**BRYSTON C. GALLEGOS**
State Bar No. 24117245
Southern District No. 3993242

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201
(214) 698-3100
(214) 571-2900 – Fax
aho@gibsondunn.com
lryan@gibsondunn.com
shammer@gibsondunn.com
shundt@gibsondunn.com
bgallegos@gibsondunn.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on November 9, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the electronic case filing system, which automatically provided notice to all attorneys of record.

*/s/ Allyson N. Ho*
Allyson N. Ho