# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| M.D., b/n/f Sarah R. Stukenberg, et al.,<br><br>Plaintiffs,<br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:11-CV-00084 |

**DECLARATION OF VIOLA P. MILLER**

1. My name is Viola Miller. I am competent to make this declaration. The facts stated in this declaration are within my personal knowledge, are true and correct, and would be admissible in evidence. This declaration is in support of Plaintiffs' Motion to Supplement the Record.

2. I am an expert in child welfare reform. I have been involved in this case since 2012 and have testified four times. Most recently I testified as a qualified expert at the October 20 and 21, 2026 hearing in this case.

3. Essentially all my 40-plus years of professional experience have involved working with and advocating on behalf of children and families. That includes 15 years I spent working in state government leadership positions to reform the child welfare systems in Tennessee and Kentucky. I have extensive experience working in partially privatized foster care systems and in running a foster care system that is under court supervision and monitoring due to a consent decree.

4. I have reviewed the Texas Sunset Advisory Commission's 2026 Staff Report on the Texas Department of Family and Protective Services that was released November 6, 2026. This report contains new, vital information about the health of and durability, or lack thereof, of reforms to the Texas Permanent Managing Conservatorship ("PMC") system. The Report had not been released at the time that I prepared my report for the recent evidentiary hearing before the Court or when I testified at the hearing.

5. Many findings in the Report stand out as concerning and further support my opinion that Texas PMC children will benefit from the Court keeping most or all of the remedial orders and monitoring in place at this time. For one, the report recognizes that DFPS has limited insight into the private providers' staffing challenges, key personnel data, and other information that directly affects child safety. This is partly due to lack of integration of IT systems, which can lead to children falling through the cracks. DFPS cannot identify struggling private agencies in real time, which puts children in danger and allows the State to remove itself from its necessary oversight role.

6. Second, Texas often relies heavily on its master conservatorship workers to fill important gaps in the services private providers give around the state. But the Report indicates that there is an insufficient number of master conservatorship workers within DFPS. DFPS cannot rely on those experienced workers to plug the holes in its system. It must embrace systemic reform efforts to lift up the system as a whole.

7. The 143-page Report contains extremely useful and new information. It provides the latest perspective on challenges within DFPS and its path towards privatization, and it will be a helpful tool and resource for the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. *See* 28 U.S.C. § 1746.

Executed on November 11, 2026 in Georgetown, Kentucky.

Viola P. Miller
Viola P. Miller